SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Suzanne D.T. Lovett (SBN 2492015)

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000
Van C. Durrer II (Admitted in NY)

Counsel for RKF, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :    Chapter 11
In re                                 :
                                      :    Case No. 10-11728 (AJG)
ROCK & REPUBLIC ENTERPRISES, INC., et al.,[1] :
                                      :
            Debtors.                  :    (Motion for Joint
                                      :     Administration Pending)
                                      :
------------------------------------- x

**EMERGENCY MOTION OF RKF, LLC TO TRANSFER VENUE
OF THE DEBTORS' BANKRUPTCY CASES TO THE UNITED STATES
BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

RKF, LLC and its affiliates (collectively, "RKF"), a creditor of the above-captioned debtors (the "Debtors") and a party in interest herein, hereby moves this Court, on an expedited basis, for entry of an Order pursuant to 28 U.S.C. § 1408 and 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") transferring venue of these chapter 11 cases to the United States Bankruptcy Court for the Central District of California. In support

---

[1] The other debtor in these bankruptcy cases is Triple R, Inc. (Case No. 10-11729 (AJG)).

thereof, RKF submits the declaration of Richard Koral (the "Koral Declaration"), which is attached hereto as Exhibit A, and respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1.   There is no jurisdictional basis for these cases to be filed in the Southern District of New York. Therefore, these cases must be transferred to a proper venue. The Central District of California is the only proper venue because it is the place of incorporation of the Debtors, the location of their principal place of business, and the situs of their principal assets and books and records. New York is merely the location of an office and a showroom—this is an insufficient basis to ground venue.

2.   Moreover, even assuming venue were proper in New York, venue should still be transferred to the Central District of California in the interest of justice and for the convenience of the parties pursuant to Bankruptcy Rule 1014(a)(1). California provides the most convenient and appropriate forum to almost all parties in interest for the following reasons: (1) RKF, the Debtors' largest secured creditor (cited as the "primary reason" for the bankruptcy filing), is based in the greater Los Angeles area; (2) sixteen of the Debtors' top twenty-five unsecured creditors are based in California; (4) most of the premises leased by the Debtors are located in California; and (5) nine of the fourteen litigation matters listed by Debtors in their schedules are filed in California courts. Clearly, the Central District of California would be the most convenient venue. Consequently, by this Motion, RKF seeks the entry of an order transferring the case to the Bankruptcy Court for the Central District of California.

## II. JURISDICTION

3. This Court has jurisdiction over matters involving voluntary petitions pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (C). The Court has authority to grant the relief requested pursuant to 28 U.S.C. §§ 1408 and 1412, and Bankruptcy Rule 1014.

## III. STATEMENT OF FACTS

4. On April 1, 2010 (the "Petition Date"), the Debtors filed bankruptcy petitions pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5. It appears that the sole basis for the venue of the Debtors' bankruptcy cases in New York is one showroom and one office located in New York. However, both of the Debtors are incorporated in the state of California. See Corporate Resolution, Voluntary Petition of Rock & Republic Enterprises, Inc.; Corporate Resolution, Voluntary Petition of Triple R, Inc. The Debtors' center of business is in California. And, on their respective petitions, each of the Debtors lists their "Location of Principal Assets of Business Debtor" in San Pedro, California.

6. According to Debtors' corporate filings with the California Secretary of State the mailing address (commonly understood as the principal place of business), the Registered Agent address, and the officer's address are all 3523 Eastham Drive, Culver City, California 90232. Copies of these corporate filing as printed from California Secretary of State website and LexisNexis are attached hereto as Exhibit B.[2]

---

[2] Given that these documents are readily available on reputable websites, the Court may take judicial notice of these documents under Federal Rule of Evidence 201.

7. According to the Affidavit of Geoffrey D. Lurie Pursuant to Local Rule 1007-2 In Support of First-Day Motions and Applications (the "Lurie Affidavit") filed with the Bankruptcy Court, the RKF loan was the primary reason for the bankruptcy filing. See Lurie Affidavit, ¶ 11. RKF is based in the greater Los Angeles area. Thus, the case effectively centers on the Debtors and RKF, both of which are based in California.

8. Of Debtors' top twenty-five unsecured creditors, sixteen are based in California, while only two are based in New York. See Lurie Affidavit, Schedule 1. The vast majority of the remaining creditors listed in the creditor matrix of each of the petitions are from California. Additionally, according to the Debtors, three of its four secured creditors are based in Los Angeles, California. See Lurie Affidavit, Schedule 2.

9. Additionally, on Schedule 4 to the Lurie Affidavit, the Debtors list all premises where Debtors are tenants or sublandlords. Five of the six listed premises, with respect to Rock & Republic Enterprises ("R&R"), are located in Los Angeles, California and only one is in New York. Of the four Triple R, Inc. ("TR") premises, three are in the greater Los Angeles area, while only one is in New York.

10. All of the Debtors' substantial assets, as well as their books and records, are located in the greater Los Angeles area. See Schedule 5, Lurie Affidavit. In addition, Michael Ball (the Debtors' Chief Executive Officer) resides in California, and the accountants from Moss-Adams LLP (the Debtors' accountant) that provide services to the Debtors are based in California. See id. Furthermore, the Lurie Affidavit indicates that the Debtors operate three retail stores. Lurie Affidavit, ¶ 7. On information and belief, those three retail stores refer to the first three locations of the Debtors' substantial assets as set forth in Schedule 5 to the Lurie Affidavit (the 103 S. Robertson Blvd. location, Promenade at Camarillo, and the Dessert Hills

Premium Outlets).  See Koral Declaration, ¶ 6.  Thus, it appears that the Debtors do not have any substantial assets or any retail presence in New York.

11.     Finally, as reflected in Schedule 6 of the Lurie Affidavit, nine of the fourteen litigation matters involving the Debtors are being heard in California.

### IV.  LEGAL ANALYSIS

A.     VENUE OF THESE BANKRUPTCY CASES IS IMPROPER DUE TO THE LACK OF PRINCIPAL PLACE OF BUSINESS IN NEW YORK

12.     Proper venue is determined by subsection (1) of 28 U.S.C. 1408, which sets forth the following grounds for venue: domicile, residence, principal place of business or principal place of assets.  If venue is improper (and barring dismissal), the court must transfer the cases to a proper venue pursuant to Bankruptcy Rule 1014(a)(2).  The Debtors' venue choice of New York does not withstand scrutiny as New York is none of the domicile, residence, principal place of business nor the location of the principal assets of either Debtor.

13.     It is undisputed from the resolutions attached to the Debtors' petitions that the Debtors are incorporated in California.  The Debtors have consistently listed their principal place of business as being in California.  For example, the preamble to the Intellectual Property Security Agreement, which was executed in connection with the RKF loan, indicates that R&R's principal place of business is 3525 Eastham Drive, Culver City, California 90232.  See Koral Declaration, ¶ 3.  In fact, for the Debtors to change the location of their principal place of business, they would have been required to obtain approval of the board of directors and notify RKF—the Debtors did neither.  See Koral Declaration, ¶¶ 4-5.  Finally, the Debtors' petitions concede that the principal assets are located in California, along with their books and records.

14. The mere fact that the Debtors listed a New York address on the petition and checked a box that contradicts the clear jurisdictional facts is insufficient to ground venue on the basis of residence or domicile. See In re Suzanne de Lyon, Inc., 125 B.R. 863, 866 (Bankr. S.D.N.Y. 1991) (noting that references to "domicile" and "residence" do not apply to corporations, and only principal place of business and principal place of assets should be considered for determining whether venue is proper); In re J & L Plumbing & Heating, Inc., 186 B.R. 388, 390-91 (Bankr. E.D. Pa. 1995) (noting that to the extent "domicile" and "residence" under 28 U.S.C. § 1408 apply to corporations, these terms should be understood as the corporation's state of incorporation or principal place of business).

B. EVEN IF THE COURT FINDS VENUE TO BE PROPER UNDER 28 U.S.C. § 1408, THE INTEREST OF JUSTICE AND THE CONVENIENCE OF THE PARTIES DICTATE THAT THE COURT TRANSFER THESE CASES

15. Even assuming venue were proper in New York, the Court should still transfer venue of the Debtors' cases to the Central District of California. Bankruptcy Rule 1014 and 28 U.S.C. § 1412 both provide a mechanism for transfer to another district if the Court determines that the transfer is in the interest of justice or for the convenience of the parties.

**(a) Interest of Justice**

16. "The 'interest of justice' … is a broad and flexible standard which must be applied on a case by case basis." In re Eclair Bakery Ltd., 255 B.R. 121, 141 (Bankr. S.D.N.Y. 2000). When considering a transfer of venue, this Court has previously found that flagrant forum shopping is not in the "interest of justice." Id.

17. Moreover, the judges of this Court have previously found that the "expectations of the parties" should be considered when determining whether venue is appropriate. See In re Washington, Perito & Dubuc, 154 B.R. 853, 861 (Bankr. S.D.N.Y. 1993). In Washington, the court analyzed and determined venue, and ultimately transferred venue, in light of the "location"

of the debtor's principal assets (accounts receivable) while performing a venue analysis in connection with the perfection of a security interest under the Uniform Commercial Code in same. Id. Applying the Washington analysis here, with Debtors' extensive Southern California contacts, it is doubtful that any entity involved with these bankruptcy cases would "expect" that the Debtors would file bankruptcy in New York.

18. Another factor considered by courts in deciding whether the "interest of justice" is whether either forum (the current or prospective) has an interest in seeing the bankruptcy adjudicated in its forum. See, e.g., In re Enron Corp., 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004). As shown above, New York's ties to the Debtors are tenuous, at best. On the other hand, California has a significant interest in these bankruptcy cases. A large number of the Debtors' creditors, leasehold interests, litigation matters and assets are based in California.

**(b) Convenience of the Parties**

19. As noted by the Court of Appeals for the Second Circuit, "[v]enue is a forum limitation imposed for the convenience of the parties." United States of America v. Laird, 412 F.2d 16, 20 (2d Cir. 1969). In determining the "convenience of the parties," the Bankruptcy Court for the Southern District of New York has considered the factors set out by the Fifth Circuit Court of Appeals in In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247 (5th Cir. 1979). See, e.g., In re Enron, 274 B.R. 327 (Bankr. S.D.N.Y. 2002), abrogated on other grounds by 317 B.R. 629. The factors considered are (i) the proximity of creditors of every kind to the court; (ii) the proximity of the debtor to the court; (iii) the proximity of the witnesses necessary to the administration of the estate; (iv) the location of the assets; and (v) the economic administration of the estate.

20. As the facts indicate above, all of these factors weigh in favor of transferring the chapter 11 cases to the Central District of California. The vast majority of the Debtors'

unsecured and secured creditors are located in the Southern California. The majority of the litigation matters involving the Debtors are being heard in California. The Debtors' headquarters and substantial assets are located in California. Most of the leasehold interests are located in California. Furthermore, the Debtors' petitions indicate that that the location of its principal assets lie in California. Moreover, key employees who may be called upon to testify in this matter or otherwise appear at hearings are likely based out of the Debtors' nerve center in California. Thus, Southern California is closer, by a large margin, to every aspect of the Debtors' chapter 11 cases as compared to the Southern District of New York.

21. Transferring the venue of the Debtors' cases to California will alleviate the considerable time and expense that will be incurred by both the Debtors and their creditors if forced to travel across the country to New York. Additionally, the transfer of these cases will promote judicial economy, as the Debtors, its assets and its substantial creditors are all located in California.

22. In light of the headquarters of the Debtors (in Southern California) and the increased proximity of the vast majority of the creditors to California, as opposed to New York, both the creditors and Debtors will have more efficient access to the proceedings if the cases are transferred to the Central District of California. Accordingly, the costs to the creditors, the Debtors, and the estates, in terms of both time and money, will be significantly lowered.

## V. CONCLUSION

23. The foregoing demonstrates that venue in this district is improper due to the lack of any jurisdictional basis in New York. However, even if the Court finds venue proper, the convenience of the parties and the interest of justice require that these chapter 11 cases be transferred to the most appropriate venue, the Central District of California.

## VI.  WAIVER OF MEMORANDUM OF LAW

24. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein and the relevant citations of law have already been cited herein, RKF respectfully requests that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## VII.  NOTICE

25. Notice of this Motion has been given to (a) the Debtors, (b) the United States Trustee for the Southern District of New York; (c) The CIT Group/Commercial Services, Inc., and (d) the parties listed on the list of top twenty five unsecured creditors filed by the Debtors. RKF submits that no other or further notice need be provided.

WHEREFORE RKF respectfully requests that the Court transfer the Debtors' cases to the Bankruptcy Court for the Central District of California where venue would be appropriate under 28 U.S.C. § 1408. RKF further requests such other and further relief as is just and proper.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Dated: New York, New York
April 5, 2010

By: /s/ Suzanne D.T. Lovett
Suzanne D.T. Lovett
Four Times Square
New York, New York 10036
(212) 735-3000

-and-

Van C. Durrer II
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000