SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Suzanne D.T. Lovett  (SBN 2492015)

300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000
Van C. Durrer II (Admitted in NY)

Counsel for RKF, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| ROCK & REPUBLIC ENTERPRISES, INC., <u>et al.</u>,[1] | ) Case No. 10-11728 (AJG) |
|  | ) |
| Debtors. | ) (Motion for Joint Administration |
|  | ) Pending) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF RKF, LLC TO APPLICATION IN SUPPORT OF ENTRY OF
INTERIM ORDER AUTHORIZING DEBTORS TO ENTER INTO FACTORING
AGREEMENT AND AUTHORIZING THE PURCHASE AND SALE OF ACCOUNTS
WITH PRIORITY OVER ADMINISTRATIVE EXPENSES
AND SECURED BY LIENS ON PROPERTY OF THE ESTATE PURSUANT
TO SECTIONS 363 AND 364 OF THE BANKRUPTCY CODE**

RKF, LLC and its affiliates (collectively, "<u>RKF</u>") hereby object to the

Application in Support of Entry of Interim Order Authorizing Debtors to Enter into Factoring

Agreement and Authorizing the Purchase and Sale of Accounts with Priority over Administrative

Expenses and Secured by Liens on Property of the Estate Pursuant to Sections 363 and 364 of

the Bankruptcy Code (the "<u>Application</u>") filed by Rock & Republic Enterprises, Inc. ("<u>R&R</u>")

---

[1] The other debtor in these bankruptcy cases is Triple R, Inc. (Case No. 10-11729 (AJG)).

and Triple R, Inc. ("Triple R"), the above-captioned debtors and debtors in possession (collectively, the "Debtors").

## PRELIMINARY STATEMENT

1. By the Application, the Debtors seek entry of an interim order (the "Interim Order") that, among other things, authorizes the Debtors to engage in a factoring arrangement with The CIT Group/Commercial Services, Inc. (the "Lender") and grants certain liens and superpriority claims to the Lender in connection therewith (the "DIP Factoring Arrangement"). RKF hereby objects to the Application on a number of grounds.

2. First, as a preliminary matter, RKF has filed a motion to transfer the Debtors' bankruptcy cases to the Central District of California, the venue in which the Debtors are incorporated and where the Debtors' principal place of business and principal assets are located.

3. Second, there is simply no emergency requiring immediate approval of the proposed DIP Factoring Arrangement. During the interim period and while RKF pursues discussions with the Debtors, RKF does not object to the Debtors continuing the applicable factoring arrangement with the Lender under the terms and conditions that were in place immediately before the Debtors' bankruptcy filings. RKF is not driven by any intent to hinder or harm the Debtors' business operations, but is merely seeking to protect its interests.

4. Finally, to the extent this court does not transfer venue and is inclined to adjudicate these chapter 11 cases, RKF objects to the Application on the grounds that (i) the Application is not well founded because the Debtors cannot sustain their burden to prove that they were unable to obtain financing on better terms, and (ii) RKF lacks adequate protection (and hereby demands that adequate protection of its interests be supplied) in the context of the DIP

Factoring Arrangement. In addition, several of the provisions in the Interim Order are simply inappropriate for the reasons discussed in more detail below.

5. Accordingly, (as more fully described below), RKF respectfully requests that the Court deny approval of the DIP Factoring Arrangement on an interim basis or, alternatively, condition the interim approval of the DIP Factoring Arrangement as suggested herein.

**ARGUMENT**

6. The Debtors do not satisfy their burden under Section 364 of title 11 of the United States Code (the "Bankruptcy Code") demonstrating that less expensive and less restrictive financing is unavailable to them. Bankruptcy Code Section 364(c) requires the Debtor to demonstrate the "unavailability of less intrusive credit." In re Ames Dep't Stores, Inc., 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990). On this issue, "it is important for a bankruptcy court to make a qualitative assessment of the credit transaction in light of readily available alternatives before granting *any* [Bankruptcy Code section] 364 motion." In re Aqua Assocs., 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991).

7. In order to obtain post petition secured financing under Bankruptcy Code Section 364(c), a debtor bears the burden of demonstrating, among other things, that: (i) it is unable to obtain unsecured credit; (ii) the credit transaction is necessary to and in fact does preserve the assets of the estate; and (iii) the terms of the proposed financing are fair, reasonable and adequate, given the circumstances of the debtor-borrower and the proposed lender. See In re Aqua Assocs., 123 B.R. at 196 ("credit should not be approved when it is sought for the primary benefit of a party other than the debtor . . . ."); In re Ames Dep't Stores, Inc., 115 B.R. at 39

("[A] proposed financing will not be approved where it is apparent that the purpose of the financing is to benefit a creditor rather than the estate.").

8.  In the Application, Debtors assert that they "canvassed the available credit markets but [were] unable to obtain factoring or financing from any other source." See Application, ¶9. Contrary to Debtors' assertions, RKF—which has a longstanding financing relationship with the Debtors—was never approached with any proposal to finance the Debtors in the context of these chapter 11 cases. In fact, RKF was surprised to learn of the chapter 11 filing because, notwithstanding the maturity of the Debtors' obligations to RKF, RKF had continued to work cooperatively with the Debtors in connection with a recent extension.

9.  The Debtors further assert that the terms and conditions of the Factoring Arrangement "are fair and represent the best factoring and financing option available under the circumstances." Id. However, were the Lender, RKF and the Debtors given the opportunity (of more than one business day) to negotiate an arrangement, it is likely that collectively they would be able to create a better DIP Factoring Arrangement for the Debtors. Accordingly, RKF urges the Court to defer approval of the DIP Factoring Arrangement for a brief time to permit the parties to engage in such discussions.

10. As noted above, RKF intends only to protect its interests and is not motivated by any desire to interfere with the Debtors' business operations. While RKF pursues discussions with the Debtors regarding alternatives to the proposed DIP Factoring Arrangement, RKF does not object to the Debtors continuing the factoring arrangement with the Lender that was in effect immediately before the Debtors' bankruptcy filings, under the terms and conditions set forth in the letter from the Lender to R&R dated January 25, 2010, a copy of which is included in Exhibit A to the Application (the "Prepetition Factoring Arrangement"). Proceeding

under the Prepetition Factoring Arrangement in the short term will allow the Debtors to continue their operations while the parties explore alternatives, and will therefore mitigate any perceived urgency for the Court to consider the proposed DIP Factoring Arrangement. It is noteworthy that the Debtors were able to secure such arrangements just a few short weeks before commencing chapter 11 on better economic terms and without the additional collateral that the Debtors now seek to provide.

11. Notwithstanding the above, if the court approves the DIP Factoring Arrangement on an Interim Basis, there are a number of provisions in the Interim Order that are clearly not in the best interests of Debtors. Consequently, RKF objects to the following provisions of the Interim Order and suggests that they be changed:[2]

- Default Notice. The Interim Order provides only five days notice with respect to certain Events of Default—it should provide for at least five *business* days notice. See ¶ 17.

- Investigation Period. The Interim Order provides only a 45-day investigation period before the Debtors are bound by admissions and releases with respect to the prepetition obligations owing to the lender under the DIP Factoring Arrangement. See Interim Order, ¶27. The Interim Order should provide at least a 60-day period from the appointment of the official committee of unsecured creditors.

- Noticed Parties. The Interim Order should include RKF, the largest secured lenders, among the Noticed Parties. See Interim Order, ¶¶12, 17.

- Amount of Interim Financing. The Application and the Interim Order are inconsistent concerning the amount of interim financing requested by the Debtors. The Application indicates $7.5 million is necessary. See Application, ¶ 11. However, the Interim Order indicates that only $3.0 million is needed during the interim period. Interim Order, ¶2. The Debtors should clarify their request.

---

[2] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Interim Order. For convenience, RKF has annexed hereto a blacklined form of Interim Order containing RKF's suggested changes.

5

- Illusory Commitment. Under the DIP Factoring Arrangement, the Lender has the discretion to make loans, advances and other financial accommodations, rendering the commitment to provide financing illusory. See Interim Order, ¶2.

- Priority of Adequate Protection Claim. The Interim Order should provide that claims for adequate protection for the Lender are subject to all valid prepetition liens in the same manner as the post-petition lending claims. See Interim Order, ¶3.

- RKF's Collateral. In order to provide adequate protection for RKF's interest in the Debtors' collateral, the Debtors should not be permitted to grant security interests in such collateral to the Lender under the DIP Factoring Arrangement. The Debtors' unsupported allegations regarding the value of the Collateral are simply insufficient to prove adequate protection of RKF's interests. In the event that the Court determines to approve the Debtors' proposed grant of a junior lien in RKF's collateral, RKF should be granted stay relief in the same manner and at the same times as the Lender in any common collateral. See Interim Order, ¶17(e).

- Adequate Protection Payments. In order to provide adequate protection for RKF's interest in the Debtors' collateral, the Interim Order should require periodic payments of interest, fees and expenses to RKF for diminution in value of RKF's interests in Pre-Petition Collateral. See ¶3. The Debtors' unsupported allegations regarding the value of the Collateral are simply insufficient to prove adequate protection of RKF's interests.

- Revenue Financial Covenant. The Debtors have not offered any evidence to prove that they expect to comply with the proposed financial covenant requiring Debtors to maintain a revenue threshold during the first four weeks in chapter 11. See Interim Order, ¶16 (h).

- Material Adverse Change. The definition of material adverse change (prompting an Event of Default) is overly broad and vague and renders the financing commitment uncertain at best. The Interim Order should limit this definition to more specific events. See Interim Order, ¶16 (i).

- Inspection Rights, Reporting. The Interim Order should provide RKF, the largest secured lenders, with the same inspection rights and copies of all financial reports provided to the proposed lender. See Interim Order, ¶20.

- Use of Proceeds. The Interim Order should specify that the proposed lender's use of Proceeds is subject to valid prepetition liens. See Interim Order, ¶¶23, 25.

- Set-Off Rights. The Interim Order should specify that the Lender's security interests in all of Debtors' presently owned and hereafter acquired property, especially receivables, are subject to valid rights of set-off. See Interim Order, ¶5.

## WAIVER OF MEMORANDUM OF LAW

12. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein and the relevant citations of law have already been cited herein, RKF respectfully requests that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

## NOTICE

13. Notice of this Objection has been given to (a) the Debtors, (b) the United States Trustee for the Southern District of New York; and (c) The CIT Group/Commercial Services, Inc. RKF submits that no other or further notice need be provided.

WHEREFORE, RKF respectfully requests that the Court deny the Application. To the extent that the Court is inclined to approve the Application, RKF requests that any order on the Application address the issues raised above by RKF.

Dated: New York, New York
      April 5, 2010

                      SKADDEN, ARPS, SLATE, MEAGHER
                        & FLOM LLP

                By: /s/ Suzanne D.T. Lovett
                      Suzanne D.T. Lovett
                      Four Times Square
                      New York, New York 10036
                      (212) 735-3000

                      -and-

                      Van C. Durrer II[3]
                      300 South Grand Avenue
                      Suite 3400
                      Los Angeles, California 90071
                      (213) 687-5000

---

[3] Admitted in NY.