TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

------------------------------x

| | |
|---|---|
| In re: : | Chapter 11 |
| ROCK & REPUBLIC ENTERPRISES, : INC., et al. | Case No. 10-11728 (AJG) (Jointly Administered) |
| : Debtors. : | |

------------------------------x

**DEBTORS' APPLICATION FOR RETENTION OF MANDERSON SCHAFER & McKINLAY LLP AS SPECIAL CORPORATE COUNSEL TO DEBTORS PURSUANT TO 11 U.S.C. §§327(e), 328(a) AND 1107**

TO: THE HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors in possession herein (collectively, the "Debtors"), by their proposed counsel, Todtman, Nachamie, Spizz & Johns, P.C., submit this Application and the accompanying Affidavit of Chris Manderson, Esq., sworn to on April 5, 2010 (the "Manderson Aff.")

seeking an order pursuant to sections 327(e), 328(a) and 1107 of title 11, United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and S.D.N.Y. Local Bankruptcy Rule 2014-1, authorizing the employment and retention of Manderson, Schafer & McKinlay LLP ("MSM"), a California corporate law firm with offices at 4695 MacArthur Court, Suite 1270, Newport Beach, CA 92660, as special corporate counsel to the Debtors, and respectfully set forth and represent as follows:

## BACKGROUND

1. On April 1, 2010 (the "Petition Date"), the Debtors, which are California corporations, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. The Debtors are continuing in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee of unsecured creditors has been appointed to serve in these cases as of the date of this Application.

4. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. The Debtors are a wholesale and retail apparel company specializing in an avant-garde and distinctive line of clothing. Originally started in 2002 by its Chief Executive Officer, Michael Ball, primarily as an American jeans company, the Debtors have expanded their lines to include high fashion clothing for men, women and children as well as shoes, cosmetics and accessories. The Debtors' merchandise can be found at most high end retail stores such as Nordstrom, Neiman Marcus, Bergdorf Goodman,

Bloomingdales, Lord & Taylor, Harvey Nichols and Saks Fifth Avenue, as well as in small upscale boutiques.

6. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Affidavit of Geoffrey D. Lurie Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions and Applications (the "Lurie Affidavit") which was filed on the Petition Date and which is incorporated herein by reference.

## JURISDICTION

7. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of these cases and this Application in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are sections 327(e), 328(a) and 1107 of the Bankruptcy Code.

## DESCRIPTION OF MSM SERVICES

8. Since March 2009, Chris Manderson, through MSM and its predecessor firm, Pacific Corporate Law Group, has served as R&R's outside general corporate counsel, providing legal services to R&R and its affiliates, including TR. During Mr. Manderson's representation of the Debtors, he has handled high-level strategic matters, as well as ordinary course corporate matters such as vendor contracts and leases.

9. By this Application, the Debtors are seeking to retain MSM to continue performing such services and to work with the Debtors' bankruptcy counsel and Chief Restructuring Officer Geoffrey D. Lurie in these Chapter 11 Cases by providing counsel

on strategic decision-making, on creditor negotiations, and on debt financing or equity transactions pursuant to which R&R will raise working capital during the Chapter 11 cases or ultimately exit bankruptcy. The Debtors do not expect to expand the scope of MSM's retention to encompass any services that would require MSM to appear before the Bankruptcy Court in connection with MSM's representation of the Debtors as special corporate counsel.

## RELIEF REQUESTED

10. By this Application, and pursuant to sections 327(e), 328(a) and 1107 of the Bankruptcy Code, the Debtors seek to employ MSM as special corporate counsel to the Debtors, *nunc pro tunc* to the Petition Date, to perform the legal services described herein. The Debtors believe that MSM and its professionals are well qualified to act as special corporate counsel on behalf of the Debtors in these cases.

## APPLICABLE LEGAL AUTHORITY

11. The Debtors submit that the retention of MSM under the terms described herein is necessary and appropriate under sections 327(e), 328(a) and 1107 of the Bankruptcy Code. With bankruptcy court approval, a debtor in possession has the power to employ attorneys as special counsel pursuant to section 327(e) of the Bankruptcy Code. See Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 622 (2d Cir. 1999). Section 327(e) provides:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interests of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. §327(e).

12. Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. §1107(b).

13. Section 327(e) of the Bankruptcy Code authorizes the retention of an attorney who previously represented a debtor pre-petition, provided that: (a) such retention is for a special purpose; (b) the purpose of the retention is not to conduct the chapter 11 cases; (c) the retention is in the best interests of the estates; and (d) the attorney does not hold any interest adverse to the debtor or its estate respecting the subject of its retention. See 11 U.S.C. §327(e). As detailed below, the Debtors' proposed retention of MSM as special corporate counsel falls squarely within the scope of and purpose for which Congress enacted section 327(e).

14. Under AroChem, the Court must inquire into whether the special counsel holds or represents an interest adverse to the estate "with respect to the matter on which [the special counsel] is to be employed." 11 U.S.C. §327(e). Further, the Second Circuit in AroChem held that since the role of the special counsel is, by definition, limited, the debtor need only show that there is no adverse interest related to that role itself, noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand." AroChem, 176 F.3d at 622 (emphasis in original). See also, Hogil Pharm. Corp. v. Sapir (In re Innomed Labs, LLC), 2008 U.S. Dist. LEXIS 7017, 6-9 (S.D.N.Y. Jan. 28, 2008).

A.  **Special Purpose**

15. Prior to the Petition Date, MSM served as outside general corporate counsel to the Debtors, as discussed above and as detailed in the Manderson Aff.

16. MSM's proposed retention pursuant to section 327(e) of the Bankruptcy Code is for the limited purpose of representing the Debtors as special corporate counsel. The Debtors believe the attorneys at California-based MSM are well qualified to act as special counsel on behalf of the Debtors in this case. The Debtors expect that MSM will continue to provide services to the Debtors respecting corporate matters customarily handled by MSM.

B.  **Conduct of the Cases**

17. MSM's proposed retention is for the discrete services discussed above, and none of the services provided by MSM will constitute conducting or administering the Debtors' bankruptcy proceedings. MSM will not render services typically performed by bankruptcy counsel. Among other things, MSM ordinarily will not be involved in interfacing with this Court and will not be responsible for any of the Debtors' general restructuring efforts except in certain limited circumstances, such as drafting and reviewing necessary corporate agreements. By delineating MSM's role, the Debtors intend to ensure there will be no duplication of services.

18. To minimize the possibility that services provided by MSM will duplicate those provided by other professionals retained by the Debtors, MSM will consult with the Debtors' management and the other professionals retained in these cases, as circumstances may dictate.

C.  **Best Interests of the Estates**

19.  MSM's retention is in the best interests of the Debtors, their estates and creditors. The Debtors engaged MSM prepetition because, among other things, its attorneys have extensive experience with corporate law matters. Based upon its historical representation of the Debtors, MSM has developed a particular understanding of the Debtors' legal needs in these areas, and the issues that are confronting the Debtors relating to these areas. MSM has developed an intimate familiarity with these matters, which leaves MSM uniquely situated to assist the Debtors in providing the services described above.

20.  Accordingly, to replicate MSM's familiarity with the Debtors with new corporate counsel would result in the additional and unnecessary expenditure of both time and money. Courts have recognized the benefits of retaining special counsel under such conditions. See In re Sharon Steel Corp., 156 B.R. 14, 16 (W.D. Pa. 1993) (noting that appointment of special counsel would "eliminate the possibility of derailing reorganization because the expertise and knowledge of pre-petition counsel in the areas of their prior service will be maintained" and "result in significant cost savings"). MSM is best suited to serve as corporate counsel and to assist in ensuring that these cases proceed in an efficient and successful manner. As such, MSM should be retained as the Debtors' special corporate counsel.

D.  **Adverse Interest**

21.  To the best of the Debtors' knowledge, the partners and associates of MSM do not have any connection with the Debtors, their creditors or any other party in

interest, or their respective attorneys, except to the extent set forth in the Manderson Affidavit. MSM has informed the Debtors that it neither holds nor represents any interest adverse to the Debtors or the Debtors' estates.

22. MSM holds no claims against the Debtors for pre-petition services rendered to the Debtors. The Debtors do not believe that MSM has an interest adverse to the Debtors, their creditors or other parties in interest.

23. Where, as here, there is no conflict concerning the subject matter of the proposed special engagement, an application to employ special counsel should be granted. See AroChem, 176 F.3d at 622.

## PROFESSIONAL COMPENSATION

24. Subject to Court approval in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and any administrative order entered by this Court governing compensation in these cases, compensation will be payable to MSM on an hourly basis, plus reimbursement of actual and necessary expenses incurred by MSM.

25. MSM will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the services described above by category and nature of the service rendered. MSM's hourly rates are set at a level designed to fairly compensate MSM for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by MSM from time to time, generally on an annual basis, in January. Currently,

MSM's standard hourly rates are $395 per hour for partners, $350 to $375 per hour for associates, $125 per hour for law clerks, and $150 per hour for paraprofessionals.

26. This Application satisfies the requirements of Bankruptcy Rule 2014(a),[1] Bankruptcy Rule 6003[2] and S.D.N.Y. Local Bankruptcy Rule 2014-1.[3]

## NOTICE

27. Notice of this Application will be given to: (a) the United States Trustee for the Southern District of New York; (b) Arent Fox LLP, proposed counsel to the Official

---

[1] Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327... shall be made only on application of the trustee or committee...The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

[2] Bankruptcy Rule 6003(a) provides that:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding the following:
>
> (a) an application under Rule 2014.

Fed. R. Bankr. P. 6003(a).

[3] Local Bankruptcy Rule 2014-1 provides:

> An application for the employment of a professional person pursuant to §§327 and 328 of the Bankruptcy Code shall state the specific facts showing the reasonableness of the terms and conditions of the employment, including the terms of any retainer, hourly fee, or contingent fee arrangement.

S.D.N.Y. LBR 2014-1.

Committee of Unsecured Creditors; (c) counsel to The CIT Group/Commercial Services, Inc.; (d) counsel to RKF, LLC and (e) all parties that have filed requests for service of papers. The Debtors submit that, under the circumstances, no other or further notice is required.

28.  No previous motion or application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit "A"** with this Application, granting the relief requested in the Application and such other and further relief as may be just and proper.


Dated: April 12, 2010

ROCK & REPUBLIC ENTERPRISES, INC.
and
TRIPLE R, INC.
Debtors and Debtors-In-Possession


By:   s/ Geoffrey D. Lurie
      Geoffrey D. Lurie
      Chief Restructuring Officer

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------x
In re:                              :    Chapter 11

ROCK & REPUBLIC ENTERPRISES,        :    Case No. 10-11728(AJG)
INC., et al.                             (Jointly Administered)
                                    :
            Debtors.
------------------------------x

### AFFIDAVIT OF CHRIS MANDERSON, ESQ. IN SUPPORT OF DEBTORS' APPLICATION FOR RETENTION OF MANDERSON SCHAFER & McKINLAY LLP AS SPECIAL CORPORATE COUNSEL PURSUANT TO 11 U.S.C. §§327(e), 328(a) and 1107

STATE OF CALIFORNIA   )
                      )ss:
COUNTY OF ORANGE      )

Chris Manderson, Esq., being duly sworn, deposes and states:

1. I am an attorney duly admitted to practice law before the courts of the State of California and am a member of the law firm of Manderson Schafer & McKinlay LLP ("MSM") located at 4695 MacArthur Court, Suite 1270, Newport Beach, CA 92660.

254852v1                            1

2. I submit this affidavit in support of the application of Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors in possession herein (the "Debtors"), for entry of an order pursuant to sections 327(e), 328(a) and 1107 of the title 11, United States Code (the "Bankruptcy Code"), authorizing the Debtors to retain and employ MSM as their special corporate counsel.

3. Except as otherwise noted herein, I have personal knowledge of the facts set forth herein.

4. Since March 2009, I have served as R&R's general corporate counsel, first through my previous firm, Pacific Corporate Law Group, and subsequently through MSM, providing legal services to R&R and its affiliates, including TR. During my representation of the Debtors, I have handled high-level strategic matters, as well as ordinary course corporate matters such as vendor contracts and leases. I submit that MSM is well qualified to represent the Debtors as special corporate counsel during the Debtors' Chapter 11 cases.

5. MSM and R&R are party to a retainer agreement dated March 31, 2010, pursuant to which MSM has been engaged to serve as R&R's outside general corporate counsel, and to advise R&R regarding strategic decision-making and ordinary course corporate matters, including contract negotiations and debt and equity financing transactions. Under the retainer agreement, MSM will bill the Debtor on an hourly basis at the following rates: are $395 per hour for partners, $350 to $375 per hour for associates, $125 per hour for law clerks, and $150 per hour for paraprofessionals. These are MSM's standard rates for work of this nature.

6. No promises have been received by me or MSM as to payment or

compensation in connection with the Debtors' Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code. Neither I nor MSM have any agreement with any other entity to share with such entity compensation to be received by MSM in connection with the Chapter 11 cases.

7. Prior to the filing of these cases, MSM received from R&R a retainer of $25,000 in connection with the retainer agreement as described in paragraph 5 hereof. As of the Petition Date, MSM billed a total of $26,791 to R&R for services rendered during March 2010 as described in paragraph 5 hereof in connection with the planning of the Chapter 11 proceedings and preparing for MSM's proposed post-petition representation of the Debtors, and applied all of the $25,000 retainer thereto. As a result, MSM was owed approximately $1,791 on account of pre-petition legal fees accrued through March 29, 2010, which amount MSM elected to waive. MSM does not have an interest adverse to the Debtors, their creditors or other parties in interest.

8. The foregoing constitutes the statement of MSM pursuant to §§329 and 504 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

_____
Chris Manderson

Sworn to before me this
5th day of April, 2010

_____
Notary Public

SEE ATTACHED

# ACKNOWLEDGMENT

State of California
County of Orange )

On 4.5.10 before me, Loyann L. Richards, Notary Public,
(insert name and title of the officer)

personally appeared Chris Manderson *,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Loyann L. Richards_ (Seal)

LOYANN L. RICHARDS
COMM. # 1786720
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. DEC. 24, 2011

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
In re                              :    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC., :    Case No. 10-11728 (AJG)
et al.,                                 (Jointly Administered)
                Debtors.           :

---------------------------------- x

**ORDER AUTHORIZING RETENTION OF MANDERSON SCHAFER & McKINLAY LLP AS SPECIAL CORPORATE COUNSEL TO THE DEBTORS PURSUANT TO 11 U.S.C. §§327(e), 328(a) AND 1107**

Upon the application (the "Application") filed by Rock & Republic Enterprises, Inc. and Triple R, Inc., the debtors and debtors-in-possession herein (collectively, the "Debtors"), seeking authorization to employ Manderson Schafer & McKinlay LLP ("MSM") as their special corporate counsel in these Chapter 11 cases and upon the affidavit of Chris Manderson, Esq., duly sworn to on April 5, 2010, and no objection having been made to the Debtors' Application; and after due deliberation it appearing that the firm of MSM neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters on which MSM is to be employed and that the employment of MSM is necessary and would be in the best interests of the Debtors' estates; it is

**ORDERED**, that the Debtors, as debtors-in-possession herein, are hereby authorized to appoint and employ MSM as special corporate counsel to represent them as debtors-in-possession under a general retainer in the within proceedings pursuant to

254932v1

§§327(e), 328 and 1107 of the Bankruptcy Code, effective as of April 1, 2010; and it is further

**ORDERED**, that the compensation of MSM as special corporate counsel to the debtors-in-possession, shall be fixed by this Court after application, in the manner prescribed by §§330 and 331 of the Bankruptcy Code.

Dated: New York, New York
   April ___, 2010

_____
ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF NEW YORK


BY: _____

Dated: April ___, 2010