Schuyler G. Carroll
James M. Sullivan
Jordana L. Renert
ARENT FOX LLP
1675 Broadway
New York, NY 10019
(212) 484-3900

*Proposed* Counsel for the
Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| ROCK & REPUBLIC ENTERPRISES, INC., *et al.*, | Case No. 10-11728 (AJG) |
| Debtors. | Jointly Administered |

---------------------------------------------------------- x

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE DEBTORS' APPLICATION FOR RETENTION
OF ATLAS STRATEGIC ADVISORS, LLC AS INVESTMENT BANKER
AND FINANCIAL ADVISOR PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A)**

The Official Committee of Unsecured Creditors (the "Committee") of Rock & Republic Enterprises, Inc. ("R&R") and Triple R. Inc. ("Triple R", together with R&R, the "Debtors"), by and through its proposed undersigned counsel, hereby files this Limited Objection to the approval of the Debtors' Application for Retention of Atlas Strategic Advisors, LLC as Investment Banker and Financial Advisor Pursuant to 11 U.S.C §§ 327(a) and 328(a) (the "Atlas Retention Application"),[1] and respectfully represents as follows:

1.  The Committee is currently negotiating with the Debtors and Atlas Strategic Advisors, LLC ("Atlas") in an effort to reach a consensual resolution of various issues and objections the Committee has identified with respect to the terms of Atlas' engagement. While

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Atlas Retention Application.

the Committee does not object to the Debtors' retention of Atlas as investment banker and financial advisor in these Chapter 11 cases, the Committee is concerned that the terms of Atlas' retention as outlined in the engagement agreement dated March 26, 2010 between R&R and Atlas (the "Engagement Agreement"), as modified by the proposed retention Order ("Retention Order") are unclear.

2. Specifically, the Committee believes that the definitions of "Divestiture" and "Capital Raise" in the Engagement Agreement and Retention Order are vague and ambiguous and, therefore, it is impossible for the Committee to understand the types of transactions for which Atlas would be entitled to a success fee. Although the Committee believes, and the Debtors have advised the Committee that, payment of a success fee is only contemplated where Atlas produces a new third party lender, purchaser, or investor, the Engagement Agreement and proposed Retention Order do not make this clear. The following questions highlight some of the Committee's concerns with respect to the applicability of the success fee in the Debtors' cases.

**Capital Raise:**

- Is Atlas entitled to a success fee in connection with the entry into the postpetition factoring agreement (the "Postpetition Factoring Agreement") with The CIT Group/Commercial Services, Inc. ("CIT")? If so, how much is its fee?

- Would Atlas be entitled to a success fee if the Postpetition Factoring Agreement is rolled into an exit facility?

- Would Atlas be entitled to a success fee if the prepetition loan agreement with RKF, LLC ("RKF") is rolled into a new debtor-in-possession loan?

- Would Atlas be entitled to a success fee if the prepetition loan agreement with RKF (or some replacement debtor-in-possession loan) were rolled into an exit loan?

- Would Atlas be entitled to a success fee in the event that Michael Ball or some affiliate of Michael Ball contributes new money to finance the Chapter 11 cases?

- Would Atlas be entitled to a success fee if creditors receive a note (instead of cash) pursuant to a plan of reorganization in these cases?

- Would Atlas be entitled to a success fee if the Debtors locate financing without Atlas's assistance?

- Would Atlas be entitled to a success fee in connection with a loan that is part of a leveraged buyout whereby the purchaser leverages the Debtors' assets upon emergence from these Chapter 11 cases in order to purchase the assets? In other words, would Atlas be entitled to a success fee for both a Capital Raise and Divestiture in connection with that transaction?

**Divestiture:**

- Would any divestiture of assets in connection with the proposed plan in these Chapter 11 cases be considered a Divestiture of assets entitled to a success fee (e.g., would Atlas be entitled to a success fee if (a) receivables are turned over to CIT in connection with a reorganization plan or (b) a plan is premised upon a debt for equity swap)?

- Would Atlas be entitled to a success fee where RKF or CIT (or an affiliate) acquired assets under a plan or sale pursuant to section 363 of the Bankruptcy Code where they credit bid their existing debt?

- Would Atlas be entitled to a success fee if any of the secured creditors acquired any of the assets as a result of a foreclosure sale on their collateral?

- Would Atlas be entitled to a success fee if the Debtors located a buyer or investor without Atlas's assistance?

- Would Atlas be entitled to a success fee in connection with a sale that is part of a sale/leaseback or similar arrangement where the sale is really a disguised loan? In other words, would Atlas be entitled to a Capital Raise success fee, a Divestiture success fee, or both?

Although Debtors' counsel has provided answers to many of these questions, the parties have not agreed upon changes to the Engagement Agreement and proposed Retention Order to clarify the currently existing ambiguity. Therefore, as drafted, the Committee is not comfortable with the terms of the proposed Engagement Agreement and Retention Order.

3. The Committee is hopeful that the parties will be able to resolve these outstanding issues prior to the hearing on the Atlas Retention Application. Towards this end, the Committee is continuing discussions. In an effort to avoid disputes and allow settlement discussions to

proceed, the Committee has only highlighted certain (but not all) of its concerns in this Limited Objection.

4.  In the event the parties are unable to reach an agreement, the Committee reserves the right to address such issues and concerns either by further submission to the Court or at oral argument at the hearing on the Atlas Retention Application.

Dated: New York, NY
April 26, 2010

                                        Proposed Counsel for the Official Committee
of Unsecured Creditors
Arent Fox LLP

By:     */s/ Schuyler G. Carroll*
Schuyler G. Carroll
James M. Sullivan
Jordana L. Renert
1675 Broadway
New York, NY 10019
(212) 484-3900
(212) 484-3990 (Fax)