SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP     Hearing Date: July 21, 2010
Four Times Square     Hearing Time: 9:30 A.M.
New York, New York 10036
(212) 735-3000
Suzanne D.T. Lovett (SBN 2492015)

300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000
Van C. Durrer II (Admitted in NY)

Counsel for RKF, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               )   Chapter 11
In re                                                )
                                                                )   Case No. 10-11728 (AJG)
ROCK & REPUBLIC ENTERPRISES, INC., et al.,[1] )
                                                                )
                                           Debtors. )   (Jointly Administered)
                                                                )
                                                                 )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE OF RKF, LLC TO DEBTORS' MOTION PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE REQUESTING EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THERETO**

       RKF, LLC ("RKF") hereby files this response to the Debtors' Motion Pursuant to Section 1121(d) of the Bankruptcy Code Requesting Extension of Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereto [Docket No. 202] (the "Exclusivity Motion") whereby the debtors and debtors in possession in the above captioned cases (the "Debtors") seek to extend the exclusive periods within which to file and solicit acceptances of a plan (the "Exclusive Periods"). In support thereof, RKF respectfully represents as follows:

---

[1]     The other debtor in these bankruptcy cases is Triple R, Inc. (Case No. 10-11729 (AJG)).

1

## PRELIMINARY STATEMENT

1. In the Exclusivity Motion, the Debtors represent that they are pursuing a plan of reorganization to provide for the payment in full of "unsecured claims." See Exclusivity Motion, ¶18. By the use of this careful language, the Debtors fail to disclose what progress, if any, the Debtors have made to address their secured claims. RKF, the Debtors' largest secured creditor possessing a lien on the Debtors' intellectual property, trademarks and brands, files this response in order to avoid any misunderstanding by parties in interest and the Court regarding the Debtors' progress toward a consensual plan of reorganization. At this time, RKF does not oppose the relief requested in the Exclusivity Motion, provided that the form of order granting such motion reserves the rights of RKF and other parties in interest, to move to shorten the Debtors' exclusivity for cause.

## BACKGROUND

2. On April 1, 2010 (the "Petition Date"), the Debtors filed bankruptcy petitions pursuant to chapter 11 of title 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108(a) of the Bankruptcy Code.

3. On April 5, 2010, the Court entered an Order directing the joint administration of the Debtors' chapter 11 cases [Docket No. 17].

4. On April 13, 2010, the United States Trustee for the Southern District of New York appointed an Official Committee of Unsecured Creditors [Docket No. 40].

5. RKF is the Debtors' largest secured creditor and is also an affiliate of Richard I. Koral Inc. dba Jessica's ("Koral"). Koral is the exclusive U.S. distributor of one of the Debtors, Rock & Republic Enterprises, Inc. ("Rock"). The Debtors, RKF, and Koral have a longstanding business relationship stemming from the distribution arrangement as well as RKF's $15 million secured loan to Rock.

**ARGUMENT**

6. Requests for extensions of the Exclusive Periods are not to be routinely granted in every case. See, e.g., In re R.G. Pharmacy, Inc., 374 B.R. 484 (D. Conn. 2007) (denying extension of Exclusivity Periods where there had been a breakdown of negotiations between debtor and objecting creditors). Section 1121(d) of the Bankruptcy Code states that an extension of a debtor's Exclusive Periods should be granted only "for cause." One of the factors considered with respect to the determination of "cause" is whether there is existence of good faith progress towards reorganization. See In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

7. As noted above, in Debtors' Exclusivity Motion, the Debtors state that they "intend to file a plan of reorganization which shall provide for payment in full of all allowed claims of unsecured creditors." See Exclusivity Motion, ¶18. No reference, however, is made to the payment of claims held by secured creditors such as RKF. By way of disclosure, to date, the Debtors and RKF have engaged in certain negotiations regarding the potential treatment of RKF's claim. RKF has requested a specific proposal from the Debtors, but as of the date of this response, RKF has received nothing more than a vague email which is insufficiently precise to form the basis for a meaningful negotiation. At the outset of these chapter 11 cases, the Debtors, through their financial advisors and counsel, had committed to move deliberately through a

process toward a definitive transaction for the reorganization of the Debtors. Everyone expected that the Debtors would have made more progress consistent with their original goals to date.

8. RKF remains hopeful that the Debtors will take advantage of their requested exclusivity extension to make true progress toward a definitive transaction. Again, to avoid any misunderstanding among the parties in interest or the Court, RKF felt obliged to disclose the foregoing. In addition, RKF requests that the form of order expressly preserve the rights of parties in interest to move to shorten the Debtors' exclusivity for cause. RKF also expressly reserves the right to object to future extension requests by the Debtors.

Dated: New York, New York
July 16, 2010

                                                   SKADDEN, ARPS, SLATE, MEAGHER
                                                       &FLOM LLP

                                                 By: /s/ *Suzanne D.T. Lovett*
                                                       Suzanne D.T. Lovett
                                                       Four Times Square
                                                       New York, New York 10036
                                                       (212) 735-3000

                                                       -and-

                                                       Van C. Durrer II[2]
                                                       300 South Grand Avenue
                                                       Suite 3400
                                                       Los Angeles, California 90071
                                                       (213) 687-5000

---

[2] Admitted in NY.