Marvin Traub Associates, Inc.
Merchandising Consultant and Operational Advisor
for Rock & Republic Enterprises, Inc. and Triple R, Inc.
Debtors and Debtors-in-Possession
410 Park Avenue
New York, NY 10022
646-723-2990
Marvin Traub, Chairman
Mortimer Singer, President
Kelsey Scroggins, Vice President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                        Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,            Case No. 10-11728 (AJG)
et al.,                                       (Jointly Administered)
                              Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COVER SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED
PURSUANT TO 11 U.S.C. §§ 328, 330 AND 331**


**NAME OF APPLICANT:**    Marvin Traub Associates, Inc.

**TIME PERIOD:**          April 2, 2010 through July 31, 2010

**ROLE IN THE CASE:**     Merchandising Consultant and Operational Advisor to the
                          Debtors

**DATE OF RETENTION:**    April 28, 2010, effective as of April 1, 2010

**FIRST INTERIM
APPLICATION:**            Fees Requested: $120,000
                          Expenses Requested: $0

**PRIOR APPLICATIONS:**   None

Marvin Traub Associates, Inc.
Merchandising Consultant and Operational Advisor
for Rock & Republic Enterprises, Inc. and Triple R, Inc.
Debtors and Debtors-in-Possession
410 Park Avenue
New York, NY 10022
646-723-2990
Marvin Traub, Chairman
Mortimer Singer, President
Kelsey Scroggins, Vice President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                        Case No. 10-11728 (AJG)
et al.,                                                   (Jointly Administered)
                              Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FIRST INTERIM FEE APPLICATION OF MARVIN TRAUB
ASSOCIATES, INC., MERCHANDISING CONSULTANT AND
OPERATIONAL ADVISOR FOR THE DEBTORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT
TO SECTIONS 330 AND 331 OF THE BANKRUPTCY CODE**

TO:    **THE HONORABLE ARTHUR J. GONZALEZ
       CHIEF UNITED STATES BANKRUPTCY JUDGE**

Marvin Traub Associates, Inc. ("MTA" or "Applicant"), Merchandising Consultant

and Operational Advisor for Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc.

("Triple R"), debtors and debtors-in-possession (collectively, the "Debtors"), as and for

its first interim application for allowance of compensation and reimbursement of actual

and necessary expenses (the "Application") on behalf of the Debtors during the period

from April 2, 2010 through July 31, 2010 (the "First Interim Period") pursuant to this

court's order dated April 29, 2010 establishing procedures for monthly compensation

and reimbursement of expenses of professionals ("Monthly Fee Order"), respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    This Application is made pursuant to Sections 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted by the Executive Office of the United States Trustee issued on January 30, 1996 (the "UST Guidelines"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Amended Guidelines"), and the Monthly Fee Order for an allowance of actual compensation for professional services rendered by Applicant to the Debtors during the First Interim Period and for reimbursement of actual disbursements and expenses incurred by Applicant during the First Interim Period in connection with the rendering of such professional services.

2.    All professional services for which compensation is being sought have been performed for the benefit of the Debtors and their estates in connection with these Chapter 11 cases.  Applicant is seeking reasonable compensation in the amount of $120,000.

3.    Pursuant to the Monthly Fee Order entered in these Chapter 11 cases, Applicant has received to date the total sum of $120,000 (consisting of payments of $30,000 per month for the months of April, May, June and July[2].  This Application is made in order to comply with the provisions of the Monthly Fee Order.

---

[2] Per agreement with Debtor, Applicants monthly fees are being reduced to $10,000 staring August, 2010.

4.   This is Applicant's first fee request in these Chapter 11 cases. Applicant was retained as Merchandising Consultant and Operational Advisor for the Debtors nunc pro tunc to April 1, 2010 by order dated April 28, 2010, a copy of which is annexed hereto as **Exhibit "A"**.  Retainers totaling $135,000 were received prior to the filing of the Debtors' Chapter 11 cases.  Of the $135,000, $75,000 was applied toward Pre Petition Fees and Expenses rendered on behalf of R&R, leaving a balance of $60,000.[3]

## I.   INTRODUCTION

### A.   The Applicant

5.   Applicant is a professional corporation consisting of (6) six full-time employees.

In the several weeks prior to the Petition date (April 1, 2010), MTA has conducted a review of the total operations of R&R, which review consisted of analysis of the product offerings, brand positioning, manufacturing, financial and operations functions of the company. MTA and R&R's senior management recognized and agreed that R&R needed immediate and significant assistance in the following areas of the business:

- Streamlining the product assortment
- Seeking opportunities to outsource or license the development and distribution of several existing and proposed product extensions, as R&R does not have either the expertise or resources to develop these opportunities in house

- Improving the manufacturing and distribution process which, as a result of existing inefficiencies, has caused significant delays in deliveries to retailers resulting in excessive cancellations and charge-backs from customers

---

[3] Pursuant to its retention order the sum of $60,000 of its pre-petition retainer is being held as general security for post-petition services and expenses subject to further order of this Court.

6.    The services that MTA provided to R&R during the First Interim Period include but are not limited to:

- Retail review with R&R's sales team by telephone and in person

- Retail review of documents submitted for review by sales team

- Retail meetings with various key accounts

- Retail calls with various key accounts

- Email and telephone communications and outreach to global accounts

- Meetings in person with R&R management

- Meetings/calls with R&R COO

- Calls with R&R management

- Calls with R&R CRO

- Call with R&R bankers

- Meetings/calls with potential investors seeking MTA views on business

- Preparation of presentation materials

- Denim industry research, market research, sales review

MTA believes that the compensation of MTA as provided in the Engagement Agreement and the terms of the Engagement Agreement are reasonable because the proposed fees are in line with the industry standard and our normal billing practice.

7.	Applicant respectfully submits that the fees requested are reasonable and should be awarded in full.

8.	Applicant submits that the division of time herein among its professionals has been consistent with Applicant's overall goal of providing first quality consulting and advisory services at a reasonable cost. During the First Interim Period, Applicant's professionals have devoted an aggregate of 172 hours to this case.

9.	**WHEREFORE**, Applicant respectfully requests that it be awarded a first interim fee in the amount of $120,000 and such other and further relief as this court may deem just and proper.

Dated: New York, New York
	August 27, 2010

	MARVIN TRAUB ASSOCIATES, INC.
	410 PARK AVENUE, SUITE 910
	NEW YORK, NY  10022


	By:  _s/ Marvin Traub_____
	    Marvin Traub, Chairman
	    New York, NY  10022
	    646-723-2990

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Counsel to Rock & Republic Enterprises, Inc.
 and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
 (212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                        :          Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,    :          Case No. 10-11728 (AJG)
et al.,                                          (Jointly Administered)
                                Debtors.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### ORDER AUTHORIZING RETENTION OF MARVIN TRAUB ASSOCIATES, INC. AS MERCHANDISING CONSULTANT AND OPERATIONAL ADVISOR TO ROCK & REPUBLIC ENTERPRISES, INC. PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)

Upon the Amended Application dated April 23, 2010 (the "Amended Application") of Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), debtors and debtors in possession in these proceedings (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and S.D.N.Y. Local Bankruptcy Rule 2014-1, seeking authorization for R&R to retain and employ Marvin Traub Associates, Inc. ("MTA") as merchandising consultant and operational advisor to R&R in these Chapter 11 cases under the terms of the amended engagement agreement dated as of March 29, 2010 (the "Amended Engagement Agreement") between MTA and R&R annexed to the Amended Application as **Exhibit**

"B"; and upon the Amended Affidavit of Marvin Traub, Chairman of MTA, sworn to on April 23, 2010 (the "Traub Amended Affidavit") filed in support of the Amended Application; and the Court being satisfied, based on the representations made in the Amended Application and the Traub Amended Affidavit, that MTA is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither holds nor represents any interest adverse to the Debtors or their estates; and upon consideration of the Affidavit of Geoffrey D. Lurie Pursuant To Local Bankruptcy Rule 1007-2 In Support of First-Day Motions and Applications; and the Court having jurisdiction to consider the Amended Application and the relief requested therein pursuant to 28 U.S.C. §1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting CJ); and consideration of the Amended Application and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and due and proper notice of the Original Application[1] having been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) Arent Fox LLP, proposed counsel to the Official Committee of Unsecured Creditors; (c) counsel to The CIT Group/Commercial Services, Inc.; (d) counsel to RKF, LLC and (e) all parties that have filed requests for service of papers; and notice of the Amended Application having been provided to the parties listed in (a) through (d) by e-mail on April 27, 2010; and it

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Amended Application.

255067v5

appearing that no other or further notice need be provided; and the relief requested in the Amended Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Amended Application; and the Court having determined that the legal and factual bases set forth in the Amended Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Amended Application is granted as set forth herein; and it is further

ORDERED that R&R is hereby authorized to employ and retain MTA as its merchandising consultant and operational advisor in these Chapter 11 cases *nunc pro tunc* to the Petition Date on the terms and conditions set forth in the Amended Engagement Agreement and the Amended Application, as modified by this Order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014; and it is further

ORDERED that MTA shall be compensated for its services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code (including sections 328, 330 and 331 thereof), the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures of this Court, including any order of this Court establishing procedures for interim monthly compensation and reimbursement of expenses for professionals. Subject to the foregoing, MTA shall file applications for interim and final allowance of compensation and reimbursement of expenses, and all expenses shall comply with the applicable United States Trustee guidelines; and it is further

ORDERED, that MTA's monthly fee of $30,000 (the "Monthly Fee") in these Chapter 11 cases is hereby approved pursuant to section 328(a) of the Bankruptcy Code. Except as set forth in the next decretal paragraph, compensation sought by MTA shall not hereafter be subject to challenge or review except under the standards of review under Bankruptcy Code §328(a); and it is further

ORDERED that (i) only the United States Trustee retains the right to object to MTA's interim and final fee applications (including any Monthly Fee and any expense reimbursement) in respect of fees and expenses on all grounds, including, but not limited to, the reasonableness standards provided for in Bankruptcy Code §330; and (ii) the Official Committee of Unsecured Creditors (the "Committee") retains the right to object to MTA's expense reimbursement on all grounds, including, but not limited to, the reasonableness standard provided for in Bankruptcy Code §330; and it is further

ORDERED, that any and all fees and expenses will be paid to MTA only upon specific approval from the Court or in accordance with any other procedures for the compensation of professionals established by the Court in these cases; provided, however, that notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules or any order of this Court, or any guidelines regarding submission and approval of fee applications, MTA shall only be required to maintain contemporaneous summary time records for services rendered in half hourly increments and shall not be required to file a schedule of rates and shall not be required to maintain time on a "project category" basis; and it is further

ORDERED that any fees or expenses paid to MTA but disapproved by this Court will be promptly returned by MTA to R&R's estate; and it is further

ORDERED, that the unapplied portion of the initial $60,000 retainer shall constitute a general security retainer for post-petition services and expenses, and shall be held by MTA subject to further order of the Court. Upon an Order of this Court approving an interim or final fee application, MTA shall apply the retainer against its then-unpaid fees and expenses in respect of MTA's fee applications filed and approved in accordance with the applicable provisions of the Bankruptcy Code; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Amended Engagement Agreement and this Order, the terms of this Order shall govern; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:   New York, New York
         April 28, 2010

                          s/Arthur J. Gonzalez
                          ARTHUR J. GONZALEZ
                          CHIEF UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION:

OFFICE OF THE UNITED STATES TRUSTEE
FOR THE SOUTHERN DISTRICT OF NEW YORK


BY: s/Richard Morrissey

Dated:  April 28, 2010

# MARVIN TRAUB ASSOCIATES, INC.

May 20, 2010

Via by Hand
The Honorable Arthur J. Gonzalez
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Via Email
Cheryl Moorman, CFO
Rock & Republic Enterprises, Inc.
3523 Eastham Drive
Culver City, CA 90232

Via Email
Schuyler G. Carroll, Esq.
James M. Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Via Email
Richard Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street – 21st floor
New York, NY 10004

Via Email
Alex Spizz, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue
New York, NY 10022

RE:   Rock & Republic Enterprises, Inc., et.al.
      Chapter 11 Case No. 11-11728 (RDD) (Jointly Administered)

Pursuant to an Order dated April 28, 2010, Marvin Traub Associates ("MTA") was
retained as Merchandising Consultant and Operational Advisor in the above referenced
Chapter 11 case. The retention Order provides for monthly payments for fees to MTA of
$30,000 pursuant to section 328(a) of the Bankruptcy code. MTA has been paid its fees
for the month of April pursuant to the retention Order.

In accordance with the court's Order establishing monthly compensation procedures
dated April 29, 2010, MTA is hereby submitting a detailed billing statement for the period
is enclosed for your information and review. The billing statement sets forth the name of
each MTA employee who rendered services and the applicable billing rate. The report
also breaks down the services by category as required by the fee guidelines.

If you have any questions with respect to this billing statement, please do not hesitate to
contact the undersigned.

Very truly yours,

Marvin Traub

| Rock & Republic Billing Schedule - April 2010 | Hours | $750 | Hours | $500 | Hours | $350 |
|---|---|---|---|---|---|---|
| | | Marvin Traub | | Morty Singer | | Kelsey Scroggins |
| | | | | | | |
| Retail Review with RnR sales team telephone and in person | 2 | $1,500 | 5 | $2,500 | | $0 |
| Retail review of ducuments submitted for review by sales team | 2 | 1,500 | 3 | 1,500 | | 0 |
| Retail meetings with various key accounts | 2 | 1,500 | 3 | 1,500 | | 0 |
| email+telephone Communication and outreach to global accounts | 2 | 1,500 | 2 | 1,000 | | 0 |
| Meetings in person with RnR management | 2 | 1,500 | 3 | 1,500 | 1 | 350 |
| Calls with RnR management | 3 | 2,250 | 5 | 2,500 | | 0 |
| Calls with RnR CRO | 2 | 1,500 | 5 | 2,500 | | 0 |
| Calls with RnR bankers | 1 | 750 | 2 | 1,000 | | 0 |
| Meeting/calls with potential investors seeking MTA views on business | | 0 | 3 | 1,500 | | 0 |
| Preparation of licensing opportunities materials | | 0 | 1 | 500 | 3 | 1,050 |
| Denim industry research, market research, sales review | | 0 | | 0 | 10 | 3,500 |
| | 16 | $12,000 | 32 | $16,000 | 14 | $4,900 |

| Total | 62 | $32,900 |
|---|---|---|

# MARVIN TRAUB ASSOCIATES, INC.

June 17, 2010

Via by Hand
The Honorable Arthur J. Gonzalez
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Via Email
Cheryl Moorman, CFO
Rock & Republic Enterprises, Inc.
3523 Eastham Drive
Culver City, CA 90232

Via Email
Schuyler G. Carroll, Esq.
James M. Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Via Email
Richard Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street – 21st floor
New York, NY 10004

Via Email
Alex Spizz, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue
New York, NY 10022

RE:  Rock & Republic Enterprises, Inc., et.al.
     Chapter 11 Case No. 11-11728 (RDD) (Jointly Administered)

Pursuant to an Order dated April 23, 2010, Marvin Traub Associates was
retained as Merchandising Consultant and Operational Advisor in the above
referenced Chapter 11 case. By order of dated April 29, 2010 (the
"Compensation Order") the Bankruptcy Court has authorized payment of $30,000
of our monthly fee.

During the period from May 1, 2010 through May 31, 2010, our fee for services
rendered as Merchandising Consultant and Operational Advisor was $30,000.

A detailed billing statement for the period is enclosed for your information and
review. The billing statement sets forth the name of each MTA employee who
rendered services and the applicable billing rate. The report also breaks down
the services by category as required by the fee guidelines.

In accordance with the Compensation Order unless we receive an objection to our monthly billing statement within thirty-five (35) days following the month of which compensation is sought, the Debtors shall remit to Marvin Traub Associates the sum of $30,000.

If you have any questions with respect to this billing statement, please do not hesitate to contact the undersigned.

Very truly yours,

Marvin Traub

| Rock & Republic Billing Schedule - May 2010 | Hours | $750 | Hours | $500 | Hours | $350 |
|---|---|---|---|---|---|---|
| | Marvin Traub | | Morty Singer | | Kelsey Scroggins | |
| | | | | | | |
| Retail Review with RnR sales team telephone and in person | 0 | $0 | 0 | $0 | | $0 |
| Retail review of ducuments submitted for review by sales team | 0 | 0 | 0 | 0 | | $0 |
| Retail meetings with various key accounts | 3 | 2,250 | 1 | 500 | | $0 |
| email+telephone Communication and outreach to global accounts | 3 | 2,250 | 1 | 500 | | $0 |
| Meetings in person with RnR management | 3 | 2,250 | 2 | 1,000 | 2 | $700 |
| Meetings with RnR COO | 2 | 1,500 | | | 2 | $700 |
| Calls with RnR management | 5 | 3,750 | 3 | 1,500 | | $0 |
| Calls with RnR CRO | 5 | 3,750 | 5 | 2,500 | | $0 |
| Calls with RnR bankers | 3 | 2,250 | 3 | 1,500 | | $0 |
| Meeting/calls with potential investors seeking MTA views on business | 2 | 1,500 | 0 | 0 | | $0 |
| Preparation of licensing opportunities materials | | 0 | 0 | 0 | 3 | $1,050 |
| Denim industry research, market research, sales review | | 0 | | 0 | 10 | $3,500 |
| | 26 | $19,500 | 15 | $7,500 | 17 | $5,950 |

| Total | 58 | $32,950 | | |
|---|---|---|---|---|

# MARVIN TRAUB ASSOCIATES, INC.

July 20, 2010

Via by Hand
The Honorable Arthur J. Gonzalez
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Via Email
Cheryl Moorman, CFO
Rock & Republic Enterprises, Inc.
3523 Eastham Drive
Culver City, CA 90232

Via Email
Schuyler G. Carroll, Esq.
James M. Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Via Email
Richard Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street – 21st floor
New York, NY 10004

Via Email
Alex Spizz, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue
New York, NY 10022

RE:   Rock & Republic Enterprises, Inc., et.al.
        Chapter 11 Case No. 11-11728 (AJG) (Jointly Administered)

Pursuant to an Order dated April 23, 2010, Marvin Traub Associates was
retained as Merchandising Consultant and Operational Advisor in the above
referenced Chapter 11 case. By order of dated April 29, 2010 (the
"Compensation Order") the Bankruptcy Court has authorized payment of $30,000
of our monthly fee.

During the period from June 1, 2010 through June 30, 2010, our fee for services
rendered as Merchandising Consultant and Operational Advisor was $30,000.

A detailed billing statement for the period is enclosed for your information and
review. The billing statement sets forth the name of each MTA employee who
rendered services and the applicable billing rate. The report also breaks down
the services by category as required by the fee guidelines.

In accordance with the Compensation Order unless we receive an objection to our monthly billing statement within thirty-five (35) days following the month of which compensation is sought, the Debtors shall remit to Marvin Traub Associates the sum of $30,000.

If you have any questions with respect to this billing statement, please do not hesitate to contact the undersigned.

Very truly yours,

Marvin Traub

| Rock & Republic Billing Schedule - June 2010 | Hours | $750 | Hours | $500 | Hours | $350 |
|---|---|---|---|---|---|---|
| | Marvin Traub | | Morty Singer | | Kelsey Scroggins | |
| | | | | | | |
| Retail Review with RnR sales team telephone and in person | 0 | $0 | 0 | $0 | | $0 |
| Retail review of ducuments submitted for review by sales team | 0 | 0 | 0 | 0 | | $0 |
| Retail meetings with various key accounts | 0 | 0 | 1 | 500 | | $0 |
| Retail calls with various key accounts | 2 | 1,500 | 2 | 1,000 | | |
| email+telephone Communication and outreach to global accounts | 3 | 2,250 | 1 | 500 | | $0 |
| Meetings in person with RnR management | 0 | 0 | 0 | 0 | 0 | $0 |
| Meetings with RnR COO | 1 | 750 | 1 | 500 | 2 | $700 |
| Calls with RnR management | 5 | 3,750 | 3 | 1,500 | | $0 |
| Calls with RnR CRO | 7 | 5,250 | 7 | 3,500 | | $0 |
| Calls with RnR bankers | 1 | 750 | 3 | 1,500 | | $0 |
| Meeting/calls with potential investors seeking MTA views on business | 0 | 0 | 0 | 0 | | $0 |
| Preparation of licensing opportunities materials | | 0 | 0 | 0 | 3 | $1,050 |
| Denim Industry research, market research, sales review | | 0 | | 0 | 10 | $3,500 |
| | 19 | $14,250 | 18 | $9,000 | 15 | $5,250 |

| Total | 52 | $28,500 | | | | |

# MARVIN TRAUB ASSOCIATES, INC.

August 19, 2010

Via by Hand
The Honorable Arthur J. Gonzalez
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Via Email
Cheryl Moorman, CFO
Rock & Republic Enterprises, Inc.
3523 Eastham Drive
Culver City, CA 90232

Via Email
Schuyler G. Carroll, Esq.
James M. Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019-5820

Via Email
Richard Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street – 21st floor
New York, NY 10004

Via Email
Alex Spizz, Esq.
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue
New York, NY 10022


RE:   Rock & Republic Enterprises, Inc., et.al.
      Chapter 11 Case No. 11-11728 (AJG) (Jointly Administered)

Pursuant to an Order dated April 23, 2010, Marvin Traub Associates was
retained as Merchandising Consultant and Operational Advisor in the above
referenced Chapter 11 case. By order of dated April 29, 2010 (the
"Compensation Order") the Bankruptcy Court has authorized payment of $30,000
of our monthly fee.

During the period from July 1, 2010 through July 31, 2010, our fee for services
rendered as Merchandising Consultant and Operational Advisor was $30,000.

A detailed billing statement for the period is enclosed for your information and
review. The billing statement sets forth the name of each MTA employee who
rendered services and the applicable billing rate. The report also breaks down
the services by category as required by the fee guidelines.

In accordance with the Compensation Order unless we receive an objection to our monthly billing statement within thirty-five (35) days following the month of which compensation is sought, the Debtors shall remit to Marvin Traub Associates the sum of $30,000.

If you have any questions with respect to this billing statement, please do not hesitate to contact the undersigned.

Very truly yours,

Marvin Traub

| Rock & Republic Billing Schedule - July 2010 | Hours | $750 | Hours | $500 | Hours | $350 |
|---|---|---|---|---|---|---|
| | Marvin Traub | | Morty Singer | | Kelsey Scroggins | |
| Retail Review with RnR sales team telephone and in person | 0 | $0 | 0 | $0 | | $0 |
| Retail review of ducuments submitted for review by sales team | 0 | 0 | 0 | 0 | | $0 |
| Retail meetings with various key accounts | 0 | 0 | 2 | 1,000 | | $0 |
| Retail calls with various key accounts | 2 | 1,500 | 1 | 500 | | |
| email+telephone Communication and outreach to global accounts | 0 | 0 | 0 | 0 | | $0 |
| Meetings in person with RnR management | 0 | 0 | 0 | 0 | 0 | $0 |
| Meetings/calls with RnR COO | 1 | 750 | 1 | 500 | 2 | $700 |
| Calls with RnR management | 1 | 750 | 3 | 1,500 | | $0 |
| Calls with RnR CRO | 5 | 3,750 | 6 | 3,000 | | $0 |
| Calls with RnR bankers | 3 | 2,250 | 3 | 1,500 | | $0 |
| Meeting/calls with potential investors seeking MTA views on business | 0 | 0 | 0 | 0 | | $0 |
| Preparation of presentation materials | | 0 | 6 | 3,000 | 12 | $4,200 |
| Denim industry research, market research, sales review | | 0 | | 0 | 10 | $3,500 |
| | 12 | $9,000 | 22 | $11,000 | 24 | $8,400 |

| Total | 58 | $28,400 |
|---|---|---|

Marvin Traub Associates, Inc.
Merchandising Consultant and Operational Advisor
for Rock & Republic Enterprises, Inc. and Triple R.Inc.
Debtors and Debtors-in-Possession
410 Park Avenue
New York, NY 10022
646-723-2990
Marvin Traub, Chairman
Mortimer Singer, President
Kelsey Scroggins, Vice President


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                              Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                  Case No. 10-11728 (AJG)
et al.,                                             (Jointly Administered)

                                        Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### CERTIFICATION PURSUANT TO GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES IN SUPPORT OF FIRST INTERIM FEE APPLICATION OF MARVIN TRAUB ASSOCIATES, INC.

MARVIN TRAUB, certifies as follows:

1.      I am the Chairman of Marvin Traub Associates, Inc.

2.      I make this certification in support of the application (the "Application") of

MTA for its First Interim Fee award of compensation for services rendered to Rock &

Republic Enterprises, Inc. and Triple R, Inc. (collectively, the "Debtors") pursuant to the

Amended Guidelines for Fees and Disbursements for Professionals in Bankruptcy

Cases (the "Amended Guidelines") and the Guidelines For Reviewing Applications For

Compensation and Reimbursements of Expenses Filed Under 11 U.S.C. § 330

promulgated by the Executive Office of the United States Trustee (the "UST

Guidelines"). I am a professional designated by MTA with the responsibility for compliance with the Amended Guidelines and the UST Guidelines.

3. I have read the Application and to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the requirements set forth in the Amended Guidelines and the UST Guidelines. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Amended Guidelines and the UST Guidelines, as set forth in the Application and in the exhibits annexed thereto. The fees and disbursements sought by Applicant are billed at rates and in accordance with the practices customarily employed by Applicant and generally accepted by Applicant's clients.

4. It is Applicant's intention to serve a copy of its Application upon the Debtors and the Office of the United States Trustee and Counsel to the Creditors Committee in accordance with the UST Guidelines.

5. The Debtors, the U.S. Trustee and the Creditors Committee have been provided with statements of fees accrued during the First Interim Period.

Dated: New York, New York
       August 27, 2010

                                        s/ Marvin Traub
                                        Marvin Traub