TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------x
In re:                                          Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,              Case No. 10-11728 (AJG)
et al.,                                         (Jointly Administered)
                    Debtors.

-----------------------------------x

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §1121(d) FOR FURTHER EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THERETO**

TO: THE HONORABLE ARTHUR J. GONZALEZ
    CHIEF UNITED STATES BANKRUPTCY JUDGE:

Rock & Republic Enterprises, Inc. ("R&R"), and Triple R, Inc. ("TR"), as debtors and debtors in possession (collectively, the "Debtors"), submit this motion (the "Motion") requesting a further extension, for an additional 45 days, of Debtors' exclusive periods to file a chapter 11 plan and solicit acceptances thereof, pursuant to section 1121(d) of title 11, United States Code (the "Bankruptcy Code"), and respectfully represent as follows:

# I.

# PRELIMINARY STATEMENT

1. The Debtors have achieved major and solid accomplishments in the five and a half months since the commencement of these chapter 11 cases.

2. The Debtors' primary focus during the first 60 days of their chapter 11 cases was to stabilize their business, obtain certain relief with respect to DIP factoring, the cash management system, employee compensation and benefits, insurance programs, utility providers, taxes and other fees, retention of professionals, including investment banker and financial advisor, among other issues, and to effectively implement same.[1]

3. The Debtors' and their professionals also expended considerable time during the first few months of these cases seeking a strategic partner to assist the Debtors in formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims.

4. Since obtaining an initial extension of their exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") and of their exclusive period to solicit acceptances thereof (the "Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") by order dated July 21, 2010, the Debtors have realized further significant accomplishments. There are, however, a number of unresolved contingencies which remain. The July 30, 2010 bar date has passed, and the Debtors

---

[1] On April 2, 2010, the Debtors filed the Debtors' Motion Requesting (I) Entry of (A) Interim and Final Orders Authorizing the Debtors to Enter Into Factoring Agreement and Authorizing the Purchase and Sale Accounts with Priority over Administrative Expenses and Secured by Liens on Property of the Estate Pursuant to Sections 363 and 364 of the Bankruptcy Code (the "Factoring Motion"). Final relief on the Factoring Motion was granted on May 26, 2010 (Docket No. 130).

have analyzed most of the claims filed in their cases, but two of the largest claims, filed by two former landlords, 144 Spring Realty LLC and New Pacific Rodeo LLC, which claims the Debtors objected to, have not been determined. The trial on 144 Spring Realty, LLC's claim is scheduled to commence on October 20, 2010 and the trial on New Pacific's claim is scheduled to commence on October 26, 2010.

5. The Debtors have also filed a motion for an order extending the time to assume or reject unexpired leases of nonresidential real property, which was granted by order dated July 21, 2010, which extended the time to assume or reject to October 27, 2010.

6. The Debtors have had extensive and continuing negotiations with a third party regarding the funding of a plan of reorganization, which the Debtors expect to conclude shortly. The proposed letter of intent provides for a short due diligence period following execution of the letter of intent. The Debtors expect to file their plan and disclosure statement shortly after the third party's conclusion of its due diligence.

7. The Debtors' steady efforts to streamline business operations and their chapter 11 cases continue; thus, the Debtors require additional time to formulate, negotiate and propose a plan in their chapter 11 cases. Consequently, by this Motion, the Debtors request an order of the Court further extending Debtors' Exclusive Periods for an additional 45 days. Obtaining the requested extensions will allow the Debtors not only to continue to focus on addressing and resolving operational and legal issues that typically arise during the beginning stages of a chapter 11 case — thus laying the groundwork for a successful plan, but also will provide the Debtors more time to develop and negotiate a plan that will be best positioned to maximize stakeholders' interests.

8. As discussed below, courts recognize the benefits and practical necessities of extending a debtor's Exclusive Periods in large complex cases — particularly when there is no indication the debtor is abusing the chapter 11 process through such extensions. Here, cause exists for a further extension of the Debtors' Exclusive Periods. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. The Debtors have worked, and will continue to work, constructively with the Committee as well as other parties in interest. The vital components underlying a chapter 11 plan are being developed as rapidly as possible and the Debtors are now in the final stages of negotiating a definitive letter of intent.

## II.
## BACKGROUND

### A. General

9. On April 1, 2010 (the "Commencement Date") each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On April 13, 2010, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee has retained Arent Fox LLP as its counsel.

11. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the Declaration of Geoffrey Lurie, the Debtors' Chief Restructuring Officer, Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions (Docket No. 3).

**B.    The Debtors' Previous Motion to Extend Exclusivity**

12. On June 30, 2010, the Debtors filed a motion seeking an extension of Debtors' Exclusive Periods to file a chapter 11 plan and solicit acceptances thereof through and including October 28, 2010 and December 28, 2010, respectively.

13. On July 21, 2010, the Court entered an order extending the Debtors' Exclusive Filing Period through and including September 28, 2010 and extending Debtors' Solicitation Period through and including November 27, 2010, respectively.

14. Unless the Debtors' Exclusive Filing Period is extended on or before September 28, 2010, it will expire on that date. The Debtors are therefore moving, simultaneously with the filing of this Motion, to have this Motion heard on shortened notice.

### III.
### JURISDICTION

15. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.
### RELIEF REQUESTED

16. The Debtors request that, pursuant to Bankruptcy Code section 1121(d), the

Court authorize a further extension, of 45 days, of the Debtors' Exclusive Periods to file a chapter 11 plan and solicit acceptances thereof through and including November 12, 2010 and January 11, 2011, respectively, without prejudice to the right of the Debtors to seek further extension of such periods. Currently, the Debtors' Exclusive Periods to file a chapter 11 plan and solicit acceptances thereof expire on September 28, 2010 and November 27, 2010, respectively. A proposed order is attached hereto as **Exhibit "A"**.

## V.
## BASIS FOR RELIEF REQUESTED

17. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan. See 11 U.S.C. § 1121(b). Section 1121(c)(3) of the Bankruptcy Code provides that, if a debtor files a plan within that 120 day period, it has a period of 180 days after the commencement of the case to obtain acceptance of such plan, during which time competing plans may not be filed. See Id. at § 1121(c)(3). Pursuant to section 1121(d) of the Bankruptcy Code, where the initial 120-day and 180-day Exclusive Periods provided for in the Bankruptcy Code prove to be an unrealistic time frame for proposal and solicitation of a plan, the Court may extend a debtor's Exclusive Periods for cause, up to a maximum of eighteen months and twenty months, respectively. See id. at §1121(d).

18. Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, at 231-32 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to

give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

19. In determining whether cause exists to extend the Exclusive Periods, a court may consider a variety of factors to assess the totality of circumstances in each case. See In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (stating that the decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific); In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); In re Dow Corning Corp., 208 B.R. 661, 664, 670 (Bankr. E.D. Mich 1997); In re Express One Intl, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

> (a) the size and complexity of the debtor's case;
> (b) the fact that the debtor is paying its bills as they come due;
> (c) the existence of good-faith progress towards reorganization;
> (d) existence of an unresolved contingency; and
> (e) a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands."

See, e.g., Adelphia Commc'ns Corp., 352 B.R. at 587 (noting that while the elements that constitute "cause" are not outlined in the Bankruptcy Code, caselaw has identified certain factors that normally are considered when determining whether "cause" exists to reduce or increase the Debtor's exclusivity period and citing, among others, those factors enumerated above); McLean Indus., 87 B.R. at 834 (citations omitted); accord In re Express One Intl, Inc., 194 B.R. at 100 (identifying four of the five above-quoted

factors, among others, as relevant in determining whether "cause" exists to extend exclusivity); In re United Press Intl, Inc., 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period based upon certain of above-quoted factors).

20. The primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a chapter 11 plan. The Exclusive Periods are intended to afford a debtor a full and fair opportunity to propose a plan and solicit acceptances of such plan without the deterioration and disruption that is likely to be caused by the filing of competing plans by non-debtor parties. To terminate the exclusive periods in these chapter 11 cases here, where the Debtors are in the final stages of negotiating a definitive letter of intent, would defeat the very purpose of section 1121 of the Bankruptcy Code. Courts in this district and others have, on numerous occasions, granted extensions of the Exclusive Periods in complex chapter 11 cases. See, e.g., In re Pilgrims Pride Corporation, et al., Case No. 08-45664 (DML) (Bankr. N.D. Tex. Mar. 26, 2009) [Docket No. 1306]; In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Jan. 15, 2009) [Docket No. 2549]; In re Tronox Inc., et al., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. May 6, 2009) [Docket No. 414]; In re SemCrude, L.P., et al., Case No. 08-11525 (BLS) (Bankr. D. Del. Dec. 8, 2008) [Docket No. 2478]; In re Steve & Barry's Manhattan LLC, et al., Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. Oct. 16, 2008) [Docket No. 1020]; In re Lexington Precision Corp., et al., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. Jul. 31, 2008) [Docket No. 289]; In re The Museum Company, Inc., Case No. 02-10112 (SMB) (Bankr. S.D.N.Y. Aug. 8, 2002) [Docket No. 269]; In re Iridium Operating LLC, et al., Case No. 9945005 (CB) (Bankr.

S.D.N.Y. Jan. 6, 2000) [Docket No. 236].

21. An application of the aforementioned standards to the facts of these chapter 11 cases demonstrates sufficient "cause" to grant the Debtors' requested extension of the Exclusive Periods so that they may have a full and fair opportunity to propose a consensual plan to the extent possible and solicit acceptances thereon.

## VI.

## CAUSE EXISTS TO EXTEND THE DEBTORS' EXCLUSIVE PERIODS

### A. The Debtors Are Paying Their Bills as They Come Due

22. Courts considering an extension of exclusivity may assess a debtor's liquidity and solvency. See In re Texaco Inc., 76 B.R. at 322. Here, the Debtors have sufficient liquidity and are paying their bills as they come due. Since the Commencement Date, the Debtors have taken numerous affirmative steps towards a successful rehabilitation of their business. Through prudent business decisions and cash management, the Debtors have sufficient resources to meet all required postpetition payment obligations and have been doing so. The Debtors are managing their business effectively and preserving the value of their assets for the benefit of creditors.

### B. Good Faith Progress Has Been Made Towards Reorganization and Development of a Consensual Plan

23. Although these chapter 11 cases are only five and a half months old, the Debtors have already made substantial progress towards reorganization. The Debtors' primary focus during the first 60 days of their cases was to stabilize the business, obtain certain relief with respect to DIP factoring, the cash management system, employee compensation and benefits, insurance programs, utility providers, taxes and other fees, among other issues, and to effectively implement same.

24. The Debtors have also dedicated significant resources to soliciting interest for a strategic partner. The Debtors have received interest from numerous parties and its representatives are constantly having discussions with such parties in an effort to obtain a letter of intent. The Debtors intend to file a plan of reorganization which shall provide for payment in full of all allowed claims of unsecured creditors. Further, the size of these chapter 11 cases resulted in a deluge of inquiries and other matters raised by vendors, taxing authorities, utility companies and other parties in interest.

25. Finally, the Debtors have, and continue to, work diligently on a number of time-consuming tasks necessary to the administration of these chapter 11 cases including, but not limited to, managing claims litigation; preparing schedules of assets and liabilities and statements of financial affairs; dealing with issues related to leases; working towards resolving several material lawsuits; working with the Office of the U.S. Trustee to provide requested financial information; and complying with reporting requirements under the Bankruptcy Code.

C. **Unresolved Contingencies Exist**

26. Courts have also recognized the need to resolve an important contingency as justification for extending the debtor's Exclusive Periods. Despite the progress made thus far in these chapter 11 cases, significant unresolved contingencies still exist, including, but not limited to, the determination of outstanding claims against the Debtors, and the completion of the analysis of the Debtors' executory contracts and unexpired leases. The July 30, 2010 bar date has passed, and the Debtors have analyzed most of the claims filed. With respect to the determination of outstanding claims, the Debtors have objected to the claims of certain claimants which require resolution to enable the

Debtors to quantify the total amount of the unsecured claims. As stated above, the trial on 144 Spring Realty LLC's claim is scheduled to commence on October 20, 2010 and the trial on New Pacific's claim is scheduled to commence on October 26, 2010.

27. The Debtors also filed a motion for an order extending the time to assume or reject unexpired leases of nonresidential real property, which was granted by order entered on July 21, 2010. The Debtors now have until October 27, 2010 for assumption or rejection. The Debtors' executory contracts and unexpired leases are valuable assets of their estates, and decisions regarding such leases and executory contracts are essential to the development of the Debtors' business plan. The Debtors do not wish to make any premature decisions regarding their executory contracts and unexpired leases that would adversely affect their long-term capital structure and reorganization value.

28. Finally, the Debtors continue to work diligently on the tasks described above which are necessary to the administration of these chapter 11 cases. While many of these matters are incidental to the commencement of any chapter 11 case, they are compounded by the size and complexity of these chapter 11 cases.

### D. The Debtors Are Not Seeking To Extend Exclusivity In Order to Pressure Their Creditors Into Accepting a Plan They Find Unacceptable

29. This is the Debtors' second request for an extension of the Exclusive Periods. The requested 45-day extension is reasonable given the Debtors' progress to date and the current posture of these chapter 11 cases. The Debtors are not seeking this extension to delay the reorganization for some speculative event or to pressure creditors to accede to a plan that is unsatisfactory to them.

30. The Debtors' reorganization is proceeding at a fast pace and their

relationship with the Committee and its professionals as well as other creditors is cordial and constructive. Only five and a haf months have passed since the Debtors commenced their chapter 11 cases. The Debtors' request for an extension of the Exclusive Periods is not a negotiation tactic, but merely a reflection of the fact that these cases are not yet ripe for the formulation and confirmation of a viable chapter 11 plan until the claims can be quantified with some certainty. The most important goal to be achieved in the initial phase of these cases is operational and financial stability, further enabling them to lay the groundwork for a chapter 11 plan.

31. Moreover, the Debtors have kept sight of the need to deal with all parties in interest in these cases. The Debtors and their professionals have consistently conferred with these constituencies on all major substantive and administrative matters in these cases. The Debtors have no intention of discontinuing this dialogue if this Motion is granted.

32. Affording the Debtors a meaningful opportunity to formulate a plan through an extension of the Exclusive Periods will not harm or prejudice the Debtors' creditors or other parties in interest. Rather, an extension of the Exclusive Periods will increase the likelihood of a 100% distribution to the Debtors' stakeholders by facilitating an orderly, efficient and cost-effective plan process for the benefit of all creditors. Termination of the Exclusive Periods, on the other hand, could give rise to the threat of multiple plans and a contentious confirmation process, resulting in increased administrative expenses and consequently diminishing returns to the Debtors' creditors. Moreover, it could significantly delay, if not completely undermine, the Debtors' ability to confirm any plan in these cases. Accordingly, the Debtors request that the Court further extend the Exclusive

Periods as provided herein.

## VII.

## NOTICE

33. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors will serve notice of this Motion on: (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: Schuyler Carroll, Esq. and James Sullivan, Esq.; and (iii) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

34. As indicated above, one previous motion to extend the Exclusive Periods was made by the Debtors in this Court. Such motion was granted to the extent of extending the Exclusive Filing Period through September 28, 2010 and extending the Solicitation Period through November 27, 2010.

**WHEREFORE** the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: New York, New York
September 14, 2010

                TODTMAN, NACHAMIE, SPIZZ
                &amp; JOHNS, P.C.
                Attorneys for the Debtors and
                Debtors in Possession

                By: s/ Arthur Goldstein
                    Alex Spizz, Esq.
                    Arthur Goldstein, Esq.
                    Jill Makower, Esq.
                    425 Park Avenue
                    New York, New York 10022
                    (212) 754-9400

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------x
In re:                                           Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,               Case No. 10-11728 (AJG)
et al.,                                          (Jointly Administered)
                     Debtors.
----------------------------------------x

### ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, FURTHER EXTENDING EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

Upon the motion dated September 14, 2010 (the "Motion")[1] of Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), requesting a further extension, to November 12, 2010, of the period during which each of the Debtors has the exclusive right to file a chapter 11 plan ("Exclusive Filing Period") and a further extension, to January 11, 2011, of the period during which each of the Debtors may solicit acceptances thereof (the "Solicitation Period" and, together with the Exclusive Filing Period, the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.
259721 v1

"Exclusive Periods"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and to grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided sufficient notice of the Motion and Hearing (as defined below) in accordance with the Court's Order shortening time entered on September __, 2010 to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Creditors' Committee, Arent Fox LLP, Attn: Schuyler Carroll, Esq. and James Sullivan, Esq.; and (iii) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and the Court having held a hearing to consider the requested relief on September __, 2010 (the "Hearing"); and upon the record of the Hearing and all of the proceedings before the Court, the Court finds and determines that the requested relief is in the best interests of the Debtors, their estates, creditors, and all parties in interest; the Debtors have provided due and proper notice of the Motion and Hearing and no further notice is necessary; the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and therefor, it is

    **ORDERED** that the Motion is granted to the extent set forth herein; and it is further

    **ORDERED** that, pursuant to section 1121(d) of the Bankruptcy Code, each of the Debtor's Exclusive Filing Period is extended through and including November 12, 2010;

and it is further

**ORDERED** that, pursuant to section 1121(d) of the Bankruptcy Code, each of the Debtor's Solicitation Period is extended through and including January 11, 2011; and it is further

**ORDERED** that the extension of the Exclusive Periods granted herein is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      September _____, 2010

                                        THE HONORABLE ARTHUR J. GONZALEZ
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE