TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
In re: : Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC., : Case No. 10-11728(AJG)
et al., (Jointly Administered)
         Debtors. :
------------------------------------x

**DEBTORS' *EX PARTE* MOTION FOR AN ORDER SHORTENING TIME WITH RESPECT TO DEBTORS' MOTION FOR A FURTHER EXTENSION OF THEIR EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

**TO: HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the Chapter 11 debtors herein (collectively, the "Debtors"), hereby respectfully move this Court under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, for the entry of an order, a copy of which is attached hereto as **Exhibit "A"**, shortening the notice required to be provided with respect to the Debtors' motion dated September 14, 2010 (the "Second Exclusivity Motion") seeking a

259708V1

further extension of the Debtors' exclusive periods for the filing of a Chapter 11 Plan and solicitation of acceptances thereof pursuant to §1121(d) of title 11, United States Code (the "Bankruptcy Code"). In support of this Motion to Shorten Time, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A. **General**

2. On April 1, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

3. The Debtors are authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee, examiner or official committee of unsecured creditors has been appointed to serve in these cases as of the date of this Motion.

5. The Debtors' Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are a wholesale and retail apparel company specializing in an avant-garde and distinctive line of clothing. Originally started in 2002 by its Chief Executive Officer, Michael Ball, primarily as an American jeans company, the Debtors

have expanded their lines to include high fashion clothing for men, women and children as well as shoes, cosmetics and accessories. The Debtors' merchandise can be found at most high end retail stores such as Nordstrom, Neiman Marcus, Bergdorf Goodman, Bloomingdales, Lord & Taylor, Harvey Nichols and Saks Fifth Avenue, as well as in small upscale boutiques.

7. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Affidavit of Geoffrey D. Lurie Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions and Applications (the "Lurie Affidavit") which was filed on the Petition Date and which is incorporated herein by reference.

### B. The Debtors' Previous Motion To Extend Their Exclusive Periods

8. On June 30, 2010, the Debtors filed a motion seeking an extension of the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") and the Debtors' exclusive period to solicit acceptances thereof (the "Solicitation Period") through and including October 28, 2010 and December 28, 2010, respectively.

9. On July 21, 2010, the Court entered an order extending the Debtors' Exclusive Filing Period through and including September 28, 2010 and extending Debtors' Solicitation Period through and including November 27, 2010, respectively.

10. Unless the Debtors' Exclusive Filing Period is extended on or before September 28, 2010, it will expire on that date. Therefore, time is of the essence with respect to the consideration of the Second Exclusivity Motion. As set forth in the Debtors' Second Exclusivity Motion, cause exists for a further extension of the Debtors' Exclusive Periods. The Debtors have been working hard toward formulating a plan of

reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. The Debtors continue to negotiate with a third party regarding such a plan of reorganization and are in final stages of negotiating a definitive letter of intent.

## RELIEF REQUESTED

11. By this Motion to Shorten Time, the Debtors respectfully request an order shortening the notice required with respect to the Second Exclusivity Motion so that it can be heard prior to September 28, 2010. The Debtors are only seeking to shorten notice by a few days so as to allow the Second Exclusivity Motion to be heard prior to the expiration of the September 28, 2010 Exclusive Filing Period.

12. Under Local Rule 9006-1(b) and Bankruptcy Rules 9006(c) and 9006(f), a motion to extend exclusivity must be made on fourteen (14) days notice plus three (3) days for mailing. Bankruptcy Rule 9006(c)(1) provides that the Court may shorten the required notice period in its discretion with or without a motion when cause is shown.

13. In accordance with Local Bankruptcy Rule 9077-1(b), this Motion To Shorten Time demonstrates that sufficient cause exists for entry of an ex parte order shortening notice with respect to the hearing on the Debtors' Second Exclusivity Motion.

14. No previous application for the relief requested in this Motion To Shorten Time has been made in this Court.[1]

## NOTICE

15. Pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1(b), this Motion is being made without notice to other parties. As discussed above, the

---

[1] The Debtors have, however, previously moved to extend their Exclusive Periods and such motion was granted by order entered on July 21, 2010, as stated above.

259708V1            4

Debtors submit that time is of the essence with respect to the consideration of the Second Exclusivity Motion. The Debtors submit that service of the Second Exclusivity Motion by overnight service to (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq.; and (iii) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, should be deemed good and sufficient notice.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order granting this Motion to Shorten Time and authorizing the Second Exclusivity Motion to be heard by this Court prior to September 28, 2010, and such other and further relief that this Court may deem just and proper.

Dated: New York, New York
September 14, 2010

> TODTMAN, NACHAMIE, SPIZZ
> & JOHNS, P.C.
> Attorneys for the Debtors and
> Debtors in Possession
>
> By: _s/ Arthur Goldstein_
>     Alex Spizz, Esq.
>     Arthur Goldstein, Esq.
>     Jill Makower, Esq.
> 425 Park Avenue
> New York, New York 10022
> (212) 754-9400

EXHIBIT "A"

Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
In re:                                                          :         Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC., et al:         Case No. 10-11728(AJG)
                                                                          (Jointly Administered)
                                    Debtors.           :
---------------------------------------x

### ORDER SHORTENING TIME WITH RESPECT TO DEBTORS' MOTION PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FOR A FURTHER EXTENSION OF THEIR EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

Upon the ex parte motion dated September 14, 2010 (the "Ex Parte Motion") filed by Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors-in-possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., for an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, shortening the time with respect to the Debtors' motion dated September 14, 2010 (the "Second Exclusivity Motion") to further extend the Debtors' exclusive periods to file a chapter 11 plan and solicit acceptances thereof pursuant to §1121(d) of title 11, United States Code (the

"Bankruptcy Code"), and due deliberation having been had and sufficient cause appearing therefor; it is hereby

**ORDERED**, that a hearing to consider the Second Exclusivity Motion shall be held before the Honorable Arthur J. Gonzalez, Chief United States Bankruptcy Judge, in Courtroom 523, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on September __, 2010 at _____ A.M. (Prevailing Eastern Time); and it is further

**ORDERED**, that service of this Order, the Ex Parte Motion and the Second Exclusivity Motion by email or overnight mail or hand delivery upon (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq.; and (iii) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, would constitute good and sufficient notice of the Second Exclusivity Motion and constitutes sufficient notice and no further notice is necessary.

Dated: New York, New York
      September __, 2010

                                ARTHUR J. GONZALEZ
                                CHIEF UNITED STATES BANKRUPTCY JUDGE