TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------x
In re:                                : Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,    : Case No. 10-11728(AJG)
et al.,                                 (Jointly Administered)
                        Debtors.      :
-------------------------------------x

**DEBTORS' *EX PARTE* MOTION FOR AN ORDER SHORTENING TIME AND SCHEDULING HEARING WITH RESPECT TO DEBTORS' MOTION FOR APPROVAL OF STIPULATION BY AND BETWEEN ROCK & REPUBLIC ENTERPRISES, INC. AND RICHARD I. KORAL, INC. D/B/A JESSICA'S, SETTLING ALL CLAIMS RELATING TO DISTRIBUTION AGREEMENT**

TO:  HONORABLE ARTHUR J. GONZALEZ
     CHIEF UNITED STATES BANKRUPTCY JUDGE

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the Chapter 11 debtors herein (collectively, the "Debtors"), hereby respectfully move this Court under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, for the entry of an order, a copy of which is attached hereto as **Exhibit "A"**, shortening the notice required to be provided and scheduling a

259791V1

hearing with respect to the Debtors' motion dated September 22, 2010 (the "9019 Motion") seeking approval of a Stipulation dated September 17, 2010 (the "Stipulation") by and between R&R and Richard I. Koral, Inc. d/b/a Jessica's ("Koral"), pursuant to Bankruptcy Rule 9019 and §105(a) of title 11, United States Code (the "Bankruptcy Code"). In support of this Motion to Shorten Time, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A. General**

2. On April 1, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

3. The Debtors are authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee, examiner or official committee of unsecured creditors has been appointed to serve in these cases as of the date of this Motion.

5. The Debtors' Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are a wholesale and retail apparel company specializing in an avant-garde and distinctive line of clothing. Originally started in 2002 by its Chief Executive Officer, Michael Ball, primarily as an American jeans company, the Debtors have expanded their lines to include high fashion clothing for men, women and children as well as shoes, cosmetics and accessories. The Debtors' merchandise can be found at most high end retail stores such as Nordstrom, Neiman Marcus, Bergdorf Goodman, Bloomingdales, Lord & Taylor, Harvey Nichols and Saks Fifth Avenue, as well as in small upscale boutiques.

7. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Affidavit of Geoffrey D. Lurie Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions and Applications (the "Lurie Affidavit") which was filed on the Petition Date and which is incorporated herein by reference.

8. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. The Debtors continue to negotiate with a third party regarding such a plan of reorganization and are in final stages of negotiating a definitive letter of intent.

9. The Stipulation provides for a settlement of all claims between R&R and Koral against one another, including confirmation of termination of the Amended and Restated Distribution Agreement between R&R and Koral dated April, 2010 (the "Amended Agreement"). The Stipulation provides, inter alia, that Koral will have the exclusive right to distribute R&R merchandise in Koral's possession through any channel of distribution and R&R will be prohibited from distributing its products through

certain channels (as set forth in the Stipulation) through November 15, 2010.

10. The Debtors demonstrate in the 9019 Motion that the Stipulation represents a sound exercise of the Debtors' business judgment and approval of the Stipulation is in the best interest of the Debtors' estates. Time is of the essence with respect to the consideration of the 9019 Motion so that the Debtors will have certainty as to when R&R may sell Articles (as defined in the Stipulation) in its possession and through what channels of distribution.

11. The Committee and the Debtors' factor, CIT, have advised the Debtors in writing that they have no objection to the Stipulation.

## RELIEF REQUESTED

12. By this Motion to Shorten Time, the Debtors respectfully request an order shortening the notice required with respect to the 9019 Motion so that it can be heard expeditiously. The Debtors respectfully request a hearing date of September 28, 2010 (the same date as the hearing on the Debtors' motion to further extend exclusivity).

13. Under Local Rule 9006-1(b) and Bankruptcy Rules 9006(c) and 9006(f), a motion for approval of a settlement must be made on twenty-one (21) days notice plus three (3) days for mailing. Bankruptcy Rule 9006(c)(1) provides that the Court may shorten the required notice period in its discretion with or without a motion when cause is shown.

14. In accordance with Local Bankruptcy Rule 9077-1(b), this Motion To Shorten Time demonstrates that sufficient cause exists for entry of an ex parte order shortening notice with respect to the hearing on the Debtors' 9019 Motion.

15. No previous application for the relief requested in this Motion To Shorten

259791V1 4

Time has been made in this Court.

## NOTICE

16. Pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1(b), this Motion is being made on limited notice, with notice to the Committee, RKF, the U.S. Trustee and CIT. As discussed above, the Debtors submit that time is of the essence with respect to the consideration of the 9019 Motion. The Debtors submit that service of the 9019 Motion, the Stipulation and this Motion To Shorten Time by e-mail service to (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq.; (iii) counsel to Koral, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Suzanne D.T. Lovett, Esq.; and (iv) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, should be deemed good and sufficient notice.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order granting this Motion to Shorten Time and authorizing the 9019 Motion to be heard by this Court on September 28, 2010, and such other and further relief that this Court may deem just and proper.

Dated: New York, New York
September 22, 2010

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for the Debtors and
Debtors in Possession

By: _____
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-9400

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                              :    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC., et al:  Case No. 10-11728(AJG)
                                           (Jointly Administered)
                        Debtors.    :
------------------------------------x

### ORDER SHORTENING TIME AND SCHEDULING HEARING WITH RESPECT TO DEBTORS' MOTION FOR APPROVAL OF STIPULATION BY AND BETWEEN ROCK & REPUBLIC ENTERPRISES, INC. AND RICHARD I. KORAL, INC. D/B/A JESSICA'S, SETTLING ALL CLAIMS RELATING TO DISTRIBUTION AGREEMENT

Upon the ex parte motion dated September 22, 2010 (the "Ex Parte Motion") filed by Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors-in-possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., for an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, shortening the time with respect to the Debtors' motion dated September 22, 2010 (the "9019 Motion") for approval of the Stipulation dated September 17, 2010 (the "Stipulation") by and between R&R and Richard I. Koral, Inc. d/b/a Jessica's ("Koral"), pursuant to Bankruptcy Rule

259793 v1

9019 and §105(a) of title 11, United States Code (the "Bankruptcy Code"), and due deliberation having been had and sufficient cause appearing therefor; it is hereby

**ORDERED**, that a hearing to consider the 9019 Motion shall be held before the Honorable Arthur J. Gonzalez, Chief United States Bankruptcy Judge, in Courtroom 523, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on **September 28, 2010 at 9:30 A.M.** (Prevailing Eastern Time); and it is further

**ORDERED**, that service of this Order, the Ex Parte Motion and the 9019 Motion by email or overnight mail or hand delivery upon (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq.; (iii) counsel to Koral, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: Suzanne D.T. Lovett, Esq.; and (iv) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, would constitute good and sufficient notice of the 9019 Motion and constitutes sufficient notice and no further notice is necessary.

Dated: New York, New York
       September __, 2010

                                          ARTHUR J. GONZALEZ
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE