HEARING DATE: TBD
HEARING TIME: TBD

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
In re:                                            Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                Case No. 10-11728 (AJG)
et al.,                                           (Jointly Administered)
                         Debtors.

------------------------------------x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO COMMIT TO AN EXCLUSIVITY AND STAND-STILL PROVISION CONTAINED IN NON-BINDING LETTER OF INTENT PURSUANT TO 11 U.S.C. §363(b)(1)**

TO: THE HONORABLE ARTHUR J. GONZALEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors in possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., as and for their motion (the "Motion") for entry of an order pursuant to section 363(b)(1) of title 11, United States Code (the "Bankruptcy Code"), substantially in the form annexed hereto as **Exhibit "A"** (the "Proposed Order"),

259920 v1

authorizing the Debtors to commit to an exclusivity and stand-still provision (the "Exclusivity Provision") contained in a non-binding letter of intent dated September 16, 2010 (the "LOI") annexed hereto as **Exhibit "B"**,[1] respectfully represent as follows:

## INTRODUCTION

1. On September 16, 2010, the Debtors and one of their affiliates, Rock Holdings, Inc. (collectively, the "Company") entered into the LOI, which is non-binding, with a potential purchaser of assets of the Debtors. The potential purchaser is a newly formed entity known ad GR Acquisition, LLC ("Purchaser"). Contemporaneously with the filing of this Motion, the Debtors are moving to file the LOI under seal pursuant to Bankruptcy Code section 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), because release of certain information contained in the LOI could have an adverse effect on the Debtors' business. The LOI contains the Exclusivity Provision described below.

2. By this Motion, the Debtors seek entry of the Proposed Order, authorizing the Debtors, pursuant to Bankruptcy Code section 363(b)(1), to commit to the Exclusivity Provision contained in the LOI.

3. The Debtors are moving, simultaneously with the filing of this Motion, to have this Motion heard on shortened notice.

## JURISDICTION

4. Pursuant to 28 U.S.C. §1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper

---

[1] Contemporaneously with the filing of this Motion, the Debtors filed a motion requesting authority to file the LOI under seal. As a result, **Exhibit "B"** to this Motion (the LOI) is not attached to the publicly filed and served version of this Motion.

259920 v1　　　　　　　　　　　　2

under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 363(b) of the Bankruptcy Code.

## BACKGROUND

### A. General

5. On April 1, 2010 (the "Filing Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

6. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On April 13, 2010, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee retained Arent Fox LLP as its counsel.

9. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the Declaration of Geoffrey Lurie, the Debtors' Chief Restructuring Officer, Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions (Docket No. 3).

10. The Debtors obtained a Bar Date of July 30, 2010 by which most creditors were required to file their proofs of claim against the Debtors.

11. By order dated July 21, 2010, the Court extended through September 28, 2010 and through November 27, 2010, the Debtors' exclusive periods to file a plan and to solicit acceptances thereof, respectively.

12. On September 14, 2010, the Debtors filed a motion to further extend their exclusive periods by an additional 45 days. A hearing on that motion has been scheduled for September 28, 2010 at 9:30 A.M.

13. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. The Debtors have worked, and will continue to work, constructively with the Committee as well as other parties in interest.

14. The Debtors executed the LOI with the Purchaser on September 16, 2010.

### B. The LOI

15. The LOI states that it "is intended to summarize certain of the principal terms of a non-binding proposal" being considered pursuant to which the Purchaser is to acquire certain of the Assets of the Debtors free and clear of all liens, claims and encumbrances, for a purchase price of $33,000,000, which may be increased up to $48,000,000 (at the Debtors' option) plus the issuance of certain equity interests pursuant to an Asset Purchase Agreement ("APA") and License Agreement ("LA") (collectively, the "Transaction") which Transaction is to be incorporated in a proposed Plan of Reorganization ("Plan").

16. As stated above, the Debtors are moving to file the LOI under seal.

### C. The Exclusivity Provision

17. The Exclusivity Provision contained in the LOI was requested by the Purchaser due to the fact that the Purchaser will devote substantial time and incur out-of-pocket expenses (including attorney, accountant, and consultant fees and expenses) in connection with conducting business, financial, and legal due diligence investigations of the

Company, drafting and negotiating the LOI, the Definitive Documentation and related documents, and other related expenses (collectively, the "Acquisition Expenses").

18. In order to induce the Purchaser to incur the Acquisition Expenses, the Exclusivity Provision provides that the Debtors and Purchaser agree that from and after execution of the LOI and continuing until November 15, 2010 (or as extended by the Committee in the event an APA, LA, Operating Agreement and Non-Compete Agreement are not fully executed by November 15, 2010) or February 28th (or such date as extended by Purchaser in accordance with the LOI) in the event that a fully executed APA (reasonably acceptable to the Committee), LA, Operating Agreement and Non-Compete Agreement are completed by November 15, 2010, whichever is later (the "Exclusivity Period"), the Company shall not, nor shall the Company permit any of its officers, directors, principals, agents or affiliates to:

>   (i) enter into any written or oral agreement or understanding with any person or entity (other than the Purchaser) regarding Another Transaction;[2]
>
>   (ii) enter into or continue any negotiations or discussions with any person or entity (other than Purchaser) regarding the possibility of Another Transaction; or
>
>   (iii) except as otherwise required by law, court order or similar compulsion, provide any nonpublic financial or other confidential or proprietary information regarding the Company (including the LOI and any other materials containing Purchaser's proposal and any other financial information, projections, or proposals regarding the Company) to any persons or entity (other than to Purchaser, its representatives, the

---

[2] As used in the LOI, the term "Another Transaction" means (i) the sale (whether by sale of stock, merger, consolidation or other disposition) to a third party unrelated to Purchaser of all or any part of the Assets, the licensing, joint venture or other arrangement for the exploitation or utilization of all or any part of the Assets by the Company, any affiliate or others except as expressly provided for in this Letter, or (ii) the Company or any of affiliates propose a Plan or a structured dismissal of the chapter 11 cases that does not include the APA or LA. Nothing in this agreement shall prevent the Company from (i) negotiating with RKF, LLC for the purpose of restructuring the loan so that RKF will release its security interest in the Assets and Marks or (ii) negotiating with the Committee and CIT (or any other factor designated by the Company and approved by the Purchaser) in the Bankruptcy Cases with respect to a Plan that incorporates the provisions of the LOI.

Committee; and to the CIT Group/Commercial Services ("CIT"), (or any other factor designated by the Company and approved by Purchaser) and RKF, LLC ("RKF") the Debtors' secured creditors, but in such event the information to the Debtors' secured creditors shall be limited to the effect, if any, the Transaction may have on their security interests) whom the Company or the shareholders know, or have reason to believe, would have any interest in participating in Another Transaction.

## THE EXCLUSIVITY PROVISION OF THE LOI SHOULD BE APPROVED AS A VALID EXERCISE OF THE DEBTORS' REASONED BUSINESS JUDGMENT

19. The Exclusivity Provision of the LOI represents a valid exercise of the Debtors' business judgment and is in the best interests of the Debtors' estates and the interests of all stakeholders in these Chapter 11 Cases.

20. Where a debtor's proposed use or sale of estate property is outside the ordinary course, section 363(b)(1) of the Bankruptcy Code authorizes the debtor in possession to take such non-ordinary course actions after notice and a hearing. See 11 U.S.C. 363(b)(1)("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...").

21. To approve a non-ordinary course transaction under section 363(b)(1) of the Bankruptcy Code, the Second Circuit requires a debtor to show that the transaction is based upon the sound business judgment of the debtor. See In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir. 1992) (holding that a judge determining a 363(b) application must find a good business reason to grant such application); see also In re Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale or lease of property outside the ordinary course of business); In re G.S. Distrib., 331 B.R. 552, 559 (Bankr. S.D.N.Y. 2005); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (noting that the standard for determining a section

363(b) motion is "a good business reason") In re Global Crossing Ltd., 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003).

22. The business judgment rule shields a debtor's management's decisions from judicial second guessing. In re Johns-Manville Corp., 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) rev'd on other grounds 801 F.2d 60 (2d Cir. 1986) (a "presumption of reasonableness attaches to a Debtor's management decisions" and courts will generally not entertain objections to the debtor's conduct after a reasonable basis is set forth).

23. Once a debtor articulates a valid business justification, the law vests the debtor's decision to use property outside of the ordinary course of business with a strong presumption that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." In re Integrated Res., Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (citations and internal quotations omitted), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

24. "The business judgment rule 'is a presumption that in making a business decision, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" Adelphia, 2003 Bankr. LEXIS 1281, 2003 WL 2316543, at *30 (quoting Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992)). This presumption "shields corporate decision-makers and their decisions from judicial second-guessing when the following elements are present: '(1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to

some courts and commentators, no abuse of discretion or waste of corporate assets.'" Id. (quoting Integrated, 147 B.R. at 656.) "Parties opposing the proposed exercise of a debtor's business judgment have the burden of rebutting the presumption of validity." Integrated, 147 B.R. at 656.

25. Courts will not interfere with a board's decision "as long as [the decision is] attributable to any rational business purpose." Integrated, 147 B.R. at 656 (quotation marks omitted); See also In re Aerovox, Inc., 269 B.R. 74, 80 (D. Mass. 2001)("[A] debtor's business decision should be approved by the court unless it is shown to be so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, whim or caprice.")(quotation marks omitted).

26. Based on the above, committing to the Exclusivity Provision should be approved as a valid exercise of the Debtors' reasoned business judgment and should be authorized pursuant to Bankruptcy Code section 363(b).

## NO PREVIOUS MOTION

27. No previous motion for the relief sought herein has been made in this or any other Court.

## NOTICE

28. The Debtors are moving, simultaneously with the filing of this Motion, to have this Motion heard on shortened notice.

29. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors propose to serve notice of this Motion, as the Court shall direct, upon: (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: Schuyler Carroll, Esq. and James Sullivan, Esq.; and (iii) all parties

entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

**WHEREFORE,** the Debtors respectfully request that this Court enter the Proposed Order.

Dated: New York, New York
      September 22, 2010

                    TODTMAN, NACHAMIE, SPIZZ
                          & JOHNS, P.C.
                    Attorneys for the Debtors and
                    Debtors in Possession

          By:   *s/Arthur Goldstein*
                    Alex Spizz, Esq.
                    Arthur Goldstein, Esq.
                    Jill Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-9400

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
In re:                                            Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                Case No. 10-11728 (AJG)
et al.,                                           (Jointly Administered)
                    Debtors.

------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §363(b)(1) AUTHORIZING THE DEBTORS TO COMMIT TO AN EXCLUSIVITY AND STAND-STILL PROVISION CONTAINED IN NON-BINDING LETTER OF INTENT**

Upon the motion dated September 22, 2010 (the "Motion") of Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), debtors and debtors in possession herein (collectively, the "Debtors"), by their attorneys, Todtman, Nachamie, Spizz & Johns, P.C., for an order pursuant to §363(b)(1) of title 11, United States Code (the "Bankruptcy Code"), authorizing the Debtors to commit to an exclusivity and stand-still provision (the "Exclusivity Provision") contained in a non-binding letter of intent dated September 16, 2010 (the "LOI"), and this Court having determined that the relief requested in the Motion is in the best interest of the Debtors, their estates, and

259944 v1

creditors; and it appearing from the affidavit of service that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after hearing the attorneys for the Debtors in support of the Motion; and upon the papers filed in connection with the Motion; and upon the record of the Hearing; and any objections to the relief sought in the Motion having been withdrawn or overruled; and due deliberation having been had and sufficient cause appearing therefor; it is hereby,

**ORDERED**, that the Motion is hereby granted and approved; and it is further

**ORDERED**, that the Debtors are authorized to commit to the Exclusivity Provision contained in the LOI pursuant to Bankruptcy Code section 363(b)(1).

Dated: New York, New York
      September ___, 2010

ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE