TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ROCK & REPUBLIC ENTERPRISES, INC., et al., | Case No. 10-11728 (AJG) (Jointly Administered) |
| Debtors. | |

------------------------------------x

**DEBTORS' MOTION TO FILE NON-BINDING LETTER OF INTENT UNDER SEAL PURSUANT TO 11 U.S.C. §107(b)(1) AND FED. R. BANK. P. 9018**

TO: THE HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), debtors and debtors in possession herein (collectively, the "Debtors"), submit this motion (the "Motion") for an order pursuant to section 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure

259885 v1

(the "Bankruptcy Rules") for authorization to file a certain non-binding letter of intent dated September 16, 2010 ("LOI") under seal, and respectfully represent:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## FACTUAL BACKGROUND

**A.** **General**

2. On April 1, 2010 (the "Filing Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

3. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On April 13, 2010, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee retained Arent Fox LLP as its counsel.

6. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 cases is contained in the Declaration of Geoffrey Lurie, the Debtors' Chief Restructuring Officer, Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions (Docket No. 3).

7. The Debtors obtained a Bar Date of July 30, 2010 by which most creditors were required to file their proofs of claim against the Debtors.

8. By order dated July 21, 2010, the Court extended through September 28, 2010 and through November 27, 2010, the Debtors' exclusive periods to file a plan and to solicit acceptances thereof, respectively.

9. On September 14, 2010, the Debtors filed a motion to further extend their exclusive periods by an additional 45 days. A hearing on that motion has been scheduled for September 28, 2010 at 9:30 A.M.

10. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. The Debtors have worked, and will continue to work, constructively with the Committee as well as other parties in interest. The vital components underlying a chapter 11 plan are being developed as rapidly as possible and the Debtors are now in the final stages of negotiating a definitive letter of intent.

**B.** **The LOI**

11. On September 16, 2010, the Debtors and one of their affiliates, Rock Holdings, Inc. (collectively, the "Company") entered into the LOI, which is non-binding, with a potential purchaser of assets of the Debtors. The potential purchaser is a newly formed entity, GR Acquisition, LLC (the "Purchaser").

12. The LOI states that it "is intended to summarize certain of the principal terms of a non-binding proposal" being considered pursuant to which the Purchaser is to acquire certain of the Assets of the Debtors free and clear of all liens, claims and encumbrances, for a purchase price of $33,000,000, which may be increased up to

$48,000,000 (at the Debtors' option) plus the issuance of certain equity interests pursuant to an Asset Purchase Agreement ("APA") and License Agreement ("LA") (collectively, the "Transaction") which Transaction is to be incorporated in a proposed Plan of Reorganization ("Plan").

13. The Debtors seek to file the LOI under seal because release of certain information contained therein could have an adverse effect on the business of the Debtors. Non-public disclosure of the LOI will not have any negative effect on the interests of creditors.

### C. The Debtors' Motion For Authorization To Commit To The Exclusivity Provision Of The LOI

14. On September 22, 2010, the Debtors filed a motion (the "Authorization Motion") for authorization to commit to the exclusivity and stand-still provision of the LOI, pursuant to Bankruptcy Code section 363(b)(1). Contemporaneously with the filing of this Motion, the Debtors are moving to have both this Motion and the Authorization Motion heard on shortened notice.

### RELIEF REQUESTED

15. Pursuant to Section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors hereby seek to file the LOI under seal.

16. Filing the LOI under seal is necessary to protect the Debtors' confidential commercial information. Disclosure of certain terms of the LOI could potentially damage the Debtors' existing business.

## BASIS FOR RELIEF

17. Pursuant to section 107(b) of the Bankruptcy Code, the Court may order that the LOI be filed under seal. Section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . [.]

11 U.S.C. § 107(b)(1).

18. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information... [.]

Fed. R. Bankr. P. 9018.

19. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are "designed to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad -- any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." Id. at 724 (internal citations omitted).

20. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d. Cir. 1994). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id. at 28.

21. In Orion, the Second Circuit affirmed the bankruptcy court's order that a licensing agreement remain sealed because the release of any information pertaining to the licensing agreement would adversely affect the debtor's ability to negotiate favorable promotional agreements, thereby giving its competitors an unfair advantage. Id. In affirming the order of protection, the Second Circuit noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. Id. at 27 (citing In re Orion Pictures Corp., 1993 U.S. Dist. LEXIS 111734, at *2 (S.D.N.Y. August 25, 1993)). The Second Circuit further noted that, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial in nature." Id. (internal quotation marks omitted).

22. Within the categories of information entitled to protection, courts in this district have recognized that information that is critical to the entity seeking the protective order such that its disclosure will adversely affect existing or possible future business ventures is entitled to be filed under seal. In re Barney's Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) (stating that the Second Circuit's decision in Orion

mandates sealing documentary information when disclosure thereof will have an adverse impact on the entity's competitive endeavors).

23. Based on the published decisions described above, the issuance of a protective order allowing the Debtors to file the LOI under seal is warranted here. The LOI contains precisely the sort of sensitive and confidential information that should be filed under seal. Public release of this information could have an adverse effect on the Debtors' business. Allowing the LOI to be filed under seal would cause no prejudice to the other parties in interest.

## NOTICE

24. The Debtors are moving, contemporaneously with the filing of this Motion, to have this Motion and the Authorization Motion heard on shortened notice.

25. No trustee or examiner has been appointed in these chapter 11 cases. The Debtors propose to serve notice of this Motion, as the Court shall direct, upon: (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: Schuyler Carroll, Esq. and James Sullivan, Esq.; and (iii) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior request for the relief sought in this Motion has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter an order substantially in the form annexed hereto as **Exhibit "A"** granting the relief

requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: New York, New York
      September 22, 2010

Respectfully submitted,

TODTMAN, NACHAMIE, SPIZZ
 & JOHNS, P.C.
Attorneys for the Debtors and
Debtors in Possession

By: _____
    Alex Spizz, Esq.
    Arthur Goldstein, Esq.
    Jill Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-940

**EXHIBIT "A"**

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
 and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
In re:                                                    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,       Case No. 10-11728 (AJG)
et al.,                                                   (Jointly Administered)
                              Debtors.

------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. § 107(b)(1) AND FED. R. BANK. P. 9018, AUTHORIZING THE DEBTORS TO FILE NON-BINDING LETTER OF INTENT UNDER SEAL

Upon the motion dated September 22, 2010 (the "Motion") filed by Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors-in-possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., for an order pursuant to §107(b)(1) of title 11, United States Code (the "Bankruptcy Code") and Fed. R. Bank. P. 9018, for an order authorizing Debtors to file a non-binding letter of intent dated September 16, 2010 (the "LOI") under seal, and the Court having determined that the legal and factual bases set forth in the Motion establish grounds for the relief granted herein; and it appearing from the affidavit of service that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after hearing the attorneys for the

259888 v1

Debtors in support of the Motion; and upon the papers filed in connection with the Motion; and upon the record of the Hearing; and any objections to the relief sought in the Motion having been withdrawn or overruled; and due deliberation having been had and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Debtors are authorized to file the LOI under seal pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018.

Dated: New York, New York
      September _____, 2010

_____
ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE