TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | | |
| ROCK & REPUBLIC ENTERPRISES, INC., et al., | : | Case No. 10-11728(AJG) (Jointly Administered) |
| Debtors. | : | |

----------------------------------- -x

**DEBTORS' *EX PARTE* MOTION FOR AN ORDER SHORTENING TIME AND SCHEDULING HEARINGS WITH RESPECT TO (A) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO COMMIT TO AN EXCLUSIVITY AND STAND-STILL PROVISION CONTAINED IN NON-BINDING LETTER OF INTENT PURSUANT TO 11 U.S.C. §363(b)(1) AND (B) DEBTORS' MOTION TO FILE NON-BINDING LETTER OF INTENT UNDER SEAL PURSUANT TO 11 U.S.C. §107(b)(1) AND FED. R. BANK. P. 9018**

TO: HONORABLE ARTHUR J. GONZALEZ
    CHIEF UNITED STATES BANKRUPTCY JUDGE

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the Chapter 11 debtors herein (collectively, the "Debtors"), hereby respectfully move this Court under Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, for the entry of an order, a copy of which is attached hereto as **Exhibit "A"**, shortening the notice required to be provided and scheduling a

259959 v1

hearing with respect to (i) the Debtors' motion dated September 22, 2010 (the "Authorization Motion") (Docket No. 376) seeking authorization pursuant to § 363(b)(1) of title 11, United States Code (the "Bankruptcy Code") for the Debtors to commit to an exclusivity and stand-still provision (the "Exclusivity Provision") contained in a non-binding letter of intent dated September 16, 2010 (the "LOI"), and (ii) the Debtors' motion dated September 22, 2010 (the "Motion to Seal") (Docket No. 377), seeking to file the LOI under seal, pursuant to Bankruptcy Code §107(b)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion to Shorten Time, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.** **General**

2. On April 1, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

3. The Debtors are authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee, examiner or official committee of unsecured creditors has been appointed to serve in these cases as of the date of this Motion.

5. The Debtors' Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. The Debtors are a wholesale and retail apparel company specializing in an avant-garde and distinctive line of clothing. Originally started in 2002 by its Chief Executive Officer, Michael Ball, primarily as an American jeans company, the Debtors have expanded their lines to include high fashion clothing for men, women and children as well as shoes, cosmetics and accessories. The Debtors' merchandise can be found at most high end retail stores such as Nordstrom, Neiman Marcus, Bergdorf Goodman, Bloomingdales, Lord & Taylor, Harvey Nichols and Saks Fifth Avenue, as well as in small upscale boutiques.

7. Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the Affidavit of Geoffrey D. Lurie Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Motions and Applications (the "Lurie Affidavit") which was filed on the Petition Date and which is incorporated herein by reference.

8. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. On September 16, 2010, the Debtors entered into the LOI.

## RELIEF REQUESTED

9. By this Motion to Shorten Time, the Debtors respectfully request an order shortening the notice required with respect to the Authorization Motion and the Motion to Seal (collectively, the "Motions") so that the Motions can be heard expeditiously. The Debtors respectfully request that the Court schedule a hearing date on the Motions at

the Court's earliest convenience.

10. Under Local Rule 9006-1(b) and Bankruptcy Rules 9006(c) and 9006(f), the Authorization Motion must be made on twenty-one (21) days notice plus three (3) days for mailing and the Motion to Seal must be made on fourteen (14) days notice plus three (3) days for mailing. Bankruptcy Rule 9006(c)(1) provides that the Court may shorten the required notice period in its discretion with or without a motion when cause is shown.

11. In accordance with Local Bankruptcy Rule 9077-1(b), this Motion To Shorten Time demonstrates that sufficient cause exists for entry of an ex parte order shortening notice with respect to the hearings on the Motions. Time is of the essence with respect to consideration of the Motions because pursuant to the LOI, the prospective purchaser has commenced its due diligence based upon the Debtors' agreement to seek immediate Court approval of the Exclusivity Provision of the LOI.

12. No previous application for the relief requested in this Motion to Shorten Time has been made in this Court.

## NOTICE

13. Pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1(b), this Motion is being made on limited notice, with notice to (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: Schuyler Carroll, Esq. and James Sullivan, Esq.; and (iii) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that time is of the essence with respect to the consideration of the Motions. The Debtors submit that service of the Motions, and this Motion To Shorten

Time by e-mail service to the foregoing parties should be deemed good and sufficient notice.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order granting this Motion to Shorten Time and authorizing the Motions to be heard at the Court's earliest convenience, and such other and further relief that this Court may deem just and proper.

Dated: New York, New York
September 22, 2010

                        TODTMAN, NACHAMIE, SPIZZ
                                & JOHNS, P.C.
                        Attorneys for the Debtors and
                        Debtors in Possession

                        By:   s/ Jill Makower
                              Alex Spizz, Esq.
                              Arthur Goldstein, Esq.
                              Jill Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-9400

EXHIBIT "A"

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                               :    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC., et al:   Case No. 10-11728(AJG)
                                          (Jointly Administered)
                       Debtors.      :
------------------------------------x

ORDER SHORTENING TIME AND SCHEDULING HEARING WITH RESPECT TO (A) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO COMMIT TO AN EXCLUSIVITY AND STAND-STILL PROVISION CONTAINED IN NON-BINDING LETTER OF INTENT PURSUANT TO 11 U.S.C. §363(b)(1), AND (B) DEBTORS' MOTION TO FILE NON-BINDING LETTER OF INTENT UNDER SEAL PURSUANT TO 11 U.S.C. §107(b)(1) AND FED. R. BANK. P. 9018

Upon the ex parte motion dated September 22, 2010 (the "Motion To Shorten Time") filed by Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors-in-possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., for an order pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(b) and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York, shortening the time with respect to (a) the Debtors' motion dated September 22, 2010 (the "Authorization Motion") seeking authorization for the Debtors to commit to an

259961 v1

exclusivity and stand-still provision contained in a non-binding letter of intent dated September 16, 2010 (the "LOI"), pursuant to §363(b)(1) of title 11, United States Code (the "Bankruptcy Code"), and (b) the Debtors' motion dated September 22, 2010 (the "Motion to Seal"), seeking authorization to file the LOI under seal pursuant to Bankruptcy Code Section 107(b)(1) and Bankruptcy Rule 9018, and due deliberation having been had and sufficient cause appearing therefor; it is hereby

**ORDERED**, that a hearing to consider the Authorization Motion and the Motion to Seal (collectively, the "Motions") shall be held before the Honorable Arthur J. Gonzalez, Chief United States Bankruptcy Judge, in Courtroom 523, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on _____, 2010 at _____ **A.M.** (Prevailing Eastern Time); and it is further

**ORDERED**, that service of this Order, the Motion To Shorten Time and the Motions by email or overnight mail or hand delivery upon (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq.; and (iii) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, would constitute good and sufficient notice of the Motions and constitutes sufficient notice and no further notice is necessary.

Dated: New York, New York
      September __, 2010

                                              _____
                                              ARTHUR J. GONZALEZ
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE