| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |
| ------------------------------------------------------------------x<br>In re:<br><br>ROCK & REPUBLIC ENTERPRISES, INC., *et al.*,<br><br><br>                                               Debtors.<br>------------------------------------------------------------------x | Chapter 11<br><br>Case No. 10-11728 (AJG)<br><br>(Jointly Administered) |

## MEMORANDUM OF DECISION AND ORDER GRANTING, IN PART, MOTION TO COMPEL PRODUCTION OF DOCUMENTS

A P P E A R A N C E S:

MORGAN LEWIS & BOCKIUS LLP
Counsel for New Pacific Rodeo, LLC
  By:   Wendy S. Walker, Esq.
101 Park Avenue
New York, New York 10178-0600


  By:   Charles Malaret, Esq.
300 South Grand Avenue
Los Angeles, California 90071

COLEMAN FROST LLP
Special Litigation Counsel to Rock & Republic Enterprises, Inc.
  By:   Derrick F. Coleman, Esq.
           Bruce A. Armstrong, Esq.
           Daniel L. Alexander, Esq.
429 Santa Monica Blvd., Ste 700
Santa Monica, California 90401


**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is the motion of New Pacific Rodeo, LLC ("New Pacific") to

compel Rock & Republic Enterprises, Inc. ("R&R"), one of the above-captioned debtors (the

"Debtors"), to produce various documents and to overrule R&R's objections with respect to

certain documents that have already been produced by third parties (the "Motion to Compel"). R&R opposes the Motion to Compel, arguing that the requested documents are protected by the attorney-client and the attorney work product privileges. Additionally, R&R asserts that this document production dispute should be settled by a discovery referee previously appointed by a California court in related state litigation. For the reasons set forth below, the Motion to Compel is granted in part and denied in part.

## BACKGROUND

The Debtors constitute a wholesale and retail apparel company, whose merchandise is carried in numerous retail stores and boutiques throughout the country. The Debtors also directly operate several retail locations. New Pacific is the lessor of certain real property located at 319 North Rodeo Drive in Beverly Hills, California (the "Premises"). R&R is the sublessee of the Premises.

On March 13, 2009, New Pacific filed a complaint (as amended, the "Complaint") against R&R, amongst others, in the Superior Court of the State of California, County of Los Angeles (the "State Court"), designated as Case No. BC 409639 (the "State Court Action"). The Complaint seeks, among other things, recovery of amounts due under the lease of the Premises. The State Court Action was scheduled for trial on April 28, 2010.

On May 18, 2009, New Pacific served a request for production of documents upon R&R in connection with the State Court Action. After several delays, certain documents were produced, but R&R failed to produce a privilege log to identify documents that had been withheld from the production. On September 21, 2009, New Pacific filed a motion with the State Court to compel production of a privilege log. On November 30, 2009, following the entry of a stipulation and order by the State Court, R&R served a privilege log (the

"Privilege Log")[1] on New Pacific. In addition to discovery requests of R&R, New Pacific sought document discovery by subpoena from various third parties. On January 22, 2010, R&R identified several documents that had previously been produced by third party Stoelt Productions, to which it objected on the basis of attorney-client privilege (the "Supplemental Log").[2]

The parties held several meet and confer sessions regarding the disputed documents. Pursuant to a subsequent stipulation and order entered by the State Court, dated February 22, 2010, the parties agreed to submit the disputed documents to a mutually agreed upon discovery referee for in camera review and to be bound by the referee's ruling on the documents in dispute.

On April 1, 2010, the Debtors filed for relief under chapter 11 of the Bankruptcy Code. In accordance with section 362 of the Bankruptcy Code, the State Court Action was stayed with respect to the Debtors. The State Court subsequently stayed the State Court Action in its entirety. On June 9, 2010, this Court entered an order granting the joint motion of the Debtors and New Pacific to lift the automatic stay and proceed with the State Court Action. Upon learning that the State Court had rescheduled the trial for May 11, 2011, the Debtors filed a motion seeking to reinstate the automatic stay, arguing that the claims asserted in the State Court Action must be dealt with expeditiously in the Bankruptcy Court so as to avoid interfering with negotiation of the Debtors' plan of reorganization. On July 30, 2010, this Court entered an order denying the Debtors' motion to reinstate the stay. The

---

[1] A copy of the Privilege Log is attached as Exhibit A to the *Declaration of Laura H. McKaskle in Support of New Pacific Rodeo, LLC's Motion to Compel Production of Documents on Debtors' Privilege Log and Motion to Overrule Debtors' Objection to Documents Produced by Third Party Stoelt Productions*, dated September 23, 2010 (Docket No. 388) (the "McKaskle Declaration").

[2] A copy of the Supplemental Log is attached as Exhibit E to the McKaskle Declaration.

Debtors subsequently filed an objection to the claims of New Pacific, among others (the "Objection"), seeking to have the claims expunged or, alternatively, estimated for all purposes at $0.00.[3]

As a result of the Debtors' chapter 11 filing, the parties' discovery dispute was never submitted to the referee. Subsequent to the filing of the Objection, this Court entered an Amended Scheduling Order, dated September 22, 2010, stating

> [a]ll discovery . . . taken in the action (the "State Court Discovery") pending in the Superior Court of the State of California . . . (the "Action") shall be deemed admissible in the Debtors' cases in connection with the Objection, subject to the rights of the parties to argue that such discovery is inadmissible on grounds other than that the State Court Discovery was elicited in connection with the Action. All such arguments are preserved and shall be heard by this Court . . . .

(Am. Scheduling Order, ¶ 1). The Amended Scheduling Order further states that "[i]f necessary, a hearing on the [p]rivilege [i]ssue will be scheduled by the Court." (*Id.* at ¶ 5).

The documents in dispute can be divided into four categories. The first category relates to communications between R&R and Matt Stoelt, who was hired by R&R as a fashion show and staging consultant (the "Stoelt Documents"). The second category involves documents subpoenaed by New Pacific that contain communications between R&R and two real estate brokers, Jay Luchs and Brent Ball (the "Luchs/Ball Documents"). The third category involves internal communications between R&R employees (the "R&R Documents") and the fourth category includes eight internal R&R communications on which

---

[3] While the bankruptcy case itself is assigned to the Honorable Arthur J. Gonzalez, all issues relating to the Objection, including this discovery dispute, have been referred to the Honorable Sean H. Lane.

4

R&R's in-house counsel is copied, but is not the author of the communication (the "R&R Counsel Documents").[4]

## DISCUSSION

Under California law, the attorney-client privilege enables a client to "refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer . . . ." Cal. Evid. Code § 954.[5] Confidential communications are defined as

> information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code § 952. The attorney-client privilege is narrowly construed because of its ability to prevent the admission of evidence that is relevant and otherwise admissible. *See McKesson HBOC, Inc. v. Superior Court*, 115 Cal. App. 4th 1229, 1236 (2004).

"[T]he party claiming the attorney-client privilege as a bar to disclosure has the burden of showing that the communication sought to be suppressed falls within the parameters of the privilege." *Doe 2 v. Superior Court*, 132 Cal. App. 4th 1504, 1522 (2005)

---

[4] New Pacific's Motion to Compel identified two other categories where R&R initially objected to production but for which the disputes have now been resolved. First, R&R objected to the production of documents between R&R and Tom Rael, an architect hired by R&R to assess work performed at the Premises. As Mr. Rael had been designated as an expert witness by R&R, R&R has withdrawn its objection to the production of these documents. Second, R&R asserted that certain documents are covered by the right to privacy contained in the California constitution. In a telephonic conference with the Court on October 7, 2010, the parties agreed to the exchange of these documents on a confidential basis, with any privacy objections to be presented to the Court during the trial on the Objection.

[5] Both parties maintain that California law is controlling for purposes of this issue. The Court agrees. *See In re Asia Global Crossing, Ltd.*, 322 B.R. 247, 254 (Bankr. S.D.N.Y. 2005) (state privilege law applies where underlying claim or defense is governed by state law).

5

(citing *Scripps Health v. Superior Court*, 109 Cal. App. 4th 529, 533 (2003)).

"Once the foundational facts have been presented, i.e., that a communication has been made 'in confidence in the course of the lawyer-client . . . relationship, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish that the communication was not confidential,' or that an exception exists." *State Farm Fire & Casualty Co. v. Superior Court*, 54 Cal. App. 4th 625, 639 (1997) (quoting Cal. Evid. Code § 917).

Several limitations exist with respect to the privilege. First, a routine and nonprivileged communication between corporate employees transacting general company business will not be considered privileged simply because in-house or outside counsel is "copied in" on the correspondence. *See Zurich American Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485, 1504 (2007) (citing *Doe 2*, 132 Cal. App. 4th at 1521-1522; *Wellpoint Health Networks, Inc. v. Superior Court*, 59 Cal. App. 4th 110, 119 (1997)). Second, the attorney-client privilege cannot be used to shield from discovery facts, as opposed to communications. "Any relevant fact may not be withheld merely because it was incorporated into a communication involving an attorney." *Zurich*, 155 Cal. App. 4th at 1504 (citing *Upjohn v. U.S.*, 449 U.S. 383, 395–96 (1981); *Triple A Machine Shop, Inc. v. State of California*, 213 Cal. App. 3d 131, 143 (1989)). Third, the privilege will not apply where an attorney "merely acts as a negotiator for the client, gives business advice or otherwise acts as a business agent." *Zurich*, 155 Cal. App. 4th at 1504 (quoting *Aetna Casualty & Surety Co.* v. *Superior Court*, 153 Cal. App. 3d 467, 475 (1984); citing *Chicago Title Ins. Co. v. Superior Court*, 174 Cal. App. 3d 1142, 1151 (1985)).

6

In addition, California has recognized the attorney work product privilege in California Code of Civil Procedure section 2018.030, which provides,

> (a) A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances.
> (b) The work product of an attorney, other than a writing described in subdivision (a), is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice.

*Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 814 (2007).

### A.  Request for Discovery Referee

As a threshold matter, R&R asserts that the current dispute should be decided by the discovery referee that was appointed in the State Court Action. Since the appointment of the referee, however, the Debtors have affirmatively availed themselves of this forum by filing the Objection seeking to expunge or estimate the claim of New Pacific. Furthermore, the Amended Scheduling Order entered by this Court on September 22, 2010, clearly states that all arguments with respect to discovery are to be heard by this Court, including, as necessary, a hearing on these privilege issues. A referral to a state court discovery referee would also unduly delay resolution of the New Pacific claim issue, which is scheduled for trial in this Court starting on November 9, 2010. Indeed, New Pacific has requested that, if the discovery issues are sent to the referee, the trial that is currently scheduled on the Objection be adjourned to a later date.[6] For all these reasons, the Court rejects R&R's request to refer this discovery dispute to the California referee.

---

[6] On a related note, the Debtors previously argued the necessity for a speedy resolution of the claims of New Pacific as the basis for their request to re-impose the automatic stay.

B.  Category One and Two Documents

New Pacific argues that any privilege that may have existed with respect to the Stoelt Documents and the Luchs/Ball Documents was waived when the documents were sent to Stoelt, Luchs and Ball.  R&R counters that the attorney-client privilege extends to Stoelt, Luchs and Ball because they constitute third parties "to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted . . . ."  Cal. Evid. Code § 952.

It is true that the privilege will extend to confidential communications made to third parties "if they are made to attorneys, to family members, business associates, or agents of the party or his attorneys on matters of joint concern, when disclosure of the communication is reasonably necessary to further the interest of the litigant."  *OXY Resources California LLC v. Superior Court*, 115 Cal. App. 4th 874, 890 (2004) (citing *Insurance Co. of North America v. Superior Court*, 108 Cal. App. 3d 758, 767 (1980).  "While involvement of an unnecessary third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication."  *Id.*

With respect to these third parties, however, R&R has not satisfied its burden of establishing that privilege applies to the majority of these documents.  To support its position, R&R relies on the Privilege Log and the Supplemental Log.  R&R has included categories of information in the Privilege Log and the Supplemental Log, including: (i) date of document, (ii) recipient(s), (iii) author, and (iv) document description or subject.  The information contained in the description category is cursory at best, including references such as "email" or "Email re: 319 N. Rodeo."

8

Where a privilege log is being relied upon as the basis for asserting the privilege, it must provide sufficient information to demonstrate that the documents are "confidential communications" that contain information relating to "a legal opinion formed and the advice given by the lawyer in the course of that relationship." Cal. Evid. Code § 952. This is because "[t]he purpose of a 'privilege log' is to provide a specific factual description of documents in aid of substantiating a claim of privilege in connection with a request for document production . . . The purpose of providing a specific factual description of documents is to permit a judicial evaluation of the claim of privilege." *Best Products, Inc. v. Superior Court*, 119 Cal. App. 4th 1181, 1189 (2004) (quoting *Hernandez v. Superior Court*, 112 Cal. App. 4th 285, 292 (2003)). Thus, where a motion to compel production has been filed, the party asserting the privilege should "produce a privilege log that is sufficiently specific so the trial court could determine whether a specific document is or is not privileged." *Id.*; *see also Wellpoint Health Networks v. Superior Court*, 59 Cal. App. 4th 110, 129-30 (1997) ("The information in the privilege log must be sufficiently specific to allow a determination of whether each withheld document is or is not fact privileged.").

In its call for specifics, California law mirrors the requirement of federal law. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). As the Second Circuit has observed:

> A person claiming the privilege must establish all of its essential elements. *See, e.g., In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973). "That burden is

> not, of course, discharged by mere conclusory or ipse dixit assertions . . . ." *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965); *see also Von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987).

*In re Grand Jury Subpoena Dated July 6, 2005*, 256 Fed. Appx. 379, 382 (2d Cir. 2007)

As to the Stoelt Documents, the Supplemental Log does nothing to explain the basis for the application of privilege to these documents. Some of the subject matter descriptions in the log are devoid of content. (*See* McKaskle Declaration, Ex. E, pg. 2, entries 1 and 7) (the full text of the subject matter description for the documents states "RE:" and "Re: Checking In," respectively). This is particularly troubling given that many of the Stoelt Documents are not communications to or from an attorney but instead appear to be business communications directly between Mr. Stoelt and individuals at R&R. *Id.* In any event, nowhere in the Supplemental Log for the Stoelt Documents does R&R provide any explanation as to what kind of privileged communications might have been shared with Stoelt, much less why disclosure of any privileged information was necessary to further the interest of R&R.

The only evidence submitted by R&R are several emails relating to Stoelt's role in the R&R store at the center of the underlying controversy. Nothing in these emails, however, addresses what privileged communications Stoelt might have received or why. Rather, the emails confirm the business nature of Stoelt's role in preparing drawings for the site as project manager for the construction. The business focus of his work only highlights R&R's failure to explain why communications involving Stoelt would be entitled to attorney-client protection. Therefore, the Court concludes that R&R has not satisfied its burden of establishing the attorney-client privilege for any Stoelt Documents that reflect communications for which no attorney was copied on the correspondence or for which an

10

attorney was one of the many recipients. Accordingly, all these documents must be produced.[7]

The same conclusion can be made with respect to the Luchs/Ball Documents. The Privilege Log fails to explain the basis for the application of the privilege and the subject descriptions also lack meaningful content. (*See* McKaskle Declaration, Ex. A, pg. 29, entries 2 and 4 (the full text of the subject matter description for each of the documents states "E-mail"). Again, many of the Luchs/Ball Documents are not communications to or from an attorney but appear to be business communications between R&R employees and Brent Ball or Jay Luchs. (*Id.*) The Privilege Log again fails to provide explanation as to what kind of privileged communications were possibly shared with Ball and Luchs, or why disclosure was necessary to further R&R's interests. Therefore, the Court concludes that R&R has failed to satisfy its burden of establishing an attorney-client privilege for any Luchs/Ball Document that reflects communications for which no attorney was copied on the correspondence or for which an attorney was one of several recipients. Accordingly, all these documents must be produced.[8]

R&R cites *OXY Resources Cal. LLC v. Superior Court*, 115 Cal. App. 4th 874 (2004), to support its argument that its privilege logs are adequate to prevail on its claim of privilege. More specifically, R&R relies on the statement of the *OXY* court that the party asserting the privilege "is not obliged to reveal the subject matter of a communication to establish a claim of privilege." *Id.* at 895-96 (citations omitted). But R&R's reliance on the *OXY* decision is

---

[7] By the Court's count, there are approximately 26 Stoelt Documents where no attorney was included on the communications and another 32 Stoelt Documents where an attorney was one of the recipients of a communication that was also sent to non-lawyers.

[8] By the Court's count, there are approximately 15 Luchs/Ball Documents where no attorney was included on the communications and another 44 Luchs/Ball Documents where an attorney was one of the recipients of a communication that was also sent to non-lawyers.

11

misplaced. The court in *OXY* specifically found that a privilege log and declarations in that case were inadequate for the court to sustain the privilege. The court stated that "it is impossible to know whether any of the disclosures of purportedly privileged information between OXY and EOG were reasonably necessary to accomplish the purpose for which a lawyer was consulted without knowing in at least a general sense the communication's content." *Id.* at 895-96. Moreover, R&R misconstrues the applicable legal standard. R&R is not required to reveal the details of any privileged communications at issue, but that does not excuse its failure to explain more generally the basis for applying the privilege. R&R cannot meet its burden by simply asserting a blanket claim of privilege with no evidentiary support.[9]

The Court notes that there is a small subset of documents – approximately 16 relating to Stoelt and 12 relating to Jay Luchs and/or Brent Ball – that reflect communications drafted by an R&R attorney. Given their authorship, these documents are more likely to contain information protected by the attorney-client communications or work product privileges. *But see Montebello Rose v. Agricultural Labor Relations Bd.*, 119 Cal. App. 3d 1, 31 (1981) (communications not privileged where attorney acts as negotiator and not a lawyer). For that reason, the Court reserves its decision on these documents to permit R&R to submit any additional information to justify non-disclosure of these 28 documents by October 21, 2010 at 2:00 p.m. (Eastern standard time).

---

[9] In *OXY*, the court resolved the issue by requiring that the documents be submitted for in camera review to "permit the court to determine whether the disclosures were reasonably necessary to accomplish the lawyer's role in the consultation." *OXY*, 115 Cal. App. 4th at 895-96. "[C]ourts have recognized, if necessary to determine whether an exception to the privilege applies, the court may conduct an in camera hearing notwithstanding section 915 . . . .'[W]here an exception to a privilege depends upon the content of a communication, the court may require disclosure in camera in making its ruling.'" *Id.* (quoting *Mavroudis v. Superior Court*, 102 Cal. App. 3d 594, 606 (1980)). In this case, neither party has requested in camera review and have questioned whether the Court has authority to conduct such a review under California law. (*See* Reply of New Pacific, ¶ 16, Docket No. 421) (citing *Lipton v. Superior Court*, 48 Cal. App. 4th 1599, 1619 (1996)). Accordingly, in a telephonic conference on October 7, 2010, the Court stated that it would decide this matter based on the pleadings. Neither party objected to that course of action.

12

      C.    Category Three and Four Documents

With respect to the R&R Documents, which contain internal correspondence between R&R employees in which no attorney is identified, the Court again finds that R&R has not explained the basis for the application of the privilege and the subject descriptions in its Privilege Log lack meaningful content. (*See* McKaskle Declaration, Docket No. 388, Ex. A, pg. 10, entries 2 through 5) (the full text of the subject matter description for each of the documents states "E-mail"). Not only does the Privilege Log fail to explain what kind of privileged communications were allegedly shared by the various R&R employees or why disclosure was necessary to further R&R's interests, but R&R fails to even identify any attorney communication. For its part, R&R once again argues that "[t]here is no requirement that has been cited that Rock do anything other than identify the privilege being asserted for these documents. Rock has done so." (Opp'n at 14, ¶ 34). R&R, however, has not met its initial burden of proving that the documents contained "confidential communications" that included information relating to "a legal opinion formed and the advice given by the lawyer" in the course of an attorney-client relationship. Cal. Evid. Code § 952.

    Similarly, with respect to the R&R Counsel Documents, the Court finds that the Privilege Log fails to explain the basis for the application of the privilege and the subject descriptions lack meaningful content. (*See* McKaskle Declaration, Ex. A, pg. 12, entries 6 and 7) (the full text of the subject matter description for each of the documents states "E-mail"). The Privilege Log fails to provide explanation as to what kind of privileged communications were possibly shared by the various R&R employees or why disclosure was necessary to further R&R's interests.

13

As the Court concludes that R&R has failed to satisfy its burden of establishing privilege for the category three and four documents, all these documents must be produced.

## **CONCLUSION**

For the reasons set forth above, the Motion to Compel is granted with respect to all the Stoelt Documents, the Luchs/Ball Documents, the R&R Documents and the R&R Counsel Documents that do not specifically reference an attorney as the author on the Privilege Log or the Supplemental Log.  The Court reserves its decision on those 28 documents for which an attorney is identified as the author to permit R&R to submit any additional information to justify non-disclosure by October 21, 2010 at 2:00 p.m. (Eastern standard time).  If the Court does not receive any additional information by that date, the Court will grant the Motion to Compel with respect to those documents as well.

IT IS SO ORDERED.

Dated: New York, New York
       ***October 19, 2010***

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE