TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------x
In re:                                          Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,              Case No. 10-11728 (AJG)
et al.,                                         (Jointly Administered)
                          Debtors.

-------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS' IMMEDIATE ASSUMPTION OF CERTAIN NONRESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. §365(a)

Rock & Republic Enterprises, Inc. ("R&R"), and Triple R, Inc. ("TR"), the debtors and debtors in possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., as and for their motion (the "Motion") for entry of an order pursuant to section 365(a) of title 11, United States Code (the "Bankruptcy Code") substantially in the form annexed hereto as **Exhibit "A"** (the "Proposed Order"), authorizing the immediate assumption of the following two (2) unexpired leases of commercial real property:

(i) the lease dated January 2008, between Lenore Winsberg d/b/a One-0-One Properties, LLC, as landlord, and TR, as tenant, subsequently amended by First

260630 v2

Amendment of Lease dated as of February 24, 2010 under which the landlord was 101 South Robertson, LLC as successor in interest to Lenore Winsberg d/b/a One-O-One Properties (as amended, the "103 Lease") for non-residential real property located at 103 South Robertson Boulevard, Los Angeles, California 90048 (the "103 Property"); and

(ii) the lease dated December 1, 2006 between Lenore Winsberg d/b/a One-0-One Properties, LLC, as landlord, and R&R, as tenant, subsequently amended by Lease Amendment dated December 31, 2007, and Second Amendment to Lease dated January 2008 and Third Amendment of Lease dated as of February 24, 2010 under which the landlord was 101 South Robertson, LLC as successor in interest to Lenore Winsberg d/b/a One-O-One Properties (as amended, the "105 Lease") for non-residential real property located at 105 South Robertson Boulevard, Los Angeles, California 90048 (the "105 Property").

In support of this Motion, the Debtors respectfully represent as follows:

## INTRODUCTION

1. By this Motion, the Debtors seek entry of the Proposed Order, authorizing the immediate assumption of the 103 Lease and the 105 Lease (collectively, the "Leases"), pursuant to Bankruptcy Code section 365(a). The Debtors are seeking immediate assumption of the Leases, and are filing contemporaneously with this Motion, a motion to shorten time with respect to this Motion, because October 27, 2010 is the 210th day since the Filing Date and any order granting this Motion must be entered on or before that date. See 11 U.S.C. §365(d)(4).

2. The 103 Property and the 105 Property are contiguous - - together, they are utilized by the Debtors as R&R's flagship store. The relief requested in this Motion

represents a sound business judgment and is in the best interests of the Debtors and their estates, as demonstrated below.

3. No prepetition debt is owed under the Leases, and the Debtors are current on their postpetition obligations under the Leases. Moreover, 101 South Robertson, LLC (the current landlord under both of the Leases) (the "Landlord") recently acknowledged that it is holding a total security deposit of $184,500 pursuant to the Leases.

## JURISDICTION

4. Pursuant to 28 U.S.C. § 1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief sought herein are section 365(a) of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

A. **General**

5. On April 1, 2010 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in their cases (the "Chapter 11 Cases").

6. The Debtors' Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

7. The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. No trustee or examiner has been appointed in these Chapter 11 Cases.

9. An official committee of unsecured creditors (the "Committee") has been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Cases. Arent Fox LLP has been retained as counsel to the Committee.

10. The Debtors are a wholesale and retail apparel company specializing in an avant-garde and distinctive line of clothing. Originally started in 2002 by its Chief Executive Officer, Michael Ball, primarily as an American jeans company, the Debtors have expanded their lines to include high fashion clothing for men, women and children as well as shoes, cosmetics and accessories. The Debtors' merchandise can be found at most high end retail stores such as Nordstrom, Neiman Marcus, Bergdorf Goodman, Bloomingdales, Lord & Taylor, Harvey Nichols and Saks Fifth Avenue, as well as in small upscale boutiques.

11. Additional information about the Debtors' business and the events leading up to the Filing Date can be found in the Affidavit of Geoffrey Lurie Pursuant to Local Rule 1007-2 (Docket No. 3) (the "Lurie Affidavit"), which is incorporated herein by reference.

12. The Debtors recently entered into a non-binding letter of intent dated September 16, 2010 (the "LOI"). A redacted version of the LOI was filed with the Court pursuant to order of this Court entered on October 1, 2010.

13. The Debtors have been working hard toward formulating a plan of reorganization that the Debtors expect will pay unsecured creditors 100% of their allowed claims. Under the Debtors' plan, the Debtors will continue to operate their flagship retail store at the 103 Property and the 105 Property.

14. The Debtors filed a motion dated September 22, 2010 seeking authorization pursuant to Bankruptcy Code §363(b)(1) for the Debtors to commit to an exclusivity and stand-still provision contained in the LOI. That motion was granted by order entered on September 29, 2010.

15. The Debtors expect to confirm their plan of reorganization in or about February 2010.

B. **The Debtors' Motion To Extend Time To Assume or Reject The Leases**

16. By motion dated June 29, 2010 (the "Extension Motion"), the Debtors moved to extend the period within which the Debtors must assume or reject the Leases pursuant to Bankruptcy Code section 365(d)(4). The Extension Motion was granted by order dated July 21, 2010, extending the time to assume the Leases through and including October 27, 2010.

## THE LEASES

17. The 103 Property and the 105 Property are contiguous -- together, they are utilized by the Debtors as R&R's flagship store.

18. No prepetition rent is owed to the Landlord under either of the Leases and the Debtors are current on their postpetition obligations under the Leases.[1] The Landlord is currently holding a total security deposit of approximately $184,500 under the Leases.

---

[1] If, however, this is sufficiently disputed by the Landlord, the Debtors will demonstrate adequate assurance of prompt cure as required under Bankruptcy Code §365(b)(1)(A) so that an assumption order may be immediately entered authorizing and approving the assumption of the Leases, notwithstanding any disagreement with the Landlord regarding the cure amount for either or both of the Leases.

19. The 103 Lease term runs for four (4) years, eight (8) months and fifteen (15) days expiring October 31, 2012, with one five (5) year option to extend the term. The current monthly base rent is $41,200.00 and is up to date post-petition. (A copy of the 103 Lease, with the amendments, is annexed hereto as **Exhibit "B"**).

20. The 105 Lease term runs for five (5) years expiring October 31, 2010, with one five (5) year option to extend the term. The current monthly base rent is $33,948.80 and is up to date post-petition. (A copy of the 105 Lease, with amendments, is annexed hereto as **Exhibit "C"**).

21. The Landlord declined to extend the time for assumption of the Leases. However, the Debtors anticipate, based upon conversations with the Landlord's counsel, that the Landlord will consent to this Motion.

### THE DEBTORS SHOULD BE AUTHORIZED TO IMMEDIATELY ASSUME THE LEASES PURSUANT TO 11 U.S.C. §365(a)

22. The Debtors hereby seek immediate authorization to assume the Leases pursuant to section 365(a) of the Bankruptcy Code.

23. Section 365(a) of the Bankruptcy Code provides that "the trustee [or debtor in possession], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. §365(a). See also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 521 (1984); In re Lavigne, 114 F.3d 379 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc.

(In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993), cert. dismissed, 114 S.Ct. 1418 (1994).

24. In deciding a motion to assume or reject an executory contract or unexpired lease, the bankruptcy court places itself in the position of the trustee or debtor-in-possession and determines whether assumption or rejection of the contract or lease is a reasonable business decision. Orion Pictures Corp., 4 F.3d at 1099; In re G Survivor Corp., 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994).

25. In determining whether to authorize the rejection of an executory contract or unexpired lease, courts ordinarily defer to the business judgment of the debtor. See e.g., Bildisco, 465 U.S. at 523 (recognizing business judgment as standard for rejection under section 365(a)); Nostas Assocs. v. Costick (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 25 (2d Cir. 1996) (same); In re Minges, 602 F.2d 38, 42-43 (2d Cir. 1979) (same); In re Enron Corp., 2003 Bankr. LEXIS 2263 (Bankr. S.D.N.Y. Dec. 1, 2003) (same); G Survivor Corp., 171 B.R. at 757 (same).

26. "Ultimately, a sound assumption decision depends on a debtor's and the court's full awareness of the defaults and the costs of cure." In re Rock 49th Rest. Corp., 2010 Bankr. LEXIS 1223, at *12 (Bankr. S.D.N.Y. Apr. 7, 2010), citing In re U.S. Wireless Data, Inc., 547 F.3d 484, 494-95 (2d Cir. 2008). "Moreover, an underlying purpose of the statutory scheme of §365 'is to assist in the debtor's reorganization efforts.'" Rock 49th Rest. Corp., 2010 Bankr. LEXIS 1223, at *12, quoting In re M. Fine Lumber Co., Inc., 383 B.R. 565, 568 (Bankr. E.D.N.Y. 2008).

27. If there has been a default under the executory contract or unexpired lease, a debtor must, at the time of the assumption, comply with the three requirements of

§365(b)(1). Rock 49th Rest. Corp., 2010 Bankr. LEXIS 1223, at *12. First, the debtor must cure (or provide adequate assurance that it will promptly cure) the default. 11 U.S.C. §365(b)(1)(A). Second, the debtor must compensate, or provide adequate assurance that the debtor will promptly compensate for any pecuniary loss to such party resulting from such default. 11 U.S.C. § 365(b)(1)(B). Third, the debtor must provide adequate assurance of future performance under the contract or lease. 11 U.S.C. §365(b)(1)(C). See Rock 49th Rest. Corp., 2010 Bankr. LEXIS 1223, at *13.

28.  The Debtors have determined, in the exercise of their sound business judgment, that the Leases are valuable to the Debtors and that assumption of the Leases represents sound business judgment. The Debtors operate their flagship R&R store from the leased premises, and the flagship store, located in prime retail space in Los Angeles, provides valuable advertising for the Debtors. The Debtors anticipate confirming a plan of reorganization in or about February 2010, pursuant to which the Debtors will continue to operate the flagship store.

29.  Since there are no uncured defaults, the Debtors have no cure costs and should not be required to provide assurance of future performance. In any event, the Landlord has adequate assurance of future performance given that it is holding security in the amount of approximately $184,500.00.

## NOTICE

30.  Bankruptcy Rules 6006 and 9014 require that a motion to assume or reject an unexpired lease be made on notice and that the party against whom relief is sought be

provided with opportunity for a hearing.  <u>BP Energy Co. v. Bethlehem Steel Corp</u>, 2002 U.S. Dist. LEXIS 22052 (S.D.N.Y. Nov. 14, 2002).[2]

31.  The Debtors respectfully submit that service of a copy of this Motion by email upon (i) the Office of the U.S. Trustee, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: James Sullivan, Esq. and Jordana Renert, Esq.; (iii) counsel to RKF; (iv) counsel to CIT; (v) the Landlord with respect to the Leases; and (vi) all parties which have filed a notice of appearance in the Debtors' Chapter 11 cases, would constitute good and sufficient notice of this Motion. The Landlord and the Committee have consented to service of this Motion by email.

32.  No previous motion for the relief sought herein has been made in this or any other Court.

---

[2] Bankruptcy Rule 6006 provides, in pertinent part:

> (a) Proceeding to assume, reject, or assign. A proceeding to assume, reject, or assign an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014.
>
> ****
>
> (c) Notice. Notice of a motion made pursuant to subdivision (a) or (b) of this rule shall be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9 municipality case, to the United States trustee.

Fed. R. Bankr. P. 6006(a),(c).

Bankruptcy Rule 9014 provides, in pertinent part:

> "(a) Motion. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought...".

Fed. R. Bankr. P. 9014(a).

**WHEREFORE**, the Debtors respectfully request that this Court enter the Proposed Order authorizing the Debtors to immediately assume the Leases pursuant to section 365(a) of the Bankruptcy Code.

Dated: New York, New York
October 21, 2010

> TODTMAN, NACHAMIE, SPIZZ
> & JOHNS, P.C.
> Attorneys for the Debtors and Debtors in Possession
>
> By: /s/ Arthur Goldstein
> Alex Spizz, Esq.
> Arthur Goldstein, Esq.
> Jill Makower, Esq.
> 425 Park Avenue
> New York, New York 10022
> (212) 754-9400