| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Hearing Date: December 15, 2010 |
|---|---|
| Four Times Square | Hearing Time: 9:30 A.M. |

New York, New York 10036
(212) 735-3000
Suzanne D.T. Lovett (SBN 2492015)

300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
(213) 687-5000
Van C. Durrer II (Admitted in NY)

Counsel for RKF, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      )  Chapter 11
In re                                 )
                                      )  Case No. 10-11728 (AJG)
ROCK & REPUBLIC ENTERPRISES, INC., et al.,[1] )
                                      )
                    Debtors.          )  (Jointly Administered)
                                      )
                                      )
------------------------------------- x

**OBJECTION OF RKF, LLC TO DEBTORS' FOURTH MOTION PURSUANT TO
11 U.S.C. § 1121(D) FOR FURTHER EXTENSION OF EXCLUSIVE PERIODS
FOR THE FILING OF A CHAPTER 11 PLAN AND
SOLICITATION OF ACCEPTANCES THERETO**

RKF, LLC ("RKF") hereby files this objection to the Debtors' Fourth Motion

Pursuant to 11 U.S.C. § 1121(d) for Further Extension of Exclusive Periods for the Filing of a

Chapter 11 Plan and Solicitation of Acceptances Thereto [Docket No. 577] (the "Fourth

Exclusivity Motion") whereby the debtors and debtors in possession in the above captioned cases

(the "Debtors") seek to further extend the exclusive periods within which to file and solicit

---

[1] The other debtor in these bankruptcy cases is Triple R, Inc. (Case No. 10-11729 (AJG)).

1

acceptances of a plan of reorganization (the "Exclusive Periods"). In support of this objection (the "Objection"), RKF respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. This case has been pending for over eight months, and the Debtors have made no progress whatsoever in proposing a plan of reorganization. At this time, the Debtors have already ceded the termination of their exclusive rights to the official committee of unsecured creditors (the "Committee") under circumstances where the Debtors continue to allege that they will pay all unsecured creditors in full. The Debtors should not enjoy a further extension of exclusivity except where their largest constituency, RKF, also have the right to file a plan of reorganization, either because exclusivity is not extended further at all or because RKF is granted the same co-exclusive right to file a plan that the Committee presently possesses.

2. A further unconditional extension of exclusivity at this time puts the claim of significant stakeholders in jeopardy and this risk can only be minimized by granting the Debtors' most significant stakeholder a similar right to file plans of reorganization. In light of past failures, it would be injudicious to allow the Debtors and the Committee continued exclusivity without granting equal rights to the Debtors' largest secured creditor. Other parties, with substantial interests in these cases, should have an equal opportunity to suggest a plan of reorganization. Accordingly, RKF requests that this court include RKF among the parties with co-exclusive rights or alternatively, RKF requests that this Court deny the Fourth Exclusivity Motion.

**BACKGROUND**

3. On April 1, 2010 (the "Petition Date"), the Debtors filed bankruptcy petitions pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and

managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108(a) of the Bankruptcy Code.

4. On April 5, 2010, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases [Docket No. 17]. On April 13, 2010, the United States Trustee for the Southern District of New York appointed the Committee [Docket No. 40].

5. Since before the Petition Date, RKF has had a longstanding business relationship with the Debtors. RKF has been the Debtors' largest secured creditor due to its $15 million prepetition loan to the Debtors (the "RKF Loan"). In addition, RKF is an affiliate of Richard I. Koral Inc. dba Jessica's ("Koral"), the Debtor's former exclusive off-price U.S. distributor for Rock & Republic Enterprises, Inc. ("Rock") with respect to its "Cut Ups" "Close Outs" and "Irregular Denim Products." This distribution relationship was eventually terminated by stipulation of the parties, which stipulation was approved by court order entered on September 28, 2010 [Docket No. 400].

6. On July 21, 2010, the Court entered an order granting Debtors' motion requesting the first extension of the Debtors' Exclusive Periods through September 28, 2010 for filing a plan and November 27, 2010 for soliciting acceptances [Docket No. 251].

7. On September 14, 2010 the Debtors filed the Debtors' Motion Pursuant to 11 U.S.C. Section 1121(d) For Further Extension of Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances Thereto [Docket No. 347] (the "Second Exclusivity Motion"). In connection with the Second Exclusivity Motion, the Debtors filed the Debtors' Motion for Entry of an Order Authorizing Debtors to Commit to an Exclusivity and Stand-Still Provision Contained in Non-Binding Letter of Intent Pursuant to 11 U.S.C. section 363(b)(1) [Docket No. 376] (the "LOI Motion"). In the LOI Motion, the Debtors explained that they had an interested party, GR Acquisition, LLC ("GR"), ready to purchase the Debtors' assets pursuant to a plan of reorganization. See LOI Motion, ¶ 15.

8. In light of the GR deal, the Debtors had agreed with the Committee that if certain benchmark dates (the "Benchmarks") were not met, then the Debtors would share the Exclusive

Periods with the Committee (the "Debtors-Committee Agreement").[2] See Omnibus Statement of the Official Committee of Unsecured Creditors in Connection with the Debtors' (I) Motion Pursuant to 11 U.S.C. § 1121(d) for Further Extension of Exclusive Periods for the Filing of a Chapter 11 Plan and Solicitation of Acceptances thereto and (II) Motion for Entry of an Order Authorizing Debtors to Commit to an Exclusivity and Stand-Still Provision Contained in Nonbinding Letter of Intent Pursuant to 11 U.S.C. §363(B) [Docket No. 394].

9. On September 28, 2010, the Court granted the Second Exclusivity Motion and entered the second order further extending the Debtors' Exclusive Periods through November 15, 2010 for filing a plan and through January 14, 2011 for soliciting acceptances [Docket No. 401].

10. On November 17, 2010, the Court entered a third order further extending the Debtor's Exclusive Periods through December 17, 2010 for filing a plan and through February 17, 2011 for soliciting acceptances [Docket No. 537] (the "Third Exclusivity Order"). Pursuant to the Debtors-Committee Agreement, the Third Exclusivity Order also granted the Committee the co-exclusive right to file a plan and solicit acceptance by the same deadlines (the "Co-Exclusive Rights").

11. Since the beginning of these cases through the granting of the Third Exclusivity Order, the Debtors have been repeatedly late in making interest payments on the RKF Loan. But for one exception, typically payments are not made until a representative from RKF specifically asks the Debtors for an interest payment after the monthly due date has already past. Furthermore, the payments for December are already more than two weeks late.

**ARGUMENT**

12. Requests for extensions of the Exclusive Periods are not to be routinely granted in every case. See, e.g., In re R.G. Pharmacy, Inc., 374 B.R. 484 (D. Conn. 2007) (denying

---

[2] Under the Debtor-Committee Agreement, the Committee was be granted a Co-Exclusive Right (defined above) to file and solicit acceptances of a plan if the Debtors failed to (i) execute an asset purchase agreement with GR by November 15, 2010, (ii) file a plan of reorganization by December 1, 2010, (iii) obtain approval of the disclosure statement by January 14, 2011, and (iv) close the GR transaction by February 28, 2011. See Fourth Exclusivity Motion, ¶ 11.

extension of Exclusivity Periods where there had been a breakdown of negotiations between debtor and objecting creditors). Indefinite extensions of exclusivity period are not envisioned by Bankruptcy Code. In fact, Section 1121 of the Bankruptcy Code was passed to "place limits on the debtor's exclusive right to propose a plan" and in "recognition of the creditor's stake in the debtor's business." See In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (Bankr. E.D.N.Y. 1989).

13. Section 1121(d) of the Bankruptcy Code states that an extension of a debtor's Exclusive Periods should be granted only "for cause." One of the factors considered with respect to the determination of "cause" is whether there is existence of good faith progress towards reorganization with all relevant parties. See In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Another important factor is whether the Debtors are paying their bills as they come due. See id. Neither of these requirements are met in this case. This alone provides ample reason to deny further extension of the Exclusive Periods (and to deny further Co-Exclusive Rights to the Committee).

A. **The Debtors Have Provided Misleading Information about Progress Towards a Successful Plan of Reorganization**

14. In the Debtors' Fourth Exclusivity Motion, the Debtors state that they have "consistently conferred" with all constituencies with respect to "major substantive and administrative matters in these cases." See Fourth Exclusivity Motion, ¶30. In reality, however, the Debtors have not communicated with RKF on a regular basis about treatment of the RKF claim. Nor have the Debtors routinely consulted with RKF about their proposed plan of reorganization.

15. Additionally in the Fourth Exclusivity Motion, the Debtors state at least four times that they have been working hard toward formulating a plan of reorganization that the Debtors "expect will pay unsecured creditors 100% of their allowed claims." See Fourth Motion, ¶¶ 3, 4, 7, 10. This is consistent with allegations that the Debtors have made previously in these cases. No specific reference, however, is made to the payment of claims held by secured

creditors such as RKF. At this time it still remains unclear what the Debtors' specific proposal is with respect to the potential treatment of RKF's claim.

16. In addition to providing inaccurate information regarding constituency collaboration, there is inaccurate and ambiguous information regarding the plan of reorganization currently being explored. As of November, the Debtors informed this Court that they were in the midst of closing a deal with GR, who intended to buy the Debtors' assets in the context of a chapter 11 reorganization. Specific Benchmarks were set requiring that an asset purchase agreement be signed by November 15, 2010 and that a plan be filed by December 1, 2010. None of these Benchmarks have been met. The Debtors have since stated that they are attempting to negotiate a plan with "various plan funders." See Fourth Exclusivity Motion, ¶ 11. There is no explanation, however, as to the continued viability of the GR deal or the role of the various plan funders relative to GR. Nor is there any explanation as to why the Debtors failed to meet the Benchmarks outlined in the Second Exclusivity Motion. In light of the above, there is a serious question about the material progress being made toward a viable reorganization plan.

**B.     The Debtors Are Not Paying Bills as They Come Due**

17. In addition, to providing ambiguous information about plan progress, the Debtors have also been misleading about their history of bill payments to date. Since the Petition Date, the Debtors have failed to make timely monthly payments on the RKF Loan (save one exception in November). RKF has been forced to contact the Debtors nearly every month in order to receive payments. At this point, the December payment is approximately two weeks late. The Debtors have mischaracterized their payment history in the Fourth Exclusivity Motion in an attempt to preserve their Exclusive Periods and the Committee's Co-Exclusive Rights.

**C.     Co-Exclusive Rights Should be Shared with Other Significant Stakeholders**

18. Section 1121(b) of the Bankruptcy Code states that "*only the debtor* may file a plan until after 120 days after the date of the order for relief." (emphasis added). Bankruptcy Code section 1121(d) allows for an increase of the Exclusive Periods referred to in Section 1121. Clearly, the Exclusive Periods referenced in the Bankruptcy Code only refer to debtor exclusivity.

There is no indication that other parties in interest can share in such exclusivity. Reason dictates, however, that if a debtor abandons its exclusivity to one party in interest, it must provide such exclusivity to other parties in interest, especially significant parties such as RKF. RKF is the largest secured creditor in these cases and there is no justification for continued exclusion of RKF from the plan formulation process. Sharing such exclusivity with only the Committee has been unsuccessful to date. At a minimum, all of the largest stake holders in this case should have a right to present a plan of reorganization. Alternatively, the Exclusive Periods and the Co-Exclusive Rights should be terminated in their entirety so that other parties can attempt to provide a successful plan of reorganizations for these cases.

## CONCLUSION

19. Wherefore, RKF respectfully requests that the Court grant RKF Co-Exclusive Rights to present a plan of reorganization or alternatively deny the Fourth Exclusivity Motion.

Dated: New York, New York
December 13, 2010

                        SKADDEN, ARPS, SLATE, MEAGHER
                           & FLOM LLP

                        By: /s/ *Suzanne D.T. Lovett*
                             Suzanne D.T. Lovett
                             Four Times Square
                             New York, New York 10036
                             (212) 735-3000

                             -and-

                             Van C. Durrer II[3]
                             300 South Grand Avenue
                             Suite 3400
                             Los Angeles, California 90071
                             (213) 687-5000

---

[3] Admitted in NY.