TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Counsel to **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In re:                         :   Chapter 11

ROCK & REPUBLIC ENTERPRISES,   :   Case No. 10-11728(AJG)
INC., et al.                       (Jointly Administered)
                               :
        Debtors.
------------------------------x

### DEBTORS' REPLY TO OBJECTION OF RKF, LLC TO DEBTORS' FOURTH MOTION PURSUANT TO 11 U.S.C. §1121(d) FOR FURTHER EXTENSION OF EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and debtors in possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C., submit this reply to the objection dated December 13, 2010 ( the "Objection") of RKF, LLC ("RKF") to the Debtors' motion dated December 8, 2010 (the "Motion") requesting a further extension of the Debtors' and Creditors'

Committee's co-exclusive periods[1] to file a chapter 11 plan and solicit acceptances thereof, pursuant to section 1121(d) of title 11, United States Code (the "Bankruptcy Code"), and respectfully represent as follows:

## INTRODUCTION

1. During the past several months, the Debtors and their professionals, together with the Committee's professionals, have negotiated with various plan funders to formulate a joint plan. It is anticipated that a plan will be filed shortly which shall pay RKF in full and pay unsecured creditors 100% of their allowed claims.

2. RKF, which is owned by Richard I. Koral, who is also the owner of Richard I. Koral, Inc. d/b/a Jessica's ("Koral") has filed its Objection <u>not</u> for any reason related to its over-secured debt, but rather, for a <u>purely competitive purpose</u>. As the Court may recall, Koral has a history of bad blood with the Debtors, was the reason for these Chapter 11 filings and is a fierce competitor of the Debtors. Koral may be seeking to terminate the Debtors' and Committee's co-exclusivity in order to derail the Debtors' and the Committee's negotiations with plan funders (which are near final) and to file its own takeover plan to the detriment of the Debtors and their estates. RKF states no legitimate basis for the denial of the Debtors' Motion.

3. After filing the Motion, the Debtors, in consultation with the Committee, modified the proposed order to limit the extension of co-exclusivity being requested. A copy of the revised proposed order, which extends the Exclusive Filing Period through January 15, 2011 and the Solicitation Period through March 15, 2011, is attached hereto as **Exhibit "1"**.

---

[1] On November 17, 2010, the Court entered an order providing, <u>inter alia,</u> that "the Committee shall have the co-exclusive right with the Debtors to file a plan on or before December 17, 2010 and to solicit acceptances on or before February 17, 2011." November 17, 2010 Order, p.4.

262008 v1                    2

# RKF'S OBJECTION SHOULD BE OVERRULED

## A. Koral Has A History of Bad Acts Toward The Debtors

4. On or about November 14, 2007 R&R borrowed $15,000,000 from RKF. The loan was evidenced by a Loan Agreement, as well as an Intellectual Property Security Agreement which gave RKF a lien on all the borrower's intellectual property as collateral for the loan.

5. Koral has adopted an adversarial posture with the Debtors since prior to these Chapter 11 cases. The primary reason for the filing of the Debtors' Chapter 11 cases is the loan from RKF. The Debtors did not have available the funds necessary to pay the $15,000,000 plus interest due to RKF under the Loan Agreement and RKF refused to further extend the term of the loan upon conditions that were acceptable to the Debtors.

6. The Debtors' Chapter 11 filings were necessary to prevent RKF from taking any action with respect to the Debtors' intellectual property subsequent to April 2, 2010.

7. After the Petition Date, Koral breached the Agreement by refusing to pay invoices, by refusing to accept certain Articles, and by failing to make the minimum required inventory purchases.

## B. RKF Is Now One Of The Debtors' Main Competitors

8. Koral, RKF's affiliate, is now a major competitor of the Debtors, as is clear from the September 17, 2010 Stipulation (the "Stipulation"), which was approved by this

Court.[2]

9.  Pursuant to the Stipulation, the Debtors and Koral are in direct competition in the sale of R&R products, selling goods to the same customers. In addition, the Debtors are also in competition with Koral in that Koral will continue to sell its other brands of jeans (such as 7 For All Mankind) which are competitors of R&R brand jeans.

C.  **Cause Exists To Extend The Debtors' And Committee's Co-Exclusivity**

10. RKF makes numerous misstatements and false assumptions in its Objection. First, RKF asserts that the Debtors have made no progress in proposing a plan of reorganization. This is completely false. The Debtors and their professionals have been working diligently on the contours and particulars of a joint plan for several months. Second, extending exclusivity does not jeopardize the claims of any significant stakeholders. The claims of unsecured creditors are protected because the Committee has co-exclusivity. RKF is over-secured and will be paid in full under any

---

[2] The Stipulation provides, *inter alia*, that:

- Notwithstanding any of the provisions of the Amended Agreement, Koral will have the absolute right to distribute Articles to any customer through any channel of distribution, regardless of whether any such customers are identified in the Amended Agreement.

- Notwithstanding any of the provisions of the Amended Agreement, effective as of the date of the Stipulation through November 15, 2010, R&R will be prohibited from distributing its products (directly or indirectly) through the channels of distribution listed on Exhibit 1 to the Stipulation. After November 15, 2010, this provision shall have no further force or effect, and R&R shall not be prohibited from distributing its products (directly or indirectly) in any channel of distribution.

- Notwithstanding any of the provisions of the Amended Agreement, effective as of the date of the Stipulation, R&R will have the absolute right to distribute its products (directly or indirectly) through any channels of distribution except the channels of distribution listed on Exhibit 1 to the Stipulation.

plan in accordance with the Bankruptcy Code. Third, although the Debtors have been late in paying certain post-petition obligations, the Debtors have generally been paying their post-petition obligations when they come due.

11. RKF is correct that the Debtors have not routinely consulted with RKF about their proposed plan of reorganization. The Debtors have no obligation to do so and believe it was prudent not to do so.

12. RKF argues that "Reason dictates...that if a debtor abandons its exclusivity to one party in interest, it must provide such exclusivity to other parties in interest, especially significant parties such as RKF". (RKF Objection, ¶18). The fact that RKF is the largest creditor is no basis for RKF to have the same co-exclusivity that the Committee has, especially here, where RKF is over-secured and is a significant competitor of the Debtors with interests completely adverse to those of the Debtors and the Committee.

## CONCLUSION

13. Based on the above, and as set forth in the Motion, the Motion should be granted.

Dated: New York, New York
December 14, 2010

                                       TODTMAN, NACHAMIE, SPIZZ
                                               & JOHNS, P.C.
                                         Attorneys for the Debtors and
Debtors in Possession

By:   s/ Arthur Goldstein
        Alex Spizz, Esq.
        Arthur Goldstein, Esq.
        Jill Makower, Esq.
425 Park Avenue
New York, New York 10022
(212) 754-9400

**EXHIBIT "1"**

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Attorneys for **Rock & Republic Enterprises, Inc.**
and **Triple R, Inc.**
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
---------------------------------------x
In re:                                              Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                  Case No. 10-11728 (AJG)
et al.,                                             (Jointly Administered)
                        Debtors.
---------------------------------------x

**ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE, FURTHER EXTENDING DEBTORS' AND CREDITORS' COMMITTEE'S EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

WHEREAS, on April 1, 2010 (the "Petition Date"), Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("Triple R"), debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"); and

WHEREAS, the Debtors have applied to the Court by motion dated December 8, 2010 (the "Fourth Exclusivity Motion")[1] pursuant to section 1121(d) of the Bankruptcy Code, requesting a further extension to February 28, 2011 of the period during which each of the Debtors and the Committee has the co-exclusive right to file a chapter 11 plan

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Fourth Exclusivity Motion.

261841 v2

("Exclusive Filing Period") and a further extension to April 28, 2011 of the period during which each of the Debtors and the Committee may solicit acceptances thereof (the "Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods"), all as more fully described in the Fourth Exclusivity Motion;

AND THE COURT HEREBY FINDS AND DETERMINES:

(a) the Court has jurisdiction to consider the Fourth Exclusivity Motion and to grant the requested relief in accordance with 28 U.S.C. §§157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.). Consideration of the Fourth Exclusivity Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b). Venue of the Debtors' case and the Fourth Exclusivity Motion in this District is proper pursuant to 28 U.S.C. §§1408 and 1409.

(b) The Debtors have provided sufficient notice of the Fourth Exclusivity Motion and Hearing (as defined below) in accordance with the Court's Order shortening time entered on December 9, 2010 to: (i) the Office of the United States Trustee for the Southern District of New York, Attn: Richard C. Morrissey, Esq.; (ii) Attorneys for the Committee, Arent Fox LLP, Attn: Robert M. Hirsh, Esq. and Jordana Renert, Esq.; and (iii) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and the Court having held a hearing to consider the requested relief on December 15, 2010 (the "Hearing").

(c) Good and sufficient cause exists to grant the requested relief herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. That the Fourth Exclusivity Motion is granted to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, each of the Debtors' Exclusive Filing Period is extended through and including January 15, 2011.

3. Each of the Debtors' Solicitation Period is extended through and including March 15, 2011, pursuant to section 1121(d) of the Bankruptcy Code.

4. The extension of the Exclusive Periods granted herein is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code, provided, however, that any further request made by the Debtors allows for the Committee to have the co-exclusive right with the Debtors to file a plan and to solicit acceptances pursuant to this Order.

5. Notwithstanding anything contained in this Order, the Committee shall have the co-exclusive right with the Debtors to file a plan on or before January 15, 2011 and to solicit acceptances on or before March 15, 2011.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
December \_\_\_\_\_, 2010

THE HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE