Alex Spizz
Arthur Goldstein
Jill Makower
**TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.**
425 Park Avenue
New York, New York 10022
(212) 754-9400
*Attorneys for the Debtors and Debtors in Possession*

Robert M. Hirsh
Jordana Renert
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019-5874
(212) 484-3900
*Attorneys for the Official Committee of Unsecured Creditors*

Joseph H. Smolinsky
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
*Attorneys for VF Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ROCK & REPUBLIC ENTERPRISES, INC.,** *et al.*, | **Case No. 10-11728 (AJG)** |
| **Debtors.** | **Jointly Administered** |

---------------------------------------------------------- x

**MOTION OF THE PLAN PROPONENTS FOR AN ORDER (I) APPROVING
THE DISCLOSURE STATEMENT, (II) ESTABLISHING PLAN SOLICITATION
AND VOTING PROCEDURES, (III) SCHEDULING A CONFIRMATION HEARING,
AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF JOINT CONSOLIDATED PLAN FOR ROCK & REPUBLIC
ENTERPRISES, INC. AND ITS AFFILATED DEBTOR AND DEBTOR IN POSSESSION**

TO THE HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors in the above-captioned cases (the

"**Creditors' Committee**"), Rock & Republic Enterprises, Inc. and Triple R, Inc., as debtors and

NYC/558378.3

debtors in possession (collectively, the "**Debtors**"), and VF Corporation ("**VF**" and together with the Creditors' Committee and the Debtors, the "**Plan Proponents**"), respectfully represent as follows:

**Background**

1. On April 1, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases (the "**Chapter 11 Cases**") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors continue to operate and manage their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On April 13, 2010, the United States Trustee for the Southern District of New York (the "**US Trustee**") appointed the Creditors' Committee.

3. On November 17, 2010, the Court entered an order further extending the Debtors' exclusive periods within which to file a chapter 11 plan through and including December 17, 2010 and solicit acceptances thereon through and including February 17, 2011 for soliciting acceptances (the "**Third Exclusivity Order**"). Pursuant to an agreement reached by the Debtors and the Creditors' Committee, the Third Exclusivity Order also granted the Creditors' Committee the co-exclusive right to file a plan and solicit acceptances thereon by the same deadlines.

4. On December 16, 2010, the Court entered an order further extending the Debtors and Creditors' Committee's co-exclusive right to file a plan through and including January 15, 2011 and to solicit acceptances thereon through and including March 15, 2011.

2

5.      Upon obtaining the co-exclusive right to file and solicit acceptances to a chapter 11 plan, the Creditors' Committee and its professionals began negotiations with VF and worked diligently to finalize the terms of a sale transaction.  Upon agreeing on the terms of the transaction, the Creditors' Committee and VF jointly approached the Debtors with the proposed transaction in an attempt to obtain a consensual deal among all parties.  On December 17, 2010, the Creditors' Committee, the Debtors, Rock Holdings, Inc., Global Domination Enterprises, Inc., Brick & Mortar, Inc., Michael Ball and VF entered into that certain Asset Purchase Agreement (the "**VF Asset Purchase Agreement**"), for the sale of all of the Debtors' intellectual property rights and all right, title and interest of the certain of the Debtors' affiliates to NewCo (an entity wholly owned by VF) for total cash consideration of approximately $57 million (the "**Sale Transaction**").  The Plan (defined below) contemplates and is predicated on the consummation of the Sale Transaction.

### Jurisdiction and Venue

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.      By this motion (the "**Motion**"), the Plan Proponents request, pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3017, 3018, 3020, 9013, 9014, and 9021, and Rules 2002-1, 3017-1, 3018-1, 3020-1, 9013-1, and 9021-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Bankruptcy Rules**"), entry of the proposed order substantially in the form attached hereto as **Exhibit A** (the "**Disclosure Statement Order**"), which –

(a)     approves the Plan Proponents' proposed disclosure statement (the "**Disclosure Statement**") as containing adequate information pursuant to section 1125 of the Bankruptcy Code;[1]

(b)     approves certain procedures that, among other things –

  (1)     determine which Creditors and/or holders of Interests may vote to accept or reject the Plan Proponents' Joint Consolidated Chapter 11 Plan of the Debtors (the "**Plan**");[2]

  (2)     govern the temporary allowance of certain Claims or Interests for voting purposes;

  (3)     establish a date that determines which Creditors may vote or otherwise receive a notice of non-voting status (the "**Record Date**");

  (4)     establish a deadline (the "**Voting Deadline**") as the deadline for Creditors entitled to vote to submit their ballots for accepting or rejecting the Plan ("**Ballots**") to be counted;

  (5)     govern the form of and manner of distribution for materials to be sent to Creditors, including, among other things, the form of Ballots; and

  (6)     govern the Ballot tabulation process;

(c)     sets a deadline for objections or responses to the confirmation of the Plan (the "**Plan Objection Deadline**");

(d)     schedules a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"); and

(e)     approves the form of notice of the Confirmation Hearing.

8.     For the Court's ease of reference, the key dates suggested for this Motion are summarized below:

| Milestone | Proposed Date |
|---|---|
| Objection Deadline to Disclosure Statement | Wednesday, January 19, 2011 |

---

[1] The Disclosure Statement is attached to the Disclosure Statement Order as **Exhibit 1.**
[2] The Plan is attached to the Disclosure Statement as **D.S. Exhibit A**. Each capitalized term used, but not defined, herein shall have the meaning ascribed to such term in the Plan.

| Milestone | Proposed Date |
|---|---|
| Voting Record Date | Friday, January 21, 2011 |
| Disclosure Statement Hearing | Wednesday, January 26, 2011 |
| Solicitation Date | Monday, January 31, 2011 |
| Claim Objection Deadline | Monday, February 21, 2011 |
| Plan Supplement to be Filed | Monday, February 21, 2011 |
| Voting Estimation Deadline | Friday, March 4, 2011 |
| Voting Deadline | Friday, March 4, 2011 |
| Plan Objection Deadline | Friday, March 4, 2011 |
| Reply Deadline | Thursday, March 10, 2011 |
| Confirmation Hearing | Tuesday, March 15, 2011 |

These proposed dates are designed to provide parties-in-interest with a reasonable time to act while allowing the Plan Proponents to move towards confirmation of the Plan and consummation of the Sale Transaction within the timeframes outlined in the VF Asset Purchase Agreement.

9.      Also, summarized below are the exhibits cited throughout this Motion.

| | Exhibit |
|---|---|
| Disclosure Statement Order | Exhibit A |
| Disclosure Statement | Exhibit 1 to the Disclosure Statement Order |
| Plan | Exhibit A to the Disclosure Statement |
| Notice of Non-Voting Status – Unimpaired Class | Exhibit 2 to the Disclosure Statement Order |
| Notice of the Confirmation Hearing | Exhibit 3 to the Disclosure Statement Order |

| | Exhibit |
|---|---|
| Forms of Ballots: | |
| Ballot for Class 5 | Exhibit 4 to the Disclosure Statement Order |
| Ballot for Class 6 | Exhibit 5 to the Disclosure Statement Order |
| Ballot for Class 7 | Exhibit 6 to the Disclosure Statement Order |

**Basis for Relief Requested**

## I.     The Disclosure Statement

10.     Pursuant to section 1125 of the Bankruptcy Code, a disclosure statement must

provide holders of impaired claims with "adequate information" regarding a proposed chapter 11

plan.  In that regard, section 1125(a)(1) of the Bankruptcy Code provides as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such hypothetical
> investor of the relevant class to make an informed judgment about
> the plan . . . .

11.     Thus, a disclosure statement must, as a whole, provide information that is

"reasonably practicable" to permit an "informed judgment" by impaired creditors entitled to vote

on the plan.  See In re Dakota Rail, Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989).  The

bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform

the average unsecured creditor what it is going to get, when it is going to get it,

and what contingencies there are to getting its distribution."  In re Ferretti, 128 B.R. 16, 19

NYC/558378.3

(Bankr. D.N.H. 1991).[3]

12.     The bankruptcy court has broad discretion to determine the adequacy of the
information contained in a disclosure statement.  See Texas Extrusion Corp. v. Lockheed  Corp.
(In re Texas Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988); In re Oxford Homes, 204
B.R. 264 (Bankr. D. Me. 1997);  In re Copy Crafters Quickprint Inc., 92 B.R. 973, 979 (Bankr.
N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis
under a flexible standard that can promote the policy of chapter 11 towards fair settlement
through a negotiation process between informed interested parties").  Accordingly, the
determination of whether a disclosure statement contains adequate information is to be made on
a case-by-case basis, focusing on the unique facts and circumstances of each case.  See In re
Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

13.     In that regard, courts generally examine whether the disclosure statement
contains, if applicable, the following types of information:

(a)     the circumstances that gave rise to the filing of the bankruptcy petition;

(b)     an explanation of the available assets and their value;

(c)     the anticipated future of the debtor;

(d)     the source of the information provided in the disclosure statement;

(e)     a disclaimer, which typically indicates that no statements or information
concerning the debtor or its assets or securities are authorized, other than
those set forth in the disclosure statement;

(f)     the condition and performance of the debtor while in chapter 11;

(g)     information regarding claims against the estate;

(h)     a liquidation analysis setting forth the estimated return that creditors
would receive under chapter 7;

---

[3] Cf. Kirk v. Texaco, Inc., 82 B.R. 678, 681-82 (S.D.N.Y. 1988) ("whether a disclosure statement required under
[section 1125(b)] contains adequate information is *not* governed by otherwise applicable nonbankruptcy law, rule, or
regulation") (citing 11 U.S.C. § 1125(d)).

(i)     the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k)     a summary of the plan of reorganization or liquidation;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the ability to collect any accounts receivable;

(n)     any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood and possible success of nonbankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

See, e.g., In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); see also Oxford Homes, 204 B.R. at 269 (using similar list). This list is not meant to be comprehensive nor must the disclosure statement provide all the information on the list. Rather, the bankruptcy court must decide what is appropriate in each case. See Ferretti, 128 B.R. at 18-19 (adopting similar list); see also Phoenix Petroleum, 278 B.R. at 393 (making use of similar list but cautioning that "no one list of categories will apply in every case").

14.     The Plan Proponents submit that the Disclosure Statement contains information with respect to the applicable subject matter identified above, including, but not limited to, a discussion of:

(a)     an overview of the Plan;

      (b)      an explanation of the available assets and their value;

      (c)      the operation of the Debtors' business;

      (d)      the indebtedness of the Debtors and information regarding Claims, Administrative Expenses and Executory Contracts, and proposed treatment thereof under the Plan;

      (e)      a disclaimer indicating that no statements or information concerning the Debtors or their assets are authorized, other than those set forth in the Disclosure Statement;

      (f)      key events leading to the commencement of the Debtors' Chapter 11 Cases;

      (g)      certain events that occurred in the Chapter 11 Cases;

      (h)      the Debtors' marketing process and the Sale Transaction;

      (i)      a liquidation analysis under chapter 7;

      (j)      risk factors affecting the Plan;

      (k)      requirements for confirmation of the Plan; and

      (l)      any tax consequences of the Plan.

15.      In addition to the types of information that bankruptcy courts typically examine, the Disclosure Statement provides an analysis of the alternatives to confirmation and consummation of the Plan.

16.      Accordingly, the Plan Proponents submit that the Disclosure Statement contains all or substantially all information typically considered by bankruptcy courts and respectfully requests that the Court approve the Disclosure Statement as having adequate information and meeting the requirements of section 1125 of the Bankruptcy Code.

## II.     The Solicitation and Balloting Procedures

17.      In connection with the Disclosure Statement and Plan, the Plan Proponents propose to implement the following solicitation and balloting procedures. In connection with implementing these procedures, the Plan Proponents will use Donlin Recano & Company, Inc.

(the "**Voting Agent**") as the claims, solicitation, and balloting agent.

### A.     Bar Dates and Voting Record Date

18.    On May 3, 2010, the Debtors filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs with the Court.

19.    On June 10, 2010, the Court entered an order establishing (i) **July 30, 2010 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for any party-in-interest other than Governmental Units (as defined by section 101(27) of the Bankruptcy Code) and certain other limited exceptions to file a proof of claim (the "**Bar Date**") and (ii) **September 28, 2010 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for any Governmental Units to file a proof of claim (the "**Governmental Bar Date**" and together with the Bar Date, the "**Bar Dates**"). The Bar Dates do not apply to administrative claims under section 503 of the Bankruptcy Code, except for claims arising under section 503(b)(9) of the Bankruptcy Code.

20.    As set forth below, the Plan Proponents propose to set the Record Date for voting on the Plan to be a date that is five (5) calendar days prior to the Disclosure Statement Hearing (the "**Voting Record Date**").

### B.     Parties Entitled to Vote

21.    Based upon the Debtors' Schedules, the proofs of claim filed in these Chapter 11 Cases, and the provisions of the Plan, the Plan Proponents propose the Creditors and Interest holders in the Classes set forth in the tables below may vote unless –

(a)    as of the Record Date, the outstanding amount of such Claim or Interest is not greater than zero ($0.00);

(b)    as of the Record Date, such Claim or Interest has been disallowed, expunged, disqualified, or suspended; or

(c)    unless otherwise provided herein, such Claim or Interest is subject to an objection or request for estimation that has been filed by the date set by this Court (the "**Claim Objection Deadline**").

(collectively, the "**Voting Classes**"). For plan classification and distribution purposes only, the Plan contemplates the substantive consolidation of the Debtors and, accordingly, classifies the Voting Classes of each of the Debtors together as follows:

| Class | Designation |
|---|---|
| Class 5 | General Unsecured Claims |
| Class 6 | Subordinated Claims |
| Class 7 | Existing Equity Interests |

Holders of Claims and Interests in Classes 6 and 7 are provisionally entitled to vote to accept or reject the Plan.

22. Creditors that are not scheduled in the Debtors' Schedules or those that did not timely file a proof of claim by the Bar Dates shall not be entitled to vote.

23. The holders of Priority Non-Tax Claims (Class 1), Factoring Agreement Claims (Class 2), RKF Loan Claims (Class 3), and Other Secured Claims (Class 4) are Unimpaired by the Plan, are conclusively presumed to have accepted the Plan, and are not entitled to vote to accept or reject the Plan. Holders of Claims in Class 1, Class 2, Class 3 and Class 4 shall be referred to herein, collectively, as the "**Non-Voting Classes**".

C. **Temporary Allowance of Claims**

24. Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow a claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The Plan Proponents submit the following procedures provide for a fair and equitable voting process. Notwithstanding the foregoing, a party who seeks to have its Claim or Interest estimated may do so as set out further below.

25. For voting purposes, the Plan Proponents propose that each Claim or Interest held by a Voting Creditor be temporarily allowed for voting purposes only in an amount equal to the amount of such Claim or Interest set forth in the Schedules subject to the following exceptions

NYC/558378.3

(unless expressly waived by the Creditors' Committee):

    (a)    If a Claim or Interest is deemed allowed under the Plan, such Claim or Interest is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

    (b)    If a proof of claim was timely filed in an amount that is liquidated, non-contingent, and undisputed, such Claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is Disputed as set forth in subparagraph (g) below;

    (c)    If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, disputed, unknown, or undetermined, such Claim is accorded one vote and valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (g) below;

    (d)    If a Claim or Interest has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

    (e)    If a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (a) filed by the Bar Dates for the filing of proofs of claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, the Plan Proponents propose that such Claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

    (f)    If a Claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (g) below;

    (g)    If a party-in-interest has filed an objection or request for estimation as to a Claim or Interest by the Claim Objection Deadline, such Claim is temporarily disallowed (to the extent provided in the objection or request) for voting purposes only but not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline; and

    (h)    Unless temporarily allowed for voting purposes by the Court, if a proof of claim asserts a Claim that is not in U.S. dollars, such Claim will be treated as unliquidated and allowed for voting purposes only in the amount of $1.00.

NYC/558378.3

26.     If any Creditor or Interest holder seeks to challenge the allowance of its Claim or Interest for voting purposes, the Plan Proponents propose that the Creditor file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim or Interest for voting purposes in a different amount on or before the Voting Estimation Deadline.  Upon the filing of any such motion, the Plan Proponents propose that the Creditor's Ballot should not be counted unless temporarily allowed by an order of the Court entered prior to the Voting Deadline.

### D.     The Voting Record Date

27.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Bankruptcy Rule 3018(a) provides as follows:  "A plan may be accepted or rejected in accordance with § 1126 of the Code within the time fixed by the Court pursuant to Rule 3017."

28.     In accordance with these Bankruptcy Rules, the Plan Proponents request that in order to allow the Voting Agent to timely distribute solicitation packages, this Court set a date that is five (5) calendar days prior to the hearing scheduled to consider this Motion as the Voting Record Date for purposes of determining which Creditors are entitled to vote on the Plan. In addition, the Plan Proponents request that the Court establish the Record Date as the date for determining which Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

29.     The Plan Proponents believe that the Voting Record Date is appropriate and the

13

Debtors and Creditors' Committee will instruct those responsible for compiling ownership lists to prepare such lists as of the Voting Record Date. To facilitate the mailing and tabulation process, the Plan Proponents request that the Court order these parties to provide the Voting Agent an electronic file containing the names, addresses, and holdings of the respective holders as of the Voting Record Date as soon as practicable after the Voting Record Date.

E.     **Approving Solicitation Packages And Procedures For Distribution Thereof**

30.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)     the plan or a court-approved summary of the plan;
>
> (2)     the disclosure statement approved by the court;
>
> (3)     notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

31.     In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all Creditors in accordance with Bankruptcy Rule 2002(b), and a form of Ballot conforming to Official Bankruptcy Form No. 14 shall be mailed to Creditors entitled to vote on the Plan.[4]

_____
[4] Official Bankruptcy Form No. 14 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for

NYC/558378.3

32.     After the Court has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code, the Plan Proponents propose to mail or cause to be mailed, solicitation packages (the "**Solicitation Packages**") containing the information described below on or before the date set by the Court for such mailing (the "**Solicitation Date**") to all parties entitled to receive notice of the Confirmation Hearing in accordance with the Court's orders and/or Bankruptcy Rule 2002, including, among others, (a) the US Trustee, (b) the U.S. Internal Revenue Services, (c) The CIT Group/Commercial Services, Inc., (d) RKF, LLC, (e) any other party requesting service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (f) all Creditors listed on the Debtors' Schedules or having filed a proof of claim, and (i) all Interest holders.

33.     In accordance with Rule 3017(d), Solicitation Packages shall contain a copy of –

   (a)     the Confirmation Hearing Notice;

   (b)     a cover letter from the Creditors' Committee summarizing the Plan and setting forth the Debtors and Creditors' Committee's support thereof;

   (c)     to Voting Classes;

       (1)     the order approving the Disclosure Statement (without attachments);

       (2)     the Disclosure Statement, which shall include the Plan as an attachment; and

       (3)     a Ballot customized for such holder, in the form described below; and

   (d)     to Non-Voting Classes, a Notice of Non-Voting Status, in the form described below.

34.     Because of significantly reduced costs and environmental benefits, the Plan Proponents propose to send the Solicitation Packages to Voting Classes and Non-Voting Classes in a CD-ROM format instead of printed hard copies; provided, however, that notwithstanding

the United States Bankruptcy Courts.

NYC/558378.3

anything herein to the contrary, the cover letter from the Creditors' Committee and the Ballot shall be provided in printed hard copies to Creditors entitled to receive such documents. The Plan Proponents shall, however, provide printed hard copies to those Voting Classes that received a CD-ROM upon request.  In addition, the Plan Proponents will provide copies of the Disclosure Statement and Plan, at the expense of the Debtors' estate, to any party-in-interest who specifically requests such documents in the manner specified in the Disclosure Statement Notice and Bankruptcy Rule 3017(a).  Copies of the Disclosure Statement and Plan also are on file with the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York for review during normal business hours and available at the claims agent's website at www.donlinrecano.com/rr.

35.     Although the Plan Proponents have made, and will make, every effort to ensure that the Solicitation Packages described are in final form, the Plan Proponents nonetheless requests authority to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

36.     The Plan Proponents submit that they have shown good cause for implementing the proposed notice and service procedures.

**F.     Approving Forms Of Ballots**

37.     Bankruptcy Rule 3017(d) requires the Plan Proponents to mail a form of Ballot, which substantially conforms to Official Form No. 14, only to Creditors and Interest holders entitled to vote on the plan.  The Plan Proponents propose to distribute to certain Creditors and Interest holders, as described below, one or more Ballots substantially in the forms annexed to

the Disclosure Statement Order as **Exhibits 4, 5, and 6**, which are incorporated herein by reference. The forms for the Ballots are based on Official Form No. 14 but have been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Plan Proponents believe is relevant and appropriate for each Class of Claims or Interests entitled to vote.

38. To holders of General Unsecured Claims in Class 5, the Plan Proponents propose to send a Ballot (the "**General Unsecured Claims Ballot**") substantially in the form annexed to the Disclosure Statement Order as **Exhibit 4**.

39. To holders of Subordinated Claims in Class 6, the Plan Proponents propose to send a Ballot (the "**Subordinated Claims Ballot**") substantially in the form attached to the Disclosure Statement Order as **Exhibit 5**.

40. To holders of Existing Equity Interests in Class 7, the Plan Proponents propose to send a Ballot (the "**Existing Equity Interest Ballot**") substantially in the form attached to the Disclosure Statement Order as **Exhibit 6**.

41. For the Court's reference, the table below summarizes the type of Ballots the Plan Proponents generally anticipate sending to the Voting Classes:

| Class | Designation | Ballot |
|---|---|---|
| Class 5 | General Unsecured Claims | General Unsecured Claims Ballot |
| Class 6 | Subordinated Claims | Subordinated Claims Ballot |
| Class 7 | Existing Equity Interests | Existing Equity Interest Ballot |

**G.    Notice of Non-Voting Status**

42. Non-Voting Classes will be sent: (i) if presumed to accept the Plan, a notice of

non-voting status substantially in the form attached to the Disclosure Statement Order as **Exhibit 3** (the "**Notice of Non-Voting Status – Unimpaired Class**"); and (ii) if presumed to reject the Plan, a notice of non-voting status substantially in the form attached to the Disclosure Statement Order as **Exhibit 2** (the "**Notice of Non-Voting Status – Impaired Class**"). In each instance, the Notice of Non-Voting Status informs the recipient of their status as a non-voting Creditor.

### H. The Voting Deadline

43. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Plan Proponents anticipate completing substantially all mailing of the Solicitation Packages by the Solicitation Date. Based on such schedule, the Plan Proponents propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Voting Agent (i) by first-class mail, (ii) by overnight courier, or (iii) by hand delivery, so that it is actually received by the Voting Agent by no later than the Voting Deadline. The Plan Proponents submit that such solicitation period is a sufficient period within which Creditors and Interest holders can make an informed decision whether to accept or reject the Plan.

### I. Tabulation Procedures

44. In addition, the Plan Proponents request that the following procedures apply with respect to tabulating Ballots:

(a)     if a Creditor casts more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last properly completed and executed Ballot received before the Voting Deadline be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots.

(b)     the following Ballots shall not be counted:

(1)     any Ballot that is properly completed, executed, and timely returned to the Voting Agent, but (i) does not indicate either an

acceptance or rejection of the Plan or (ii) indicates both an acceptance and a rejection of the Plan;

(2)     in the absence of any extension of the Voting Deadline granted by the Plan Proponents, any Ballot received after the Voting Deadline;

(3)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(4)     any Ballot cast by a person or entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

(5)     any Ballots not bearing an original signature; or

(6)     any Ballot transmitted to the Voting Agent by facsimile, telecopy, other means of electronic transmission, or any means other than those expressly approved herein.

(c)     if a party that is entitled to vote has more than one Claim or Interest within the same Class against one or more of the Debtors based upon different transactions, the Plan Proponents propose that said party shall be entitled to one vote in the aggregate dollar amount of all of said Claims or Interests;

(d)     if a Creditor indicates a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the procedures set forth herein, such Claim shall be temporarily allowed for voting purposes in the lesser of the two said amounts; and

(e)     notwithstanding anything to the contrary contained herein, the Plan Proponents propose that any Creditor who has scheduled, filed or purchased (i) duplicate Claims (whether against the same or multiple Debtors) or (ii) Claims against multiple Debtors arising from the same transaction (*e.g.*, guarantee Claims or Claims for joint or several liability), be provided with only one Solicitation Package and one Ballot and be permitted to vote only a single Claim for numerosity purposes in a dollar amount based upon its Claim against one of the Debtors, regardless of whether any party-in-interest has objected to such duplicate Claims.

45.     With respect to transfers of Claims or Interests filed pursuant to Bankruptcy Rule 3001, the Plan Proponents propose that the holder of a Claim or Interest as of the Record Date shall be the transferor of such Claim and entitled to cast the Ballot with respect to that Claim or Interest unless the documentation evidencing such transfer was docketed by the Court on or

19

before **twenty-one (21) days** prior to the Record Date and no timely objection with respect to such transfer was filed by the transferor.

46.     To assist in the solicitation process, the Plan Proponents request that the Court (i) grant the Voting Agent the authority to, but not require Voting Agent to, contact parties that submit incomplete or otherwise deficient Ballots to cure such deficiencies and (ii) allow the Plan Proponents to waive such deficiencies in their discretion based on the facts and circumstances in each case.

### III.     The Confirmation Hearing

47.     Bankruptcy Rule 3017(c) provides that "on or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  In accordance with Bankruptcy Rules 2002(b) and 3017(c), and in view of the Plan Proponents' proposed solicitation schedule outlined herein, the Plan Proponents request that the Court fix a date for the Confirmation Hearing.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

48.     The proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Bankruptcy Rules and will enable the Plan Proponents to pursue confirmation of the Plan in a timely fashion.

### A.     Confirmation Hearing Notice

49.     Bankruptcy Rule 2002 requires not less than 28 days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider

confirmation of a chapter 11 plan. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

50.     In accordance with these Bankruptcy Rules, the Plan Proponents propose to include with each Solicitation Package a copy of the Confirmation Hearing Notice setting forth (i) the Voting Deadline, (ii) the Plan Objection Deadline and procedures for filing objections and responses to confirmation of the Plan, and (iii) the time, date, and place for the Confirmation Hearing.

51.     The foregoing procedures will generally provide parties-in-interest with more than 28 days' notice of the Plan Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

**B.     <u>Objection Procedures</u>**

52.     The Plan Proponents additionally request that the Court set the Plan Objection Deadline. The Plan Proponents request that objections and responses, if any, to confirmation of the Plan, must be in writing, must (a) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court in these Chapter 11 Cases, (b) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property, and (c) provide the basis for the objection and the specific grounds therefor.

53.     Registered users of the Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the Chambers of the Honorable Arthur J. Gonzalez), in accordance with General Order M-

242.

54.     Any objections or responses must also be served upon and received by the following parties (collectively, the "**Notice Parties**") no later seven (7) business days prior to the Confirmation Hearing:

| Office of the U.S. Trustee: | Counsel to the Debtors: |
|---|---|
| Office of the U.S. Trustee<br>for the Southern District of New York<br>33 Whitehall St., 21st floor<br>New York, NY 10004<br>Attn: Richard Morrissey<br>Telephone: (212) 510-0500<br>Facsimile: (212) 668-2256 | Todtman, Nachamie, Spizz & Johns, P.C.<br>425 Park Avenue<br>New York, New York 10022<br>Attn: Alex Spizz, Esq.<br>and Arthur Goldstein, Esq.<br>Telephone: (212) 754-9400<br>Facsimile: (212) 754-6262 |
| Counsel to the Creditors' Committee:<br><br>Arent Fox LLP<br>1675 Broadway<br>New York, New York 10019<br>Attn: Robert Hirsh, Esq.<br>and Jordana Renert, Esq.<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990 | Counsel to VF:<br><br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn: Joseph Smolinsky, Esq.<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |

55.     The proposed Plan Objection Deadline will provide (i) parties-in-interest with more than 28 days' notice of the Plan Objection Deadline, (ii) the Plan Proponents sufficient time to consider the objections and proposed modifications and file any replies, and (iii) the Court sufficient time to consider any such objections and replies before the Confirmation Hearing. The Plan Proponents request that it be authorized to file and serve any and all replies to objections by no later than two (2) business days prior to the Confirmation Hearing.

NYC/558378.3

**<u>Notice</u>**

56.     No trustee or examiner has been appointed in these Chapter 11 Cases.  The Plan Proponents will serve notice of this Motion, the deadline to interpose objections to the Motion, as well as the hearing to consider the Motion on all parties entitled to such notice in accordance with Bankruptcy Rule 2002 by no later than December 23, 2010.  The Plan Proponents submit that no other or further notice need be provided.

57.     No previous request for the relief sought herein has been made by the Plan Proponents to this or any other Court.

NYC/558378.3

WHEREFORE the Plan Proponents respectfully request entry of an order, substantially similar to the proposed form of order attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 20, 2010

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.

By    */s/ Alex Spizz*
     Alex Spizz, Esq.
     Arthur Goldstein, Esq.
     425 Park Avenue
     New York, New York 10022
     (212) 754-9400

    *Attorneys for the Debtors and Debtors in Possession*

ARENT FOX LLP

By    */s/ Robert M. Hirsh*
     Robert M. Hirsh, Esq.
     Jordana Renert, Esq.
     1675 Broadway
     New York, NY  10019-5874
     (212) 484-3900

    *Attorneys for the Official Committee of Unsecured Creditors*

WEIL, GOTSHAL & MANGES LLP

By    */s/ Joseph H. Smolinsky*
     Joseph H. Smolinsky, Esq.
     767 Fifth Avenue
     New York, New York 10153
     (212) 310-8000

    *Attorneys for VF Corporation*