# TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

MARTIN TODTMAN
BARTON NACHAMIE
ALEX SPIZZ
PETER A. JOHNS*
ROBERT D. TOLZ
ARTHUR GOLDSTEIN
PERRY L. COHEN
IVAN SERCHUK
PAUL RICHARD KARAN
JOSEPH P. CERVINI, JR.
JANICE B. GRUBIN

SENIOR COUNSEL
 STEPHEN D. OESTREICH

SPECIAL COUNSEL
 WESLEY CHEN

* ADMITTED IN PARIS ONLY
** ADMITTED IN ITALY ONLY

425 PARK AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 754-9400
FACSIMILE: (212) 754-6262
E-MAIL: info@tnsj-law.com

Sender's email:
aspizz@tnsj-law.com

9, RUE DU FAUBOURG SAINT-HONORÉ
75008 PARIS, FRANCE

VIA GIUSEPPE MAZZINI, 20
20123, MILANO, ITALY

COUNSEL
 FELIPE MONTEJO
 ROGER MARION
 JILL MAKOWER

OF COUNSEL
 HARVEY I. SLADKUS
 CARLO MACCALLINI**
 PASQUALE CRISPO
 SETH D. BADER

February 18, 2011

- Via ECF and By Hand -

Honorable Arthur J. Gonzalez
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    Rock & Republic Enterprises, Inc., et al.
              Chapter 11 Case No. 10-11728 (AJG)
              <u>Objection to Claim Nos. 23-1 and 24-1 of 144 Spring Realty LLC</u>

Dear Judge Gonzalez:

    The office of the undersigned represents Rock & Republic Enterprises, Inc. and Triple R, Inc. (collectively, the "Debtors"). This letter is being written pursuant to Local Bankruptcy Rule 7056-1 requesting a pre-motion conference for the purpose obtaining authorization to file a motion for summary judgment with respect to the Debtors' pending objection to claims of 144 Spring Realty LLC ("144 Spring").

    The Debtors believe that this Court's decision dated February 1, 2011 makes the Debtors' objection to claims ripe for summary judgment.

    For purposes of the motion for summary judgment the Debtors concede that there is no factual dispute as to the amount of 144 Spring's claim for "damages and professional fees and other landlord's work under the lease" and "damages for assistant construction management costs", which 144 Spring claims to be $115,413.06. The only issue with regard to these claims is a legal issue as to whether or not 144 Spring is entitled to costs incurred prior to the date of the July 18, 2008 Agreement entered into between the Debtor and 144 Spring.



263491v1

TODTMAN, NACHAMIE, SPIZZ & JOHNS, P. C.

With respect to the amount paid for real estate commissions, the issue again is a legal issue and not a factual issue as to whether or not the Debtors are responsible for payments made by 144 Spring under an exclusive brokerage agreement with Sinvin Realty LLC, when under the very terms of the agreement no real estate commission had been earned.

That leaves 144 Spring's claims for damages for the Debtors failure to build-out the interior portion of the premises that were never constructed and damages measured by "the excess of any of the agreed rent over the reasonable rental value of the premises as of the date of the breach". As to the build-out, the Debtors believe that this too is a legal issue and that the Debtors had no obligation to construct the build-out of the interior premises because a lease never came into existence and the premises were never built, both of which were a pre-condition under the agreement. As to the damages for the excess of agreed rent over the reasonable value, it is the Debtors' position that as a matter of law these damages are too speculative and unable to be calculated with any reasonable degree of certainty.

The Debtors believe that a motion for summary judgment can be determinative of the remaining issues in this case and would negate the need for a further 3 day trial as requested by 144 Spring's attorneys.

For the following reasons the Debtors request a conference seeking authorization to file a motion for summary judgment in connection with the pending objections to the claims of 144 Spring.

Respectfully yours,

Alex Spizz

AS:sn
cc: Robert Hirsh, Esq. (via email)
    Jordana Renert, Esq. (via email)
    Jonathan Bass, Esq. (via email)
    Gregg Ficks, Esq. (via email)

263491v1