TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for Rock & Republic Enterprises, Inc.
and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
 (212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

ARENT FOX LLP
Attorneys for the Official Committee of
Unsecured Creditors
1675 Broadway
New York, NY 10019-5874
(212) 484-3900
Robert M. Hirsh, Esq.
Jordana Renert, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                    Case No. 10-11728 (AJG)
et al.,                                               (Jointly Administered)
                                    Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPLICATION FOR ORDER PURSUANT TO SECTIONS 105(a) AND 503(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)
ESTABLISHING THE DEADLINE FOR FILING REQUESTS FOR PAYMENT
OF CERTAIN ADMINISTRATIVE EXPENSES AND PROCEDURES RELATING
THERETO AND APPROVING THE FORM AND MANNER OF NOTICE
THEREOF**

Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), the debtors and

debtors in possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie,

Spizz & Johns, P.C., and the Official Committee of Unsecured Creditors (the "Committee"), by

their counsel, Arent Fox LLP, respectfully submit this joint application (the "Application"),

pursuant to sections 105(a) and 503(a) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), for an order establishing a deadline for filing proofs of claim for certain administrative

expenses, approving procedures for filing such proofs of claim and approving the form, manner

and sufficiency of notice thereof.  In support of this Application, the Debtors and the Committee respectfully represent as follows:

## RELIEF REQUESTED

1.     By this Motion, the Debtors and the Committee request that, pursuant to sections 105(a) and 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), the Court enter an Order:

> (a)     Establishing the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim against the Debtors for administrative expenses arising between April 1, 2010 and March 29, 2011, the anticipated Effective Date (as defined in the Plan, as may amended from time to time) (an "Administrative Proof of Claim") on or before **May 16, 2011 at 5:00 p.m. (Eastern Time)**, or such other date as this Court directs, with respect to administrative expenses (the "Administrative Bar Date");

> (b)     Approving the proposed Administrative Proof of Claim form (the "Administrative Proof of Claim Form") attached as Annex "I" to the proposed order (the "Proposed Order") annexed hereto as **Exhibit "A"**;

> (c)     Approving the proposed procedures for filing Administrative Proofs of Claim; and

> (d)     Approving the proposed procedures for notice of the Administrative Bar Date, including, among other things, the form of notice substantially in the form attached as Annex "II" to the proposed Order (the "Administrative Bar Date Notice").

## INTRODUCTION

2.     On April 1, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in their cases (the "Chapter 11 Cases").

3.     The Debtors Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.     The Debtors have been authorized to remain in possession of their property and to continue in the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     The Committee has been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Cases. Arent Fox LLP has been retained as counsel to the Committee.

6.     On January 28, 2011, the Debtors, the Committee and VF Corporation filed the Amended Joint Consolidated Chapter 11 Plan for Rock & Republic Enterprises, Inc. and its Affiliated Debtor and Debtor in Possession (the "Plan") (Docket No. 671). A confirmation hearing on the Plan is scheduled for March 23, 2011 at 9:30 a.m. (the "Confirmation Hearing").

## JURISDICTION

7.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

8.     On June 10, 2010 this Court entered an order (the "Bar Date Order") (ECF No. 166) establishing (a) July 30, 2010 as the deadline for each person or entity, other than governmental units, and (b) September 28, 2010 as the deadline for governmental units, to file a proof of claim against the Debtors.

9.     Subject to limited exceptions outlined below, the Bar Date Order established deadlines with respect to only prepetition claims. The Bar Date Order specifically provides that, among other things, the creditors asserting claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense..." are not required to file a proof of claim by the deadlines specified therein. "Thus, no deadline currently exists for the assertion of claims for administrative expenses other than those claims under section 503(b)(9) of the Bankruptcy Code that are the subject of prior imposed deadlines under the Bar Date Order and other prior orders of this Court.

### Fixing The Administrative Bar Date At This Time Is Justified

10.     Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted

by the court for cause." 11 U.S.C. § 503(a). An inference can be drawn from section 503(a) that a deadline should be established for filing claims for administrative expenses to enable a debtor and its creditors to know which persons or entities are asserting administrative priority and what amounts are required to satisfy such claims. Significantly, the Bankruptcy Code requires payment of claims of administrative expenses in full, in cash, on the effective date of a chapter 11 plan unless the holder of such claim agrees to a different treatment. 11 U.S.C. § 1129(a)(9)(A). Furthermore, Bankruptcy Rule 3003(c) provides that the Court shall fix the time within which proofs of claim must be filed.

11. The circumstances of the Debtors' Chapter 11 Cases justify the setting of the Administrative Bar Date at this time. The Confirmation Hearing has been scheduled for March 23, 2011. The voting deadline was March 11, 2011 and 100% of the unsecured creditors who voted on the Plan have voted in favor of the Plan. As the Plan anticipates a significant distribution to unsecured creditors, it is critical to value the universe of administrative expenses with finality before making distributions to holders of general unsecured claims. Since it is in the best interest of all creditors that distributions be made as soon as possible after confirmation of the Plan, it is imperative that the Debtors, the Committee and the Liquidating Trust Administrator (as defined in the Plan) have a precise and early understanding of the administrative expenses that must be satisfied. Additionally, the Debtors believe they can achieve administrative cost savings if they are able to wind down the claims for the administrative expense reconciliation process in as timely a fashion as possible. If a deadline to file claims for administrative expenses is not established, these cases may be unnecessarily protracted and the Debtors, the Committee and the Liquidating Trust Administrator (as defined in the Plan) may be required to expend a considerable amount of funds and resources resolving such claims when their efforts would be better directed towards liquidating the Debtors' remaining assets and making distributions to holders of allowed claims.

**The Proposed Procedures For Filing Administrative Proofs of Claim**

12.    The Debtors and the Committee propose the following procedures for filing Administrative Proofs of Claim:

(a)    Administrative Proofs of Claim against the Debtors must (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the Administrative Proof of Claim Form, which can be obtained from the following website: www.donlinrecano.com/rockandrepublic, or by calling: (212) 481-1411; (iv) specify the Debtor against which the Administrative Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant, or, if the claimant is not an individual, by an authorized agent of the claimant.

(b)    Administrative Proofs of Claim shall be deemed timely filed only if **actually received** by the Debtors' Court-approved claims agent, Donlin Recano & Company, Inc. ("Donlin"), or by the Court, on or before the Administrative Bar Date, at the following address (whichever is applicable):

If by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
419 Park Avenue South, Suite 1206
New York, NY 10010

If by first class mail:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
P.O. Box 899 Madison Square Station
New York, NY 10010

OR

If by hand delivery:

Clerk's Office
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, NY 10004-1408

(c)    Administrative Proofs of Claim sent by facsimile, telecopy, or electronic transmission **will not** be accepted.

(d)     The following persons or entities are **not** required to file an Administrative Proof of Claim on or before the Administrative Bar Date with respect to the claims described below:

1.     Any person or entity that holds a claim for an administrative expense that has been allowed by an order of this Court entered on or before the Administrative Bar Date;

2.     Any holder of a claim for an administrative expense for which a separate deadline is fixed by this Court;

3.     Any person or entity whose claim for an administrative expense has been paid or otherwise satisfied in full by any of the Debtors;

4.     Any Debtor, or affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor, having a claim for administrative expense against another Debtor or any affiliate of another Debtor;

5.     Any person or entity who is a professional retained by any of the Debtors or the Committee;

6.     Any holder of a claim for an administrative expense who has already properly filed an Administrative Proof of Claim or request for payment of administrative expense with the Clerk of the Court or Donlin Recano against any of the Debtors; and

7.     Any holder of a claim for an administrative expenses that will be deemed allowed pursuant to the express terms of the Plan.

### Consequences of Failure To File An Administrative Proof of Claim

13.     The Debtors and the Committee request that any holder of a claim for an administrative expense that is required to file an Administrative Proof of Claim in the form and manner specified herein, but fails to do so on or before the Administrative Bar Date, shall be forever barred, estopped, and enjoined from asserting such claim against each of the Debtors and their property (or filing any proof of claim with respect thereto), and each of the Debtors and their respective Chapter 11 estates, successors, and property shall be forever discharged from any all indebtedness or liability with respect to such claim.

### The Proposed Procedures For Serving Notice of The Administrative Bar Date

14.     Pursuant to Bankruptcy Rules 2002(a)(7) and (l), the Debtors and the Committee propose to provide notice of the Administrative Bar Date in accordance with the following procedures:

(a) By no later than April 1, 2011, the Debtors shall cause to be mailed an Administrative Bar Date Notice to all parties in interest that received a confirmation hearing notice, as provided in the order approving the disclosure statement for the Plan;

(b) Additionally by no later than April 1, 2011, the Debtors shall cause to be mailed an Administrative Bar Date Notice to the following parties (the "Notice Parties"):

1. The United States Trustee for the Southern District of New York (the "U.S. Trustee");

2. Counsel to the Committee;

3. All parties known to the Debtors as having a claim for an administrative expense against any of the Debtors' estates;

4. All counterparties to any of the Debtors' executory contracts and unexpired leases that have not been assumed by the Debtors;

5. The United States Department of Treasury, the United States Attorney's Office for the Southern District of New York, and all applicable governmental entities; and

6. All parties who have requested notice pursuant to Bankruptcy Rule 2002;

(c) The Debtors shall post the Administrative Proof of Claim Form and Administrative Bar Date Notice on the website established by Donlin for the Debtors' cases: www.donlinrecano.com/rockandrepublic.

15. The Debtors and the Committee believe that it is appropriate to supplement notice of the Administrative Bar Date by providing notice by publication consistent with Bankruptcy Rule 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."). Such publication notice is appropriate for (i) those holders of a claim for an administrative expense to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known holders of a claim for an administrative expense with addresses unknown by the Debtors; and (iii) claimants with potential claims for an administrative expense unknown by the Debtors. Accordingly, the Debtors propose to publish notice of the Administrative Bar Date once in the national edition of The New York Times at least 21 days prior to the Administrative Bar Date.

## The Administrative Bar Date Notice

16. The proposed Administrative Bar Date Notice substantially conforms to the form annexed to the Second Amended Procedural Guidelines for Filing Requests for Bar Orders, established by the Board of Judges for the Southern District of New York on November 24, 2009 (M-386) (the "Procedural Guidelines").[1] The Administrative Bar Date Notice notifies parties of:

(a)    The Administrative Bar Date;

(b)    Who must file an Administrative Proof of Claim;

(c)    The procedure for filing an Administrative Proof of Claim;

(d)    The direct website where an Administrative Proof of Claim Form may be obtained and instructions on how an Administrative Proof of Claim Form should be completed, as well as the telephone number to dial to obtain a hard copy of the same;

(e)    The consequences for failing to timely file an Administrative Proof of Claim; and

(f)    Where parties can find further information.

## The Notice Procedures Are Reasonably Calculated To Provide Due And Proper Notice

17. Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one (21) days notice of a deadline to file proofs of claim. Bankruptcy Rule 2002(p)(2) requires thirty (30) days notice to creditors with a foreign address. Additionally, the Procedural Guidelines provide that, in most cases, creditors should have at least thirty-five days notice of a deadline to file proofs of claim.

18. Assuming the Proposed Order is entered on March 23, 2011, Donlin will have nine (9) days after that date, or until April 1, 2011, to complete the mailing of the Administrative Bar Date Notices. As such, Donlin's mailing would be completed over forty-five (45) days prior

---

[1] While the Procedural Guidelines, by their terms, need not be complied with in requesting a deadline for filing administrative claims, the Debtors have attempted to incorporate aspects of the Procedural Guidelines wherever sensible.

to the May 16, 2011 proposed Administrative Bar Date, which provides a longer notice period than is required under the Bankruptcy Code, Bankruptcy Rules, or Procedural Guidelines. Accordingly, the Debtors and the Committee submit that the proposed Administrative Bar Date and notice procedures provide sufficient time for all parties in interest, including foreign holders of a claim for administrative expenses to assert their claims for administrative expenses. Further, because the proposed procedures will provide notice to (a) the large universe of parties in interest that were eligible to vote on the plan, (b) known parties in interest to the extent they would not otherwise receive notice, and (c) any unknown parties in interest by publication, the Debtors and the Committee submit that the proposed notice procedures are reasonably calculated to provide notice to all parties, or their counsel, that may wish to assert a claim for administrative expenses in these Chapter 11 cases.

19.     Accordingly, the Debtors and the Committee submit that no further or other notice of the Administrative Bar Date is necessary and that the proposed notice procedures provide due and proper notice of the Administrative Bar Date.

**Objections To Claims And Reservation of Rights**

20.     The Debtors (on behalf of themselves and, after the Effective Date, the Liquidation Trust Administrator) reserve all rights and defenses with respect to any Administrative Proof of Claim. Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Administrative Bar Date must file proofs of claim against the Debtors or be forever barred from doing so.

21.     Based on the foregoing, the Debtors and the Committee submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

22.     No previous request for the relief sought herein has been made by the Debtors or the Committee to this or any other Court.

WHEREFORE, the Debtors and the Committee respectfully request that the Court grant the relief requested herein and such other and further relief as is just and appropriate.

Dated: New York, New York
      March 18, 2011

                                        TODTMAN, NACHAMIE, SPIZZ
                                        & JOHNS, P.C.
                                        Attorneys for the Debtors and
                                        Debtors in Possession

                                        By:  s/ Arthur Goldstein                   
                                                Arthur Goldstein, Esq.
                                                425 Park Avenue
                                                New York, New York 10022
                                                (212) 754-9400

Dated: New York, New York
      March 18, 2011

                                          ARENT FOX LLP
                                        Attorneys for the Official Committee of
                                        Unsecured Creditors

                                        By:  s/ Robert M. Hirsh                
                                                Robert M. Hirsh, Esq.
                                                Jordana Renert, Esq.
                                              1675 Broadway
                                                New York, New York 10019
                                                (212) 484-3900

**EXHIBIT "A"**

TODTMAN, NACHAMIE, SPIZZ
  & JOHNS, P.C.
Attorneys for Rock & Republic Enterprises, Inc.
and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
 (212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

ARENT FOX LLP
Attorneys for the Official Committee of
Unsecured Creditors
1675 Broadway
New York, NY 10019-5874
(212) 484-3900
Robert M. Hirsh, Esq.
Jordana Renert, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:

ROCK & REPUBLIC ENTERPRISES, INC.,
et al.,

                             Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Chapter 11

Case No. 10-11728 (AJG)
(Jointly Administered)

### ORDER PURSUANT TO SECTION 503(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING REQUESTS FOR PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSES AND PROCEDURES RELATING THERETO AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the joint motion, dated March 16, 2011 (the "Motion"),[1] of Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc., the debtors and debtors in possession herein (collectively, the "Debtors"), by their counsel, Todtman, Nachamie, Spizz & Johns, P.C. and the Official Committee of Unsecured Creditors ("Committee"), by their counsel, Arent Fox LLP, for entry of an order pursuant to section 503(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) to (a) establish the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim against the Debtors arising between April 1, 2010 and the anticipated Effective Date of March 29, 2011 for administrative expenses (an "Administrative Proof of Claim") **on or before May 16, 2011 at 5:00 p.m. (Eastern Time)**, or such other date as this Court directs, with respect to administrative expenses ("Administrative Bar Date"), and (b) approve the (i) proposed

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

264116v1

Administrative Proof of Claim form (the "Administrative Proof of Claim Form"), (ii) proposed procedures for filing Administrative Proofs of Claim, and (iii) proposed procedures for and the form of notice of the Administrative Bar Date (the "Notice Procedures"), all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the following procedures for filing Administrative Proofs of Claim are approved:

(a)    Administrative Proofs of Claim against either of the Debtors must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the Administrative Proof of Claim Form, which can be obtained from the following website: www.donlinrecano.com/rockandrepublic, or by calling: (212) 481-1411; (iv) specify the Debtor against which the Administrative Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why such documentation is not available; and (vii) be signed by the claimant, or, if the claimant is not an individual, by an authorized agent of the claimant.

(b)    Administrative Proofs of Claim shall be deemed timely filed only if **actually received** by the Debtors' Court-approved claims agent, Donlin Recano & Company, Inc. ("Donlin"), or by the Court, on or before the Administrative Bar Date, at the following address (whichever is applicable):

If by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
419 Park Avenue South, Suite 1206
New York, NY 10010

OR

If by first class mail:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
P.O. Box 899 Madison Square Station
New York, NY 10010

OR

If by hand delivery:

Clerk's Office
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, NY 10004-1408

(c)     Administrative Proofs of Claim sent by facsimile, telecopy, or electronic transmission **will** **not** be accepted.

(d)     The following persons or entities are **not** required to file an Administrative Proof of Claim on or before the Administrative Bar Date with respect to the claims described below:

1.     Any person or entity that holds a claim for an administrative expense that has been allowed by an order of this Court entered on or before the Administrative Bar Date;

2.     Any holder of a claim for an administrative expense for which a separate deadline is fixed by this Court;

3.     Any person or entity whose claim for an administrative expense has been paid or otherwise satisfied in full by any of the Debtors;

4.     Any Debtor, or affiliate (as defined in section 101(2) of the Bankruptcy Code) of any Debtor, having a claim for an administrative expense against another Debtor or any affiliate of another Debtor;

5.     Any person or entity who is a professional retained by any of the Debtors or the Creditors' Committee;

6.     Any holder of a claim for administrative expenses who has already properly filed an Administrative Proof of Claim with the Clerk of the Court or Donlin against any of the Debtors; and

7.     Any holder of a claim for an administrative expense that will be deemed allowed pursuant to the express terms of the Plan.

and it is further,

ORDERED that any holder of a claim for an administrative expense against either of the Debtors that is required but fails to file an Administrative Proof of Claim in accordance with this Administrative Bar Date Order on or before the Administrative Bar Date shall be forever barred, estopped and enjoined from asserting such claim for an administrative expense against each of the Debtors and their respective estates (or filing any proof claim with respect thereto); and each of the Debtors and their respective Chapter 11 estates, successors, and property shall be forever discharged from any and all indebtedness or liability with respect to such claims for administrative expenses; and it is further

ORDERED that the Administrative Proof of Claim Form, substantially in the form annexed hereto as **Annex I**, the proposed notice of the Administrative Bar Date, substantially in the form of annexed hereto as **Annex II** (the "Administrative Bar Date Notice"), and the proposed publication notice of the Administrative Bar Date, substantially in the form annexed hereto as **Annex III** (the "Publication Notice") are hereby approved; and it is further

ORDERED that the following Notice Procedures are hereby approved:

(a)     By no later than April 1, 2011, the Debtors shall cause to be mailed an Administrative Bar Date Notice to all parties in interest that received a confirmation hearing notice, as provided in the order approving the disclosure statement for the Plan;

(b)     By no later than April 1, 2011, the Debtors shall cause to be mailed an Administrative Bar Date Notice to the following parties (the "Notice Parties"):

1.     The United States Trustee for the Southern District of New York (the "U.S. Trustee");

2.     Counsel to the Committee;

3.     All parties known to the Debtors as having a claim for an administrative expense against any of the Debtors' estates;

4.     All counterparties to any of the Debtors' executory contracts and unexpired leases that have not been assumed by the Debtors;

5.     The United States Department of Treasury, the United States Attorney's Office for the Southern District of New York, and all applicable governmental entities; and

6.      All parties who have requested notice pursuant to Bankruptcy Rule 2002;

(c)      The Debtors shall post the Administrative Proof of Claim Form and Administrative Bar Date Notice on the website established by Donlin for the Debtors' cases: www.donlinrecano.com/rockandrepublic.

and it is further

ORDERED that the Debtors shall publish the Publication Notice once in the national edition of The New York Times on or before April 10, 2011; and it is further

ORDERED that the Debtors may, in their sole discretion, publish the Administrative Bar Date Notice in other newspapers, trade journals, or similar publications; and it is further

ORDERED that the Debtors and Donlin are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Administrative Bar Date Order; and it is further

ORDERED that notification of the relief granted by this Administrative Bar Date Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with claims for administrative expenses they may have against the Debtors in these Chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors and the Committee to seek further order of this Court fixing the date by which holders of claims **not** subject to the Administrative Bar Date established herein must file such claims against the Debtors or be forever barred from doing so; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      March \_\_\_\_\_, 2011

                            _____
                            UNITED STATES BANKRUPTCY JUDGE

# ANNEX I

## Administrative Proof of Claim Form

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | **ADMINISTRATIVE PROOF OF CLAIM** |
|---|---|

| Name of Debtor Against Which Administrative Claim is Held: | Case Number: |
|---|---|

<u>NAME AND ADDRESS OF CREDITOR</u> (the person or entity to whom the debtor owes money or property). If address is incorrect, please insert correct address.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone Number:

**This Space is For Court Use Only**

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim: ☐ replaces
☐ amends a previously filed claim, dated:_____

**1. BASIS FOR CLAIM:**

☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)

Last four digits of SS#:_____
Unpaid compensation for services performed
from_____ to _____
    (date)         (date)

| 2. DATE DEBT WAS INCURRED: | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

**4. TOTAL AMOUNT OF ADMINISTRATIVE EXPENSE CLAIM:** $_____

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. BRIEF DESCRIPTION OF ADMINISTRATIVE EXPENSE CLAIM (ATTACH ANY ADDITIONAL INFORMATION):**

**THIS SPACE IS FOR COURT USE ONLY**

6. CREDITS: All payments made on this claim have been credited and deducted for the purpose of making this proof of claim.

7. SUPPORTING DOCUMENTS: <u>Attach copies of supporting documents</u>, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. DATE-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date: | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|

*Penalty for presenting a fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

# INSTRUCTIONS FOR FILING ADMINISTRATIVE PROOF OF CLAIM

*The instructions and definitions below are general explanations of the law. In particular cases or circumstances, there may be exceptions to these general rules.*

## ——— DEFINITIONS ———

### Administrative Bar Date

The deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, governmental entities, and trusts) to file a proof of claim for certain administrative expenses against the Debtor is (i) on or before May 16, 2011 at 5:00 p.m. (Eastern Time), with respect to administrative expenses arising between April 1, 2010 and March 29, 2011.

### Administrative Expense Claims

The claims described in section 503 and 507 of title 11 of the United States Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; and (v) compensation for services rendered by an indenture trustee.

### Administrative Proof of Claim

A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the Debtor owes an Administrative Expense Creditor for Administrative Expense Claims.

### Debtors

The Debtors in these cases are (i) Rock & Republic Enterprises, Inc. (Case No. 10-11728), and (ii) Triple R, Inc. (Case No. 10-11729).

## ITEMS TO BE COMPLETED IN ADMINISTRATIVE PROOF OF CLAIM FORM

**NAME OF DEBTOR AND CASE NUMBER:**

Provide the name of applicable Debtor and its corresponding case number.

**INFORMATION ABOUT ADMINISTRATIVE EXPENSE CREDITOR:**

Complete the section giving the name, address and telephone number of the Administrative Expense Creditor to whom the Debtor owes money or property, and the Debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, of if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. BASIS FOR ADMINISTRATIVE EXPENSE CLAIM:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the Debtors, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. DATE DEBT INCURRED:**

Fill in the date when the debt first was owed by the Debtor.

**3. COURT JUDGMENTS:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. TOTAL AMOUNT OF ADMINISTRATIVE EXPENSE CLAIM:**

Fill in the amount of the entire claim. If interest or other charges in addition to the principal amount of your claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. BRIEF DESCRIPTION OF ADMINISTRATIVE EXPENSE CLAIM**

**6. CREDITS:**

By signing this Administrative Proof of Claim, you are stating under oath that in calculating the amount of your Administrative Expense Claim you have given the Debtor credit for all payments received from the Debtor.

**7. SUPPORTING DOCUMENTS:**

You must attach to this proof of claim form copies of documents that show the Debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

---

All Administrative Proofs of Claim must be <u>received on or before the Administrative Bar Date</u>, at the following address (whichever is applicable):

If Proof of Claim is sent by Hand Delivery, deliver to:
Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al., Claims Processing
419 Park Avenue South, Suite 1206
New York, NY 10016

or

United States Bankruptcy Court
Southern District of New York
Re: Rock & Republic Enterprises, Inc., et al., Claims Processing
One Bowling Green, Room 534
New York, NY 10004-1408

If Proof of Claim is sent by mail, send to:
Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al., Claims Processing
P.O. Box 899
Madison Square Station
New York, NY 10010

If Proof of Claim is sent by Overnight Courier, send to:
Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al., Claims Processing
419 Park Avenue South
Suite 1206
New York, NY 10016

Please be advised that Administrative Proofs of Claim may not be delivered by facsimile, telecopy transmission, or electronic mail transmission. Administrative Proofs of Claim shall be considered timely filed only if actually received by the Debtors' claims agent, Donlin, Recano & Company, Inc., or by the Court, on or before the Administrative Bar Date.

# ANNEX II

## Administrative Bar Date Notice

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for Rock & Republic Enterprises, Inc.
and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

ARENT FOX LLP
Attorneys for the Official Committee of
Unsecured Creditors
1675 Broadway
New York, NY 10019-5874
(212) 484-3900
Robert M. Hirsh, Esq.
Jordana Renert, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                               Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,          Case No. 10-11728 (AJG)
et al.,                                               (Jointly Administered)
                                    Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF ADMINISTRATIVE EXPENSE BAR DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM FOR ADMINISTRATIVE EXPENSES

TO ALL PERSONS AND ENTITIES ASSERTING ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE ESTATES OF ANY OF THE DEBTORS SET FORTH BELOW:

PLEASE TAKE NOTICE THAT on March _____, 2011, the Court entered an order establishing **May 16, 2011 at 5:00 p.m., prevailing Eastern Time** (the "Administrative Expense Bar Date"), as the last date and time for the filing of proofs of claim for administrative expenses against Rock & Republic Enterprises, Inc. ("Rock") (Case No. 10-11728 (AJG)) Triple R, Inc. ("Triple") (Case No. 10-11729 (AJG)) (Rock and Triple collectively, the "Debtors"). The Administrative Expense Bar Date and the procedures set forth below for the filing of proofs of claim apply to all administrative expense claims against the Debtors that arose between the Commencement Date April 1, 2010 and March 29, 2011 the anticipated Effective Date of the Plan, (the "Administrative Expense Period").

1.      WHO MUST FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM

You **MUST** file an administrative expense proof of claim if you believe that you are entitled to an administrative expense claim that arose during the Administrative Expense Period, and such claim is not one of the types described in section 2 below.

Administrative expense claims are specifically described in sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estates, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain officers; (iv)

the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; and (v) compensation for services rendered by an indenture trustee. All entities asserting administrative expense claims against more than one Debtor are required to file a separate request for payment of an Administrative Expense with respect to each such Debtor.

2. WHO SHOULD <u>NOT</u> FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM

You should <u>not</u> file a proof of claim if:

A. Your administrative expense claim has been previously allowed by an order or orders of this Bankruptcy Court;

B. You hold a claim for administrative expenses for which a separate deadline is fixed by this Court;

C. You have already properly filed an Administrative Expense Proof of Claim;

D. Your claim for administrative expenses has been paid or otherwise satisfied in full by any of the Debtors;

E. You are a person or entity who is a professional retained by the Debtors or the Official Committee of Unsecured Creditors pursuant to section 105, 327, 328, 363, or 1103 of the Bankruptcy Code.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without your filing an Administrative Expense Proof of Claim. Any other person or entity must file an Administrative Proof of Claim, as described, herein on or before May 16, 2011.

3. WHEN AND WHERE TO FILE

Except as provided for herein, administrative expense proofs of claim must be filed so as to be **received on or before May 16, 2011 at 5:00 p.m., prevailing Eastern Time**, to one of the following address:

If by hand delivery or overnight courier:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
419 Park Avenue South, Suite 1206
New York, NY 10010

If by first class mail:

Donlin, Recano & Company, Inc.
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
P.O. Box 899 Madison Square Station
New York, NY 10010

OR

If by hand delivery:

Clerk's Office
Re: Rock & Republic Enterprises, Inc., et al. Claims Processing
United States Bankruptcy Court, SDNY
One Bowling Green
Room 534
New York, NY 10004-1408

Note that administrative expense proofs of claim will be deemed timely filed only if **actually** **received** by Donlin, Recano & Company, Inc. or the Court on or before the Administrative Expense Bar Date. Administrative expense proofs of claim may not be delivered by facsimile, telecopy, or electronic transmission.

4.    WHAT TO FILE

If you file an administrative expense proof of claim, your filed administrative expense proof of claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; and (iii) conform substantially with the administrative expense proof of claim form annexed hereto. You may also obtain an administrative expense proof of claim at the following website www.donlinrecano.com/rockandrepublic.

If you assert administrative expense claims against more than one of the Debtors, you must file a separate administrative expense proof of claim for each Debtor and (i) set forth with specificity the legal and factual basis for the alleged claim for administrative expenses, (ii) include supporting documentation or any explanation as to why such documentation is not available, and (iii) be signed by the claimant, or if the claimant is not an individual, by an authorized agent of the claimant. You should not include administrative expense claims against more than one Debtor on a single administrative expense proof of claim.

You should attach to your completed administrative expense proof of claim form copies of any writings upon which such administrative expense claim is based. If the documents are voluminous, you should attach a summary.

EXCEPT WITH RESPECT TO ADMINISTRATIVE EXPENSE CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, ANY CREDITOR WHO FAILS TO FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM **ON OR BEFORE MAY 16, 2011**, FOR ANY ADMINISTRATIVE EXPENSE CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIM (OR FILING AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE CLAIM) AGAINST THE DEBTORS, THE LIQUIDATING TRUST (AS SUCH TERM IS DEFINED IN THE PLAN) AND EACH OF THEIR RESPECTIVE PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE CLAIM.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM.**

Dated:  New York, New York
        March _____, 2011

                                     TODTMAN, NACHAMIE, SPIZZ
                                     & JOHNS, P.C.
                                     Attorneys for the Debtors and
                                     Debtors in Possession

                                     By:_____
                                         Arthur Goldstein, Esq.
                                         425 Park Avenue
                                         New York, New York 10022
                                         (212) 754-9400

Dated: New York, New York
        March _____, 2011

                                     ARENT FOX LLP
                                     Attorneys for the Official Committee of
                                     Unsecured Creditors

                                     By:_____
                                         Robert M. Hirsh, Esq.
                                         Jordana Renert, Esq.
                                         1675 Broadway
                                         New York, New York 10019
                                         (212) 484-3900

**ANNEX III**

**PUBLICATION NOTICE**

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for Rock & Republic Enterprises, Inc.
and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

ARENT FOX LLP
Attorneys for the Official Committee of
Unsecured Creditors
1675 Broadway
New York, NY 10019-5874
(212) 484-3900
Robert M. Hirsh, Esq.
Jordana Renert, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                                    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,          Case No. 10-11728 (AJG)
et al.,                                                   (Jointly Administered)
                                    Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
## FOR ADMINISTRATIVE EXPENSES ON OR BEFORE MAY 16, 2011

TO ALL PERSONS AND ENTITIES ASSERTING ADMINISTRATIVE EXPENSE CLAIMS
AGAINST THE ESTATES OF ANY OF THE DEBTORS SET FORTH BELOW:

The United States Bankruptcy Court for the Southern District of New York has entered
an order establishing **May 16, 2011 at 5:00 p.m., prevailing Eastern Time** (the "Administrative
Expense Bar Date"), as the last date for the filing of proofs of claim for administrative expenses
against Rock & Republic Enterprises, Inc. ("Rock") (Case No. 10-11728 (AJG)) and Triple R,
Inc. ("Triple") (Case No. 10-11729 (AJG)) (Rock and Triple collectively the "Debtors").

The Administrative Expense Bar Date and the procedures set forth below for filing of
proofs of claim apply to all administrative expense claims against the Debtors that arose
between April 1, 2010 and March 29, 2011 the Effective Date of the Plan, (the "Administrative
Expense Period").

1.     WHO MUST FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM

You **MUST** file an administrative expense proof of claim if you believe that you
are entitled to an administrative expense claim that arose during the Administrative Expense
Period, and such claim is not one of the types described in section 2 below.

Administrative expense claims are specifically described in sections 503 and 507
of the Bankruptcy Code.  Among other things, these sections provide that certain types of
claims are entitled  to administrative expense priority, including, without limitation: (i) the actual,
necessary costs and expenses of preserving the estates, including wages, salaries, or
commissions for services rendered after the commencement of the bankruptcy case; (ii) certain
taxes and penalties related thereto; (iii) compensation and reimbursement of certain officers; (iv)

the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; and (v) compensation for services rendered by an indenture trustee. All entities asserting administrative expense claims against more than one Debtor are required to file a separate request for payment of an Administrative Expense with respect to each such Debtor.

2.    WHO SHOULD <u>NOT</u> FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM

You should <u>not</u> file a proof of claim if:

A.    Your administrative expense claim has been previously allowed by an order or orders of this Bankruptcy Court;

B.    You hold a claim for administrative expenses for which a separate deadline is fixed by this Court;

C.    You have already properly filed an Administrative Expense Proof of Claim;

D.    Your claim for administrative expenses has been paid or otherwise satisfied in full by any of the Debtors;

E.    You are a person or entity who is a professional retained by the Debtors or the Official Committee of Unsecured Creditors pursuant to section 105, 327, 328, 363, or 1103 of the Bankruptcy Code.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without your filing an Administrative Expense Proof of Claim. Any other person or entity must file an Administrative Proof of Claim, as described, herein on or before May 16, 2011.

3.    WHEN AND WHERE TO FILE

Except as provided for herein, administrative expense proofs of claim must be filed so as to be **received on or before May 16, 2011 at 5:00 p.m., prevailing Eastern Time**, to one of the following address:

| **If by hand delivery or overnight courier:** | **If by first class mail:** |
|---|---|
| Donlin, Recano & Company, Inc. Re: Rock & Republic Enterprises, Inc., et al. Claims Processing 419 Park Avenue South, Suite 1206 New York, NY 10010 | Donlin, Recano & Company, Inc. Re: Rock & Republic Enterprises, Inc., et al. Claims Processing P.O. Box 899 Madison Square Station New York, NY 10010 |

| | |
|---|---|
| **OR**<br><br>**If by hand delivery:**<br><br>Clerk's Office<br>Re: Rock & Republic Enterprises, Inc., et al.<br>Claims Processing<br>United States Bankruptcy Court, SDNY<br>One Bowling Green<br>Room 534<br>New York, NY 10004-1408 | |

Note that administrative expense proofs of claim will be deemed timely filed only if **actually received** by Donlin, Recano & Company, Inc. or the Court on or before the Administrative Expense Bar Date. Administrative expense proofs of claim may not be delivered by facsimile, telecopy, or electronic transmission.

4.     WHAT TO FILE

If you file an administrative expense proof of claim, your filed administrative expense proof of claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; and (iii) conform substantially with the administrative expense proof of claim form, which may be obtained at the following website www.donlinrecano.com/rockandrepublic.

If you assert administrative expense claims against more than one of the Debtors, you must file a separate administrative expense proof of claim for each Debtor and (i) set forth with specificity the legal and factual basis for the alleged claim for administrative expenses, (ii) include supporting documentation or any explanation as to why such documentation is not available, and (iii) be signed by the claimant, or if the claimant is not an individual, by an authorized agent of the claimant. You should not include administrative expense claims against more than one Debtor on a single administrative expense proof of claim.

You should attach to your completed administrative expense proof of claim form copies of any writings upon which such administrative expense claim is based. If the documents are voluminous, you should attach a summary.

EXCEPT WITH RESPECT TO ADMINISTRATIVE EXPENSE CLAIMS OF THE TYPE SET FORTH IN SECTION 2 ABOVE, ANY CREDITOR WHO FAILS TO FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM **ON OR BEFORE MAY 16, 2011**, FOR ANY ADMINISTRATIVE EXPENSE CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIM (OR FILING AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE CLAIM) AGAINST THE DEBTORS, THE LIQUIDATING TRUST (AS SUCH TERM IS DEFINED IN THE PLAN) AND EACH OF THEIR RESPECTIVE PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE CLAIM.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE EXPENSE PROOF OF CLAIM.**

Dated:  New York, New York
        March _____, 2011

BY ORDER OF THE COURT

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for Rock & Republic Enterprises, Inc.
and Triple R, Inc.
Debtors and Debtors-in-Possession
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

ARENT FOX LLP
Attorneys for the Official Committee of
Unsecured Creditors
1675 Broadway
New York, NY 10019-5874
(212) 484-3900
Robert M. Hirsh, Esq.
Jordana Renert, Esq.