UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                                                    Chapter 11

ROCK & REPUBLIC ENTERPRISES, INC.,                       Case No. 10-11728 (AJG)
et al.,                                                  (Jointly Administered)

                   Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND AGREED ORDER SETTLING ADMINISTRATIVE CLAIM OF GR ACQUISITION, LLC (Claim No. 70000)

This Stipulation and Agreed Order (the "Stipulation") is made as of April 7, 2011 by and between (i) David K. Gottlieb, Esq., the Liquidating Trust Administrator appointed in the Chapter 11 cases of the above-captioned debtors, Rock & Republic Enterprises, Inc. ("R&R") and Triple R, Inc. ("TR"), and (ii) GR Acquisition, LLC ("GR"), as set forth below:

**WHEREAS**, on April 1, 2010 (the "Filing Date"), R&R and TR (the "Debtors") each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and

**WHEREAS**, on July 21, 2010, GR filed an administrative claim against the Debtors in the amount of $550,000, docketed as Claim No. 70000 (the "Claim"); and

**WHEREAS**, on or about February 17, 2011, the Debtors filed an objection (the "Objection") to the Claim, and a hearing on the Claim was scheduled for March 23, 2011 and subsequently adjourned to April 6, 2011 at 9:30 A.M.; and

**WHEREAS**, on March 23, 2011, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Amended Joint Consolidated Joint Chapter 11 Plan for Rock & Republic Enterprises, Inc. and Triple R, Inc. (the "Plan"), proposed jointly by the

Debtors, the Official Committee of Unsecured Creditors, and VF Corporation dated January 28, 2011; and

**WHEREAS**, the Plan established a Liquidating Trust and provided that on the Effective Date, the Debtors shall assign and transfer absolutely and unconditionally to the Liquidating Trust all of their assets (other than the Purchased Assets and the portion of the Sale Consideration remaining with the Debtors pursuant to the Sale Consideration Allocation); and

**WHEREAS**, the Effective Date[1] of the Plan occurred on March 30, 2011; and

**WHEREAS**, assets of the Debtors were transferred to the Liquidating Trust in accordance with the Plan; and

**WHEREAS**, David K. Gottlieb was appointed as the Liquidating Trust Administrator ("LTA") in the Debtors' Chapter 11 cases; and

**WHEREAS**, pursuant to section 5.3(c) of the Plan, on the Effective Date, the LTA has the powers of an officer of the Post-Effective Date Debtors; and

**WHEREAS**, pursuant to section 7.4 of the Plan, on and after the Effective Date, and subject to the terms of the Liquidating Trust Agreement approved by the Bankruptcy Court, the LTA has the authority to "compromise, settle, otherwise resolve, or withdraw any objections to Claims and to compromise, settle, or otherwise resolve any Disputed Claims without approval of the Bankruptcy Court"; and

**WHEREAS**, the LTA and GR, through counsel, had discussions concerning the Claim and agreed to settle the Claim, subject to Bankruptcy Court approval, as set forth herein.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**NOW**, **THEREFORE**, **IT IS HEREBY STIPULATED AND AGREED** by and between the LTA and GR as follows:

1.      This Stipulation shall not be enforceable against or binding upon any party hereto until it is approved and so ordered by the Bankruptcy Court.  In the event that the Bankruptcy Court declines to approve this Stipulation, all claims and rights of the parties hereto are reserved and nothing contained herein shall be deemed a waiver or admission by any party.

2.      Upon entry of a final non-appealable order approving this Stipulation, the Claim shall be reduced to $20,000.00 and shall be allowed as an administrative claim in the amount of $20,000.00 (the "Allowed Claim").

3.      Upon entry of a final non-appealable order approving this Stipulation, GR and its subsidiaries and affiliates shall be deemed to have waived any claims, other than the Allowed Claim, which it ever had, now has or hereafter can, shall or may have against the Debtors or the Debtors' estates or the LTA for, upon, or by reason of this Stipulation or any matter, cause or thing whatsoever from the beginning of the world until the date of this Stipulation.

4.      Upon entry of a final non-appealable order approving this Stipulation, the Debtors and the LTA (solely in his capacity as LTA in this Chapter 11 case) shall be deemed to have waived any claims which they ever had, now have or hereafter can, shall or may have against GR and its subsidiaries and affiliates for, upon, or by reason of this Stipulation or any matter, cause or thing whatsoever from the beginning of the world until the date of this Stipulation.

5.      This Stipulation constitutes the entire agreement and understanding of the parties hereto and supersedes (a) any prior discussion or statement by and between the parties with respect to the subject matter hereof and (b) any prior discussion or statement by and between the Debtors' counsel and GR with respect to the subject matter hereof.

6.      This Stipulation shall be binding on and inure to the benefit of the parties hereto and their respective successors, assigns, representatives, heirs, executors, administrators, trustees and receivers, as the case may be.

7.      This Stipulation may not be waived, amended or modified orally or in any other way or manner except by a writing signed by the party to be bound, and such approval and authorization of the Bankruptcy Court as may be necessary and appropriate under the circumstances.

8.      Each party represents and warrants to the other that its execution, delivery and performance of this Stipulation is within the power and authority of such party and has been duly authorized by such party.

9.      This Stipulation may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument.

10.      The Bankruptcy Court shall retain exclusive jurisdiction over the parties for the purpose of enforcing the terms and provisions of this Stipulation against any person or entity that may violate its terms or refuse to act in accordance with its terms.

11.     The Bankruptcy Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation.

Dated: New York, New York
      April 7, 2011

TODTMAN, NACHAMIE, SPIZZ
& JOHNS, P.C.
Attorneys for David K. Gottlieb, as
 Liquidating Trust Administrator

By:    s/ Alex Spizz
    Alex Spizz, Esq.
    Arthur Goldstein, Esq.
    Jill Makower, Esq.
 425 Park Avenue
 New York, NY 10022
 Telephone:  (212) 754-9400
 Facsimile:   (212) 754-6262

Dated: New York, New York
      April 7, 2011

LAZARUS & LAZARUS, P.C.
Attorneys for GR Acquisition, LLC


By:    s/ Harlan M. Lazarus
    Harlan M. Lazarus, Esq.
240 Madison Avenue
New York, NY 10016
Telephone:  (212) 889-7400
Facsimile:   (212) 684-0314

SO ORDERED THIS 12th
DAY OF APRIL 2011

**s/Arthur J. Gonzalez**
Arthur J. Gonzalez
Chief United States Bankruptcy Judge