ARENT FOX LLP
Robert M. Hirsh
Michael Cryan
1675 Broadway
New York, New York 10019
(212) 484-3900

*Attorneys for the Rock & Republic Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re : Chapter 11
:
ROCK & REPUBLIC ENTERPRISES, *et al.*, : Case No. 10-11728 (AJG)
:
    Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**MOTION OF THE ROCK & REPUBLIC LIQUIDATING TRUST FOR AN ORDER STRIKING (I) DECLARATION OF ALAN MAZURSKY AND (II) QUETICO, LLC'S STATEMENT IN FURTHER OPPOSITION TO ROCK & REPUBLIC LIQUIDATING TRUST'S OBJECTION TO THE ALLEGED CLAIM FOR ADMINISTRATIVE EXPENSES OF QUETICO, LLC**

TO THE HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

    The Rock & Republic Liquidating Trust (the "Liquidating Trust"), through David K. Gottlieb, the duly appointed trustee of the Liquidating Trust (the "Liquidating Trust Administrator"), in the above-captioned cases, by and through its undersigned counsel, respectfully submits this motion (the "Motion") seeking entry of an order (i) striking *Declaration of Alan Mazursky in Opposition to Rock & Republic Liquidating Trust's Objection to the Administrative Claim of Quetico, LLC (Claim No. 286)*; [ECF No. 993] (the "Declaration") (ii) striking *Quetico, LLC's Statement in Further Opposition to Rock & Republic Liquidating Trust's*

*Objection to Administrative Claim of Quetico, LLC (Claim No. 286)* [ECF No. 992] (the "Brief"). In support of this Motion, the Liquidating Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1. At the hearing on the Objection[1] held before this Court on August 24, 2011, the Court directed Quetico to file a supplemental brief on the sole issue of whether Quetico meets the "actual" requirement under 11 U.S.C. § 503(b)(1)(A). Following the hearing, Quetico filed the Brief and Declaration that do not address the issue, and these documents therefore should be stricken in their entirety.

## JURISDICTION

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in these cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7012(f) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. The background necessary for the Court's consideration of the Motion is set forth, *inter alia*, in the *Rock & Republic Liquidating Trust's Objection to the Administrative Claim of Quetico, LLC (Claim No. 286)* [ECF No. 886] (the "Objection"). In the interest of brevity, the Liquidating Trust will not recite the relevant background.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Liquidating Trust's Objection [ECF No. 886] and Statement in Reply [ECF No. 964].

## RELIEF REQUESTED

4. By this Motion, the Liquidating Trust seeks entry of an order, pursuant to section 105(a)[2] of the Bankruptcy Code and Bankruptcy Rules 7012(f) and 9014, striking both the Declaration and Brief because these documents fail to address the sole issue identified by the Court for supplemental briefing by Quetico – whether Quetico meets the "actual" requirement under 11 U.S.C. § 503(b)(1)(A).

5. Contrary to the Court's express instruction to limit the supplemental brief to the "actual" issue, Quetico filed the Brief and Declaration[3] in support of their "<u>potential</u> indemnity obligations"[4] asserting two arguments: (i) Quetico provided benefit to the bankruptcy estates and (ii) postpetition contingent claims can be administrative expenses. Incidentally, *Reading Co. v. Brown*, 391 U.S. 471, 483 (1968) and its progeny – the holding of which is based on and limited to <u>actual</u> tort damages sustained by third parties as a result of a fire during operation of debtor's business – are clearly distinguishable from Quetico's "potential indemnity obligations".

6. Neither Quetico's Brief nor the Declaration, and none of the statements and arguments set forth in these documents, are relevant to the sole issue of whether Quetico meets the "actual" requirement under 11 U.S.C. § 503(b)(1)(A). Quetico's apparent attempt to set forth arguments that have no bearing on the issue is improper, and the documents should be stricken. *See, e.g.*, *In re WorldCom, Inc.*, Case No. 02-13533, 2007 WL 841948, at *9 (Bankr. S.D.N.Y. March 12, 2007) (granting Debtor's motion to strike a brief that was irrelevant).

---

[2] Section 105(a) provides that the Court may take "any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

[3] Notably, Quetico's assertions in the Declaration and the Brief that it was not aware of the Debtors' existing arrangements for the sale of goods in Canada are disingenuous – as is common in the apparel industry, such information was available to the public at all relevant times on Rock & Republic's website, www.rockandrepublic.com.

[4] *See* Quetico's Brief ¶ 2, 13 (emphasis added).

**NOTICE**

7. A copy of this Motion is being served upon the U.S. Trustee and all parties who have filed a notice of appearance. The Liquidating Trust Administrator submits that no other or further notice need be provided.

8. No previous motion for the relief sought has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Liquidating Trust seeks entry of an order (i) striking *Declaration of Alan Mazursky in Opposition to Rock & Republic Liquidating Trust's Objection to the Administrative Claim of Quetico, LLC (Claim No. 286)*; (ii) striking *Quetico, LLC's Statement in Further Opposition to Rock & Republic Liquidating Trust's Objection to Administrative Claim of Quetico, LLC (Claim No. 286)*; and (iii) granting further relief as is just and proper.

Dated: September 2, 2011
    New York, New York

        */s/ Robert M. Hirsh*
        Robert M. Hirsh
        Michael Cryan
        ARENT FOX LLP
        1675 Broadway
        New York, NY 10019-5874
        (212) 484-3900

        *Attorneys for the Rock & Republic Liquidating Trust*